DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
* * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 2:24-CR-00091-ODW |
| v. | ) |
| | ) |
| ALEXANDER SMIRNOV, | ) |
| | ) |
| Defendant, | ) |
| _____ | ) |

**DEFENDANT'S EMERGENCY *EX PARTE* MOTION FOR MEDICAL FURLOUGH FOR THE NEXT THIRTY DAYS PURSUANT TO 18 U.S.C. § 3142(i) OR IN THE ALTERNATIVE FOR AN ORDER REQURING THE UNITED STATES MARSHAL SERVICE TO TRANSPORT DEFENDANT FOR SURGERY AND POST-OPERATIVE CARE WITH DR. TANAKA IN SAN FRANCISCO, CALIFORNIA**

COMES NOW, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A.

1

SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD and hereby Submits his Emergency *Ex Parte* Motion for Medical Furlough for the Next 30 Days pursuant to the authority of 18 U.S.C. § 3142(i). Specifically, Defendant is seeking to be released on March 26, 2024, so that he can travel to San Francisco, California, for eye surgery on March 27, 2024, with H. George Tanaka, MD and to attend all medically required post-operative care through April 26, 2024. Alternatively, Defendant requests that this Honorable Court issue an Order requiring the United States Marshal Service to transport Defendant for surgery to take place on March 27, 2024, at 7:00am with Dr. Tanaka as well as for all post-operative appointments[1].

This Emergency *Ex Parte* Motion is made and based upon the attached Memorandum of Points and Authorities, Declaration of Counsel, the letter from

---

[1] On March 8, 2024, Counsel Chesnoff spoke to a United States Marshals' Office Los Angeles representative (named either R. Kith or R. Keith) who works in Detention Management. The following is a summary of the conversation, and it is to the best of counsel's recollection (and if there are any inaccuracies counsel will stand corrected). The representative of the USMS stated that it would not be within the Marshals' protocol to travel with a prisoner for six hours to San Francisco for surgery. He further stated that the process requires the Defendant to first notice the medical staff at the Santa Ana City jail of his medical problem issues. After that, a medical staff member will be assigned to evaluate Defendant's request for surgery and his underlying medical issues. That medical staff member in turn should make a recommendation to the national USMS medical center who in turn either denies the request for the surgery or directs the jail and the USMS to utilize a surgeon under contract to the jail for the procedure. As stated herein, it is respectfully submitted that this protocol will not address Defendant's serious eye issues in a timely manner and may result in irreparable harm. For that reason, that Defendant is seeking the alternative remedy of a Court Order directing the USMS to transport Defendant for the surgery and post-operative care with Dr. Tanaka.

Dr. Tanaka submitted herewith, and the curriculum vitae of Dr. Tanaka submitted herewith.

Undersigned counsel conferred with counsel for the government via email on March 8, 2024, but the parties could not resolve the issues. The government opposes this Motion.

This *Ex Parte* Motion is brought in light of the emergency medical issues related to Defendant's health, specifically Defendant's eyes and as further detailed in the attached letter from Dr. Tanaka. Undersigned counsel has also notified counsel for the government, via email, of the filing of this *Ex Parte* Motion.

Dated this 11th day of March, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  THE COURT SHOULD ORDER THAT DEFENDANT BE RELEASED ON MEDICAL FURLOUGH FOR THE NEXT THIRTY DAYS PURSUANT TO 18 U.S.C. § 3142(i) SO THAT DEFENDANT CAN TRAVEL TO SAN FRANCISCO, CALIFORNIA, FOR EYE SURGERY ON MARCH 27, 2024, WITH DR. TANAKA AND SO THAT DEFENDANT CAN OBTAIN ALL MEDICALLY REQUIRED POST-OPERATIVE CARE**

On February 26, 2024, at the Detention Hearing for Mr. Smirnov, counsel Chesnoff advised the Court of his concern related to Mr. Smirnov's glaucoma and the need for surgery. Notwithstanding the significant medical concern, Mr. Smirnov was Ordered detained and is now in the custody of the United States Marshals Service.

Attached hereto as Exhibit A is a letter from H. George Tanaka, MD, the physician responsible for treatment related to Mr. Smirnov's significant eye condition.

Attached hereto as Exhibit B is the curriculum vitae ("CV") for Dr. Tanaka. The CV reflects that Dr. Tanaka graduated from the Harvard Medical School, performed his internship at the Harvard Medical School, and did his Fellowship in Glaucoma Service at the Department of Ophthalmology Northwestern University.

Dr. Tanaka recites in his letter that Mr. Smirnov has a history of advanced open angle glaucoma in both eyes. Mr. Smirnov has undergone several surgeries to treat his glaucoma and prevent blindness; however, his intraocular pressure

continues to be poorly controlled despite maximal tolerated medical therapy. Mr. Smirnov has suffered severe optic nerve damage from glaucoma. In spite of multiple surgeries in both eyes Mr. Smirnov's intraocular pressure is under poor control, even with maximal tolerated medical therapy. Therefore, Mr. Smirnov requires additional glaucoma surgery to lower his intraocular pressure and prevent irreversible blindness from glaucoma.

Dr. Tanaka has scheduled Mr. Smirnoff to have glaucoma surgery in his right eye on March 27, 2024, at Eye Surgery Center of San Francisco, San Francisco, California, located at 1160 Post Street, San Francisco, California. The surgery will be performed at 7:00 AM and he will be required to report to this facility at 6:00 AM for pre-operative registration and preparation. This surgery is an outpatient procedure done under local anesthesia and does not require an overnight hospital stay. As this surgery entails some risks (surgical failure, infection, bleeding, need for re-operation, loss of vision), Mr. Smirnov will require weekly post-operative visits after his surgery to monitor his healing and manage any potential post-operative complications. In addition, Mr. Smirnov requires daily application of glaucoma eyedrop medication to control his intraocular pressure until he undergoes his surgery on March 27, 2024.

He will also require daily application of post-operative eyedrop medications to prevent infection and encourage proper healing of his operated eye.

### i. **IRREPARABLE HARM**

Undersigned counsel does not take the submission of this *Ex Parte* Motion lightly. Due to the time sensitive nature of the request (given that surgery is scheduled for 16 days from now), and in light in Defendant's medical condition, and the need for surgery to lower his intraocular pressure and prevent irreversible blindness from glaucoma, it is respectfully submitted that emergency ex-parte relief is warranted under the circumstances. It is respectfully submitted that the threat of irreparable harm (i.e. blindness/loss of eyesight) is not speculative. As detailed in Dr. Tanaka's letter:

> Mr. Smirnoff [has] a history of advanced open angle glaucoma in both eyes. Mr. Smirnov has undergone several surgeries to treat his glaucoma and prevent blindness; however, his intraocular pressure continues to be poorly controlled despite maximal tolerated medical therapy. Mr. Smirnoff has suffered severe optic nerve damage from glaucoma and as a result has marked constriction of his peripheral vision in both eyes. (see enclosed visual field tests) In spite of multiple surgeries in both eyes Mr. Smirnov's intraocular pressure is under poor control, even with maximal tolerated medical therapy. Therefore, Mr. Smirnov requires additional glaucoma surgery to lower his intraocular pressure and prevent irreversible blindness from glaucoma….
>
> Mr. Smirnov will require weekly post-operative visits after his surgery to monitor his healing and manage any potential post-operative complications. These postoperative visits should be performed by a fellowship-trained glaucoma specialist such as myself in a properly equipped ophthalmic outpatient clinic.
>
> In addition, Mr. Smirnov requires daily application of glaucoma eyedrop medication to control his intraocular pressure until he undergoes his surgery on March 27. He will also require daily

application of post-operative eyedrop medications to prevent infection and encourage proper healing of his operated eye.

See Exhibit A.

B. **STATEMENT OF LAW**

18 U.S.C. § 3142(i) provides that this Court (as "judicial officer") "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for . . . *another compelling reason*." 18 U.S.C.A. § 3142(i) (emphasis added).

Mr. Smirnov's medical condition is "compelling" and thus warrants temporary release on a medical furlough for 30 days. First, he cannot receive the needed surgery for his eye condition in the facility where he's currently housed; in fact, that facility does not have a surgical theatre. Second, his eye condition is causing him pain today: he is not simply "worried" that his eyes "might" worsen at some indeterminate point in the future. Third, he will gladly consent to the imposition of any other reasonable conditions of temporary release while on medical furlough. And fourth, he was fully compliant with his prior conditions of release during the short, two-day period after his release but prior to his second arrest. *Compare United States v. Parton*, No. 321CR107KACJEM1, 2023 WL 2957803, at *1 (E.D. Tenn. Apr. 14, 2023) (unpublished) (unlike Mr. Smirnov's case, 1) "staff at [the convicted Parton's] detention facility have provided him proper medical care

7

and assistance;" 2) Parton "speculatively" worried about "potentially getting an infection" while awaiting sentencing in custody; and 3) Parton's "prior conduct while on pretrial release in this case continues to demonstrate that he poses a serious flight risk and 'danger to the safety of any other person or the community'").

Here, it is respectfully submitted that it would be objectively unreasonable for the government to oppose and restrict the requested, "compelling" medical procedures and treatment for Defendant.

In addition, it should be noted that the Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishments…." Moreover, substantive due process requires the government to provide medical care to persons who are injured while in custody. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). The Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) changed the landscape for claims by pre-trial detainees. *Kingsley* recognized that the Fourteenth Amendment (and by extension, the Fifth) provides a different constitutional standard than the Eighth Amendment for non-prisoner excessive force claims; while the Eighth Amendment prohibits only cruel and unusual punishment, "pretrial detainees (unlike convicted prisoners) cannot be punished at all." *Id.* at 400. The *Kingsley* Court therefore held that, under the Due Process clauses, a government official need not be subjectively aware that their actions are unreasonable; an aggrieved individual need only show that the government's

conduct was objectively unreasonable under the circumstances. *See id.* at 391-92. Since it was decided, the Ninth Circuit Court of Appeals has held that medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject to the objective unreasonableness inquiry. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120, 1122-25 (9th Cir. 2018) (medical-need claim).

C. **ALTERNATIVE RELIEF**

As described in footnote number 1, the USMS has a procedure for an inmate to request treatment through the USMS. That procedure entails multiple levels of review and ultimately may, or may not, result in Defendant receiving the needed surgery. However, if the surgery were to take place, it would not be done by Doctor Tanaka. Dr. Tanaka has been the Defendant's treatment provider, has excellent credentials, and is the most familiar with the Defendant's treatment needs.

Accordingly, notwithstanding the USMS policy described in footnote 1, if this Honorable Court does not grant the medical furlough request it is respectfully requested that this Honorable Court enter an Order directing the USMS to transport Defendant for surgery to take place on March 27, 2024, at 7:00am with Dr. Tanaka as well as for all post-operative appointments.

## D. CONCLUSION

Defendant respectfully requests that this Honorable Court grant this Emergency *Ex Parte* Motion for Medical Furlough for the Next 30 Days pursuant to 18 U.S.C. § 3142(i). Specifically, Defendant should be released from custody and permitted to be able to travel to San Francisco, California, for eye surgery on March 27, 2024, with Dr. Tanaka and to attend all medically required post-operative care through April 26, 2024.

DATED this 11th day of March, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

# DECLARATION OF COUNSEL

I, David Z. Chesnoff, do hereby declare that the following statements are true and correct:

1. I am co-counsel of record for Defendant Alexander Smirnov in this case;

2. The assertions in the underlying Motion are true and correct to the best of my knowledge and belief.

3. Undersigned counsel, in conjunction with counsel Schonfeld, conferred with counsel for the government via email on March 8, 2024, but the parties could not resolve the issues.

4. This *Ex Parte* Motion is brought in light of the emergency issues related to Defendant's health, specifically Defendant's eyes and as detailed in the attached letter from Dr. Tanaka.

5. Undersigned counsel, in conjunction with counsel Schonfeld, has also notified counsel for the government via email of the filing of this *Ex Parte* Motion. Specifically, the following counsel for the government are being notified by email of this Motion:

Derek Edward Hines
US Department of Justice
Office of Special Counsel David C. Weiss
950 Pennsylvania Avenue NW Room B-200
Washington, DC 20530
771-217-6091
Email: deh@usdoj.gov

11

Leo J. Wise
US Department of Justice
Office of Special Counsel David C. Weiss
950 Pennsylvania Avenue, NW, Room B-200
Washington, DC 20530
771-217-6091
Email: LJW@USDOJ.GOV (Inactive)

Christopher Michael Rigali
Office of Special Counsel, U.S. Dept. of Justice
950 Pennsylvania Avenue NW, Room B-200
Washington, DC 20530
202-616-2652
Email: christopher.rigali2@usdoj.gov

Sean F Mulryne
Office of the Special Counsel - Weiss
950 Pennsylvania Avenue NW, Room B-200
Washington, DC 20530
202-430-4880
Email: sfm@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of March, 2024.

_____
DAVID Z. CHESNOFF

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld