DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:  (771) 217-6091
    E-mail:     DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:24-cr-00091-ODW |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S EMERGENCY *EX PARTE* MOTION FOR MEDICAL FURLOUGH |
| v. | |
| ALEXANDER SMIRNOV, | |
| Defendant. | |

      Defendant Alexander Smirnov ("Defendant") filed a motion yesterday seeking a 30-day medical furlough or, alternatively, an order directing the United States Marshals Service ("USMS") to transport him to San Francisco, California for a medical procedure on March 27, 2024, and for all medically required post-operative care through April 26, 2024. Defendant, however, presents a substantial flight risk, which justified his detention in the first place and counsels against his release here. Moreover, Defendant has access to necessary medical treatment through USMS and his current jail facility, the Santa Ana City Jail (or, "facility"), should he avail himself of it through the proper procedures and

channels, which he has not yet done. Lastly, it is impracticable and would pose a hardship to USMS for USMS to transfer Defendant to San Francisco for medical treatment he otherwise can receive nearby the facility where is presently detained. For those reasons, the Court should deny Defendant's motion for temporary release.

Dated: March 12, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

/s/
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

United States Department of Justice

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND & ARGUMENT

On March 11, 2024, Defendant filed a motion seeking a "medical furlough" during which he would be released from custody for approximately 30 days, between March 27, 2024 and April 26, 2024. Specifically, Defendant seeks release for surgery with a doctor in San Francisco on March 27, 2024, and then to attend weekly post-operative care visits. Alternatively, if his furlough is denied, Defendant asks this Court to order USMS to transport him to his surgery on March 27 and his post-operative visits thereafter. The United States, through undersigned counsel, hereby opposes this motion.

Defendant is charged with making a false statement to law enforcement, in violation of 18 U.S.C. § 1001, and causing the creation of a false and fictitious record in a federal investigation, in violation of 18 U.S.C. § 1519. He is a dual United States/Israeli citizen who has claimed to have had numerous foreign relationships and contacts, including with multiple foreign intelligence agencies, and who has traveled abroad widely. Based on financial records, Defendant has access to more than $6 million in liquid funds, which he did not disclose to Pretrial Services. Given those issues and concerns, the Court granted the government's motion to revoke Defendant's pretrial release. Accordingly, the Court's In Camera Minute Order dated February 22, 2024 stated the following:

> Now having considered the history of Defendant's relationship with his FBI handler during which he has proven himself not to be trustworthy, his admitted extensive and recent contacts with agents of foreign intelligence agencies, including Russian intelligence, and his stated intention to once again leave the country, this court has conducted its own de novo review, and as a result this court reverses the release order and requests the issuance of an arrest warrant for Defendant.
>
> Considering the fact Defendant has at his immediate disposal several million dollars, the ability to secure a passport at the Israeli embassy and foreign interests likely willing to assist Defendant in evading capture. An ankle bracelet is at best an irritant and insignificant impediment to his ability to leave the country. In this court's considered opinion, the only effective

measure to assure Smirnov makes his court appearances is detention. ECF No. 15.

Despite no legal requirement to do so, this Court also scheduled an immediate detention hearing on February 26, 2024 and, following a consideration of the arguments by the parties, issued an Order of Detention, confirming that Defendant presented a flight risk warranting pretrial detention and that no condition or combination of conditions could reasonably ensure his appearance. ECF No. 46. Those same issues and concerns that informed the Court's detention finding are equally applicable here, providing a firm and clear basis for denying Defendant's motion. Simply put, the Court's findings and conclusion that Defendant is a significant flight risk for whom only detention will guarantee his appearance counsel strongly against Defendant's request that he be released from detention, whether for 30 consecutive days or multiple occasions.

Notwithstanding Defendant's risk of flight, other practical reasons also disfavor his request for furlough and/or repeated USMS transportation to San Francisco. First, Defendant already has access to appropriate medical treatment as provided by medical service providers who are under contract with Defendant's current jail facility, the Santa Ana City Jail. But to the government's knowledge, Defendant has not formally sought that treatment by submitting an official request and initiating the process through which all similarly situated detainees and inmates at the facility would seek and receive necessary medical treatment. According to USMS[1] and as set forth in a letter from the Santa Ana Police Department (attached as "Exhibit 1"), Defendant, like others at his facility, must submit a request for medical treatment to the facility's staff; USMS then reviews that request. Upon approval, USMS transports the detainee, as appropriate and

---

[1] The government, like defense counsel, spoke with a USMS representative prior to filing. Defense counsel's recitation of the typical protocol by detainees and inmates to procure medical services through the Santa Ana City Jail and USMS, *see* Def. Mot. at 2 n.1, is consistent with what USMS shared with the government and what is described in Exhibit 1.

necessary, to a medical service provider who has contracted with the facility to provide medical services to the facility's detainees and inmates. In addressing Defendant's motion, the government understands, based on its discussion with USMS, that Defendant's facility contracts with ophthalmologists in Orange County, where the facility is located. Defendant, therefore, has capable medical staff available to him through USMS and his facility who can presumably evaluate and treat his present health issues, or otherwise make whatever recommendations or referrals it deems appropriate. Nonetheless, Defendant has not availed himself of those services through proper channels and procedures. Should Defendant submit a request to visit a local ophthalmologist, USMS would review the request and, if approved, transport him to that service provider. Absent any effort to explore this option, Defendant's motion is premature, and he is not entitled to the relief sought here.

In addition, granting Defendant's motion and deviating from the facility's process risks burdening USMS with a substantial hardship. USMS must manage finite resources, including staff and financial expenditures, while also ensuring the safety and security of the detainees it transports and the USMS officials who conduct those transports. Where, as here, a service provider associated with the Santa Ana City Jail can provide proper medical care in the facility's county in lieu of a six-hour trek hundreds of miles away to San Francisco, USMS's interests in managing and conserving resources and safeguarding the safety and well-being of its detainees and employees are paramount. To grant Defendant's motion is to impose a substantial hardship on USMS when a suitable and appropriate option exists in relatively close proximity to and through established channels with the facility. This is all especially true where Defendant has requested release and transportation not only for his medical procedure on March 27, 2024, but also for routine post-operative care, which would require USMS to transport Defendant hundreds of miles from his facility to San Francisco, and back again, weekly and for about a month.

## II. CONCLUSION

Based on the above, this Court should deny Defendant's Motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for Defendant.

Dated: March 12, 2024