DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

\* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:24-CR-00091-ODW |
| v. ) | |
| ) | |
| ALEXANDER SMIRNOV, ) | |
| ) | |
| Defendant, ) | |
| _____ ) | |

**DEFENDANT'S EMERGENCY *EX PARTE* MOTION FOR RECONSIDERATION REGARDING MEDICAL FURLOUGH FOR THE NEXT THIRTY DAYS PURSUANT TO 18 U.S.C. § 3142(i) OR IN THE ALTERNATIVE FOR AN ORDER REQUIRING THE UNITED STATES MARSHAL SERVICE TO TRANSPORT DEFENDANT FOR SURGERY AND POST-OPERATIVE CARE WITH DR. TANAKA IN SAN FRANCISCO, CALIFORNIA**

COMES NOW, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD and hereby Submits his Emergency *Ex Parte* Motion for Reconsideration regarding Medical Furlough for the Next 30 Days pursuant to the authority of 18 U.S.C. § 3142(i). Specifically, Defendant is seeking to be released on March 26, 2024, so that he can travel to San Francisco, California, for eye surgery on March 27, 2024, with H. George Tanaka, MD and to attend all medically required post-operative care through April 29, 2024. Alternatively, Defendant requests that this Honorable Court issue an Order requiring the United States Marshal Service to transport Defendant for surgery to take place on March 27, 2024, at 7:00 a.m. with Dr. Tanaka as well as for all post-operative appointments.

This Emergency *Ex Parte* Motion is made and based upon the attached Memorandum of Points and Authorities, Declaration of Counsel, the letter previously submitted by Dr. Tanaka and his curriculum vitae.

Undersigned counsel Chesnoff conferred with counsel for the government via on March 25, 2024, but the parties could not resolve the issues. The government opposes this Motion.

This *Ex Parte* Motion is brought in light of the emergency medical issues related to Defendant's health, specifically Defendant's eyes and as further detailed in the previously attached letter from Dr. Tanaka. Undersigned counsel has also notified counsel for the government, via email, of the filing of this *Ex Parte* Motion.

Dated this 25th day of March, 2024.

          Respectfully Submitted:

          CHESNOFF & SCHONFELD

          /s/ David Z. Chesnoff
          DAVID Z. CHESNOFF, ESQ.
          *Pro Hac Vice*
          RICHARD A. SCHONFELD, ESQ.
          California Bar No. 202182
          520 South Fourth Street
          Las Vegas, Nevada 89101
          Telephone: (702)384-5563
          rschonfeld@cslawoffice.net
          dzchesnoff@cslawoffice.net
          Attorneys for Defendant
          ALEXANDER SMIRNOV

**MEMORANDUM OF POINTS AND AUTHORITIES**

A. **THE COURT SHOULD ORDER THAT DEFENDANT BE RELEASED ON MEDICAL FURLOUGH FOR THE NEXT THIRTY DAYS PURSUANT TO 18 U.S.C. § 3142(i) SO THAT DEFENDANT CAN TRAVEL TO SAN FRANCISCO, CALIFORNIA, FOR EYE SURGERY ON MARCH 27, 2024, WITH DR. TANAKA AND SO THAT DEFENDANT CAN OBTAIN ALL MEDICALLY REQUIRED POST-OPERATIVE CARE**

Undersigned counsel respectfully submits this Motion in light of Mr. Smirnov's serious medical condition and the still pending emergency need for care and surgery for his right eye. Since the previous *Ex Parte* Motion for Medical Furlough, Mr. Smirnov has informed counsel that he has had worsening eye pain, and that his vision is getting cloudy.

Moreover, according to our client, as of March 24, 2024, he has submitted multiple "kites" since he has been at the Santa Ana facility requesting medical treatment for his eyes (after being told to do so by counsel Chesnoff), and he has yet to see an outside medical provider. As such, despite the emergency need for medical care, Mr. Smirnov's medical needs have yet to be sufficiently addressed. Respectfully, with Mr. Smirnov's vision at stake, the risk of irreparable harm is great. This was a pre-existing medical issue for Mr. Smirnov prior to his initial arrest in this case. Furthermore, with the pressing need to review discovery in this case, it is imperative that Mr. Smirnov's eye issues be addressed immediately, not only due

to the risk of irreparable harm of potentially losing his vision, but also for the need to prepare and assist his counsel in this case.

Furthermore, undersigned counsel has spoken to the U.S. Marshals and the authorities at the Santa Ana jail who are responsible for medical care, and to date, Mr. Smirnov has still not seen an outside medical provider. For example, on March 15, 2023, undersigned counsel also sent a request for an update on Mr. Smirnov's required treatment/surgery to Administrator Manriquez at the Santa Ana jail. To date, there has not been a response to that email. The United States Marshal has advised that it is up to the jail facility to make the necessary appointments, but since this Court's last Order denying the relief sought, Mr. Smirnov has not been seen by an ophthalmologist, let alone a qualified surgeon.

As previously stated to this Honorable Court, Dr. Tanaka's letter details that Mr. Smirnov has a history of advanced open angle glaucoma in both eyes. Mr. Smirnov has suffered severe optic nerve damage from glaucoma. In spite of multiple surgeries in both eyes Mr. Smirnov's intraocular pressure is under poor control, even with maximal tolerated medical therapy. Therefore, Mr. Smirnov requires additional glaucoma surgery to lower his intraocular pressure and prevent irreversible blindness from glaucoma.

It should also be noted that undersigned counsel Chesnoff spoke with Dr. Tanaka on or about Saturday, March 23, 2024, and Dr. Tanaka advised counsel

Chesnoff that the previously scheduled date of March 27, 2024 for Mr. Smirnov to have glaucoma surgery in his right eye remains open and available.

The surgery would take place at the Eye Surgery Center of San Francisco, San Francisco, California, located at 1160 Post Street, San Francisco, California. The surgery will be performed at 7:00 a.m. and he will be required to report to this facility at 6:00 a.m. for pre-operative registration and preparation. This surgery is an outpatient procedure done under local anesthesia and does not require an overnight hospital stay. As this surgery entails some risks (surgical failure, infection, bleeding, need for re-operation, loss of vision), Mr. Smirnov will require weekly post-operative visits after his surgery to monitor his healing and manage any potential post-operative complications. In addition, Mr. Smirnov requires daily application of glaucoma eyedrop medication to control his intraocular pressure until he undergoes his surgery on March 27, 2024.

He will also require daily application of post-operative eyedrop medications to prevent infection and encourage proper healing of his operated eye.

Dr. Tanaka is a leading medical provider in this area, and he is the physician most familiar with Mr. Smirnov and his current condition. It is respectfully submitted that this request for release would serve the interests of justice and permit Mr. Smirnov to receive the medical procedure/care that is necessary at this time.

It is respectfully submitted that it is believed that this proposal would save resources for the government, as the procedure could occur in a timely manner and reduce additional medical expenses and resources to be expended by the government.

### i.   IRREPARABLE HARM

Undersigned counsel does not take the submission of this *Ex Parte* Motion lightly. Due to the time sensitive nature of the request, and in light in Defendant's medical condition, and the need for surgery to lower his intraocular pressure and prevent irreversible blindness from glaucoma, it is respectfully submitted that emergency *ex parte* relief is warranted under the circumstances. It is respectfully submitted that the threat of irreparable harm (i.e. blindness/loss of eyesight) is not speculative.

### B.   STATEMENT OF LAW

18 U.S.C. § 3142(i) provides that this Court (as "judicial officer") "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for . . . *another compelling reason*." 18 U.S.C.A. § 3142(i) (emphasis added).

Mr. Smirnov's medical condition is "compelling" and thus warrants temporary release on a medical furlough for 30 days. First, he cannot receive the

7

needed surgery for his eye condition in the facility where he's currently housed; in fact, that facility does not have a surgical theatre. Second, he has informed his counsel that his eye condition is causing him pain and cloudiness: he is not simply "worried" that his eyes "might" worsen at some indeterminate point in the future. Third, he will gladly consent to the imposition of any other reasonable conditions of temporary release while on medical furlough. And fourth, he was fully compliant with his prior conditions of release during the short, two-day period after his release but prior to his second arrest. *Compare United States v. Parton*, No. 321CR107KACJEM1, 2023 WL 2957803, at *1 (E.D. Tenn. Apr. 14, 2023) (unpublished) (unlike Mr. Smirnov's case, 1) "staff at [the convicted Parton's] detention facility have provided him proper medical care and assistance;" 2) Parton "speculatively" worried about "potentially getting an infection" while awaiting sentencing in custody; and 3) Parton's "prior conduct while on pretrial release in this case continues to demonstrate that he poses a serious flight risk and 'danger to the safety of any other person or the community'").

Here, it is respectfully submitted that it would be objectively unreasonable for the government to oppose and restrict the requested, "compelling" medical procedures and treatment for Defendant.

In addition, it should be noted that the Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishments...." Moreover, substantive

due process requires the government to provide medical care to persons who are injured while in custody. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *see also Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120, 1122-25 (9th Cir. 2018) (medical-need claim).

C. **ALTERNATIVE RELIEF**

While the USMS has a procedure for an inmate to request treatment through the USMS, that procedure, with all due respect, cannot adequately address the time sensitive nature of Mr. Smirnov's current condition. That procedure entails multiple levels of review and ultimately may, or may not, result in Defendant receiving the needed surgery. Again, to date, Mr. Smirnov has yet to see an outside medical provider, let alone have a surgery scheduled.

Furthermore, in the interest of helping to mitigate the government's use of resources, Mr. Smirnov <u>would also offer to pay the airfare and overtime pay of the Marshals</u>, if this Honorable Court orders the Marshals to assist with travel.

Accordingly, notwithstanding the USMS policy, if this Honorable Court does not grant the medical furlough request it is respectfully requested that this Honorable Court enter an Order directing the USMS to transport Defendant for surgery to take place on March 27, 2024, at 7:00 a.m. with Dr. Tanaka as well as for all post-operative appointments.

## D. CONCLUSION

Defendant respectfully requests that this Honorable Court grant this Emergency *Ex Parte* Motion for Reconsideration regarding Medical Furlough for the Next 30 Days pursuant to 18 U.S.C. § 3142(i). Specifically, Defendant should be released from custody and permitted to be able to travel to San Francisco, California, for eye surgery on March 27, 2024, with Dr. Tanaka and to attend all medically required post-operative care through April 29, 2024.

DATED this 25th day of March, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

 /s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

## **DECLARATION OF COUNSEL**

I, David Z. Chesnoff, do hereby declare that the following statements are true and correct to the best of my knowledge and belief:

1. I am co-counsel of record for Defendant Alexander Smirnov in this Case.

2. The assertions in the underlying Motion are true and correct to the best of my knowledge and belief.

3. Undersigned counsel conferred with counsel for the government on March 25, 2024, but the parties could not resolve the issues. The government opposes this *Ex Parte* Motion.

4. This *Ex Parte* Motion is brought in light of the emergency issues related to Defendant's health, specifically Defendant's eyes and as previously detailed in the letter from Dr. Tanaka.

5. Since the previous *Ex Parte* Motion for Medical Furlough, Mr. Smirnov has informed counsel that he has had worsening eye pain, and that his vision is getting cloudy. Moreover, as of March 24, 2024, according to our client, he has submitted multiple "kites" since he has been at the Santa Ana facility requesting medical treatment for his eyes (after being told to do so by me), and he has yet to see an outside medical provider.

6. I have spoken with the U.S. Marshals and the authorities at the Santa Ana jail who are responsible for medical care, however, there are no specific medical appointments set for Mr. Smirnov that I have been informed of.

7. I spoke with Dr. Tanaka on or about Saturday, March 23, 2024, and Dr. Tanaka advised me that the previously scheduled date of March 27, 2024 for Mr. Smirnov to have glaucoma surgery in his right eye remains open and available.

8. Undersigned counsel has also notified counsel for the government via email of the filing of this *Ex Parte* Motion. Specifically, the following counsel for the government are being notified by email of this Motion:

Derek Edward Hines
US Department of Justice
Office of Special Counsel David C. Weiss
950 Pennsylvania Avenue NW Room B-200
Washington, DC 20530
771-217-6091
Email: deh@usdoj.gov

Leo J. Wise
US Department of Justice
Office of Special Counsel David C. Weiss
950 Pennsylvania Avenue, NW, Room B-200
Washington, DC 20530
771-217-6091
Email: LJW@USDOJ.GOV

Christopher Michael Rigali
Office of Special Counsel, U.S. Dept. of Justice
950 Pennsylvania Avenue NW, Room B-200
Washington, DC 20530
202-616-2652
Email: christopher.rigali2@usdoj.gov

Sean F Mulryne
Office of the Special Counsel - Weiss
950 Pennsylvania Avenue NW, Room B-200
Washington, DC 20530
202-430-4880
Email: sfm@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on this 25th day of March, 2024.

                                                         DAVID Z. CHESNOFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld