DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:  (771) 217-6090
    E-mail:    SFM@usdoj.gov; sean.mulryne@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:24-cr-00091-ODW |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S EMERGENCY *EX PARTE* MOTION FOR RECONSIDERATION REGARDING MEDICAL FURLOUGH |
| v. | |
| ALEXANDER SMIRNOV, | |
| Defendant. | |

      Defendant Alexander Smirnov ("Defendant") filed a motion yesterday seeking the Court's reconsideration regarding a 30-day medical furlough or, alternatively, an order directing the United States Marshals Service ("USMS") to transport him to San Francisco, California for a medical procedure on March 27, 2024, and for all medically required post-operative care through April 29, 2024. The Court previously denied Defendant's motion for a medical furlough or USMS transportation, concluding that he must abide by the established protocol of the USMS and local custodial facility to pursue medical treatment. ECF No. 56. Upon speaking with USMS representatives, the government understands that Defendant's medical request to see a specialist has been granted, and he will be visiting

an ophthalmologist by the end of this week. For that reason and others stated below, the Court should deny Defendant's motion for reconsideration of a medical furlough.

Dated: March 26. 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/ _____

LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

United States Department of Justice

MEMORANDUM OF POINTS AND AUTHORITIES

I.  BACKGROUND & ARGUMENT

On March 11, 2024, Defendant filed a motion seeking a "medical furlough" during which he would be released from custody for approximately 30 days. Specifically, Defendant sought release for surgery with a doctor in San Francisco on March 27, 2024, and then to attend weekly post-operative care visits. Alternatively, if his furlough was denied, Defendant asked this Court to order USMS to transport him to his surgery on March 27 and his post-operative visits thereafter. The government opposed Defendant's motion. On March 13, 2024, the Court denied Defendant's motion, noting the established protocol for inmates to request and receive medical treatment through USMS and the local custodial facility, and concluding: "The Court finds the established protocol is reasonable, considering the limited resources of the USMS and the fact that he is presently housed in a large metropolitan area equipped with first-rate medical resources necessary to address defendant's needs while not compromising the security interests of the government." Order, ECF No. 56. Defendant has appealed to the Ninth Circuit from that order, and the appeal is pending.

Defendant has now filed a motion seeking reconsideration of his request for a medical furlough or, alternatively, USMS transportation to his medical appointment on March 27, 2024, and all weekly post-operative care. *See* Def. Mot., ECF No. 60, & Supp., ECF No. 61. Defendant states in his present motion that he recently submitted requests for medical treatment and has not yet seen an outside medical provider. ECF No. 60 at 4 & 11. The exhibits reflect that Defendant "ask[ed] to see [] specialist," and "need[s] a doctor A.S.A.P." ECF No. 61, Ex. B.

On March 26, 2024, in responding to Defendant's present motion, government counsel spoke with USMS officials regarding Defendant's recent requests for medical treatment. The government was informed that USMS officials contacted the Santa Ana City Jail manager, who confirmed that Defendant's medical request had been granted,

within approximately two weeks of its submission, and that Defendant will be transported to see an ophthalmologist by the end of this week. For this reason alone, Defendant's motion should be denied.

Nonetheless, other reasons also disfavor Defendant's requests for a medical furlough or USMS transportation to San Francisco. First, Defendant is a substantial flight risk. He is charged with making a false statement to law enforcement, in violation of 18 U.S.C. § 1001, and causing the creation of a false and fictitious record in a federal investigation, in violation of 18 U.S.C. § 1519. He is a dual United States/Israeli citizen who has claimed to have had numerous foreign relationships and contacts, including with multiple foreign intelligence agencies, and who has traveled abroad widely. Based on financial records, Defendant has access to more than $6 million in liquid funds, which he did not disclose to Pretrial Services. Given those issues and concerns, the Court granted the government's motion to revoke Defendant's pretrial release, ECF No. 15, and, following a detention hearing on February 26, 2024, issued an Order of Detention, confirming that Defendant presented a flight risk warranting pretrial detention and that no condition or combination of conditions could reasonably ensure his appearance, ECF No. 46. Those same issues and concerns that informed the Court's detention finding are equally applicable here—as they were with respect to Defendant's initial motion for medical furlough—again providing a firm and clear basis for denying Defendant's motion. Simply put, the Court's findings and conclusion that Defendant is a significant flight risk for whom only detention will guarantee his appearance counsel strongly against Defendant's request that he be released from detention, whether for 30 consecutive days or multiple occasions throughout March and April.

Second, granting Defendant's motion by ordering USMS to transport Defendant to San Francisco for a surgical procedure and his post-operative appointments would present a logistical and resource nightmare. USMS must manage finite resources, including staff and financial expenditures, while also ensuring the safety and security of the detainees it transports, members of the public, and the USMS officials who conduct those transports.

Where, as here, a service provider associated with the Santa Ana City Jail will provide proper medical care in the facility's county in lieu of a six-hour trek hundreds of miles away to San Francisco, USMS's interests in managing and conserving resources and safeguarding the safety and well-being of its detainees, its employees, and the public are paramount. To grant Defendant's motion is to impose a substantial hardship on USMS when a suitable and appropriate option exists in relatively close proximity to and through established channels with the facility. This is all especially true where Defendant has requested release and transportation not only for his medical procedure on March 27, 2024, but also for routine post-operative care, which would require USMS to transport Defendant hundreds of miles from his facility to San Francisco, and back again, weekly and for about a month. To the extent Defendant "offer[s] to pay the airfare and overtime pay of the Marshals," ECF No. 60 at 9, this unprecedented proposal does not alleviate USMS of the substantial burden it would suffer if Defendant's motion was granted. USMS still has limited human resources, and it still would encounter potentially significant risk in protecting Defendant and its staff in carrying out this substantial endeavor. And, moreover, it is unnecessary because Defendant will be visiting a local ophthalmologist this week.

## II.     CONCLUSION

Based on the above, this Court should deny Defendant's Emergency *Ex Parte* Motion for Reconsideration Regarding Medical Furlough.

**DECLARATION OF COUNSEL**

I, Sean F. Mulryne, do hereby declare that the following statements are true and correct to the best of my knowledge and belief:

1. I am co-counsel of record for the United States of America in this case.

2. The assertions in the underlying brief are true and correct to the best of my knowledge and belief.

3. Undersigned counsel conferred with the United States Marshals Service, specifically a Deputy U.S. Marshal and his supervisor (collectively, "USMS officials"), on March 26, 2024.  USMS officials indicated that they spoke with the Manager of the Santa Ana City Jail on the same date.

4. According to USMS officials, the Santa Ana City Jail Manager stated that Defendant's request to see an eye specialist had been granted, within approximately two weeks of its submission, and that Defendant has been scheduled an appointment with an ophthalmologist for this week.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for Defendant.

Dated: March 26, 2024     /s/ _____

LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels