```
DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

     950 Pennsylvania Avenue NW, Room B-200
     Washington, D.C. 20530
     Telephone:    (771) 217-6091
     E-mail:  christopher.rigali2@usdoj.gov
     Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-CR-00091-ODW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ALEXANDER SMIRNOV, | |
| Defendant. | **CURRENT TRIAL DATE:** 04/23/2024<br>**PROPOSED TRIAL DATE:** 12/02/2024 |

Plaintiff United States of America, by and through its counsel of record, the Office of Special Counsel David C. Weiss, and defendant Alexander Smirnov ("defendant"), both individually and by and through his counsel of record, David Z. Chesnoff and Richard A. Schonfeld, hereby stipulate as follows:

1. The Indictment in this case was made public on February 15, 2024. Defendant was arrested in the District of Nevada on the evening of February 14, 2024, and he first appeared before a judicial officer on the instant charges the following day, February 15, 2024. Defendant

1 was transported to this District on February 23, 2024 and had his first appearance in this District on February 26, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 25, 2024.

2. On February 26, 2024, the Court set a trial date of April 23, 2024. Dkt. 40 (Criminal Minutes – Arraignment). No date had been set for a pretrial conference or a discovery cut-off.

3. Defendant is currently detained pending trial. The parties estimate that the trial in this matter will last approximately Seven judicial days.

4. By this stipulation, the parties move to continue the trial date to December 2, 2024. This is the first request for a continuance.

5. The parties requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with making a false statement to a government agent in violation of 18 U.S.C. § 1001 (Count 1) and causing the creation of a false record in a federal investigation in violation of 18 U.S.C. §§ 1519 & 2 (Count 2). The government has made an initial production of discovery and will continue to make additional productions in the coming weeks. Defendant has requested, and the government will be producing, among other things, electronic data obtained by the government pursuant to search warrants; one of these datasets alone contains more than 4 million files, and another dataset contains more than 2.5 million files. Of particular note, a substantial portion of the electronic data is in languages other than English. Defendant anticipates having to engage a translator to review certain data.

b. Defense counsel are presently scheduled to be in trial on the following cases between April 23 and December 2:

1. Both Counsel Chesnoff and Schonfeld have trial in the case of *United States v. Zafaranchi*, Case Number CR-22-122, in the United States District Court for the Western District of Washington, set to commence on September 16, 2024. The Presiding Judge is the Honorable John C. Coughenour. It is anticipated that said trial will last several weeks as the Defendants are charged with Conspiracy to Commit Wire Fraud, Wire Fraud, Money Laundering, and Destruction of Records. The Indictment in this case was returned on August 18, 2022. There have been two trial continuances. This case has been set for trial since July 17, 2023, and it is not anticipated that any continuance will be requested;

2. Both Counsel Chesnoff and Counsel Schonfeld have trial in the case of *United States v. Halajyan*, Case Number 2:22-cr-00002-RBF-EJY, in the United States District Court for the District of Nevada, set to commence on October 7, 2024. The Presiding Judge is the Honorable Richard Boulware. It is anticipated that this trial will last one week. The Defendant is charged with Conspiracy to Make a False Statement in Acquisition of Firearms and False Statement in Acquisition of Firearms. This trial has been continued six times and it is not anticipated that another continuance will be sought;

3. Counsel Schonfeld has trial in the case of *Howard v. Howard*, Case Number D554036, in the California Superior Court, San Diego, set to proceed on June 10, 2024 and June 12, 2024. This is a contempt of court trial. The presiding Judge is the Honorable Euketa Oliver. This trial has been set since late 2023 and involves child custody. The family court trial calendars are congested in this Court and therefore it is not anticipated that any continuance will be requested;

4. Counsel Schonfeld has trial in the case of *Howard v. Howard*, Case Number D554036, in the California Superior Court, San Diego, set to proceed on a different trial issue on June 17, June 18, and November 7. This is a trial related to protective orders and child custody. The presiding Judge is the Honorable Kimberly Parker. The first two days of this trial have been set since late 2023 and involve child custody. The family court trial calendars are congested in this Court and therefore it is not anticipated that any continuance will be requested;

5. Counsel Schonfeld has trial in the case of *State of Nevada v. Warrender*, Case Number C-23-376950, in the Eighth Judicial District Court, State of Nevada, set to proceed on June 24, 2024. The presiding Judge is the Honorable Danielle Chio. This is a trial where the Defendant is charged with Attempted Murder with a Deadly Weapon, Assault with a Deadly Weapon, and Discharging a Firearm. This trial will likely last a between one and two weeks. The Indictment in this case was returned on September 13, 2023, and the trial has been continued one time. There is a possibility that this trial will be continued; however, no such dialogue has been engaged in by the parties at this time;

6. Counsel Schonfeld has trial in the case of *United States v. Cardone*, Case Number 2:23-cr-20598-BAF-DRG, set to proceed on August 13, 2024. The presiding Judge is the Honorable Bernard A. Friedman. This is a trial where the Defendant is charged with Conspiracy to Commit Wire Fraud. This trial will likely last one week. This trial has been continued twice and is likely to proceed as scheduled;

7. Counsel Schonfeld has trial in the case of *State of Nevada v. Kayarath*, Case Number C-23-374424-1, in the Eighth Judicial District Court, State of Nevada, set to proceed on August 19, 2024. This trial is on a "stack" meaning that it will not necessarily proceed on August 19, 2024, but will proceed within weeks of that date, especially in light of the Cardone trial being scheduled for one week earlier. The presiding Judge is the Honorable Ronald Israel. This is a trial where the Defendant is charged with Attempted Murder with Use of a Deadly Weapon, Battery Resulting in Substantial Bodily Harm, Assault with a Deadly Weapon, Discharging a Firearm, and Possession of a Firearm by a Prohibited Person, Trafficking in Controlled Substance, and Possession of a Controlled Substance with Intent to Sell. This trial will likely last more than one week. The Indictment in this case was returned on June 2, 2023, and the trial has been continued one time. The Defendant is in custody and it is difficult to anticipate if this trial will be continued. The Parties have not engaged in any dialogue regarding a trial continuance; however, they have requested a judicial settlement conference;

8. Counsel Schonfeld has trial in the case of United States Securities Exchange Commission *v. Collector's Coffee, Inc. et al*, Case Number 19-cv-04355, in the United States District Court for the Southern District of New York, set to proceed on October 21, 2024. The Presiding Judge is the Honorable Victor Marrero. In this case Counsel Schonfeld represents

4

the intervenor Plaintiffs against the Defendants and Intervenor Defendants related to a property dispute of significant value. The case is complex, given the parties involved, the intervenor nature of the trial, and the history of the litigation. Summary Judgment proceedings have concluded related to the Intervenor claims, the SEC trial concluded, and the Court has set the Intervenor case for trial. This trial will likely last two weeks. Counsel Schonfeld on behalf of his three Intervenor Plaintiff clients requested an October trial date by way of pleading on February 9, 2024. Accordingly, absent some unanticipated event, Counsel Schonfeld will not be seeking a continuance of this trial. The Intervenor Complaint was filed on September 9, 2019.

c. In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. In addition to the above, the government has invoked the Classified Information Procedures Act ("CIPA"), apprising the Court that it "need[s] to bring to the Court's attention certain discovery issues or other matters relating to classified material." Dkt. 48. As part of that process, defense counsel are working with the Court-appointed Classified Information Security Officer ("CISO") to obtain the necessary security clearances. Furthermore, considering the CIPA-related issues that may arise in this case, the government has developed

what it believes is a reasonable schedule to accommodate CIPA litigation.

      e.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      f.   The government does not object to the continuance.

      g.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.   The parties propose the following additional briefing and hearing dates:

      a.   Briefing:

          i.   Government's Initial CIPA Section 4 filing: **June 24, 2024.**

          ii.   Defendant's CIPA Section 5 notice: **July 29, 2024 or no later than two weeks after the Court's ruling on the Government's CIPA Section 4 filing (whichever is later).**

          iii. Defendant's Motions: **August 19, 2024.**[1]

          iv.  Government's Objections to Defendant's CIPA Section 5 & government's CIPA Section 6(a) filing: **Three weeks after Defendant's CIPA Section 5 notice.**

          v.   Defendant's Reply in CIPA Section 5 and Response to government's CIPA Section 6(a): **Two weeks after government's CIPA Section 6 filing.**

---

[1] Should the government disclose new information to Defendant after the date Defendant's motions are due, Defendant may seek leave of Court to file additional motions based on the newly provided information.

6

            vi.    Government's Response to Defendant's Motions: **September 16, 2024.**

            vii.   Defendant's Reply to Government's Response: **September 30, 2024.**

            viii.  CIPA Section 6(c) Filings: **TBD – if necessary.**

            ix.    Motions *in Limine*: **November 1, 2024.**

            x.     Responses to Motions *in Limine*: **November 15, 2024.**

            xi.    Joint Proposed Jury Instructions and Verdict Form, Joint Statement of the Case & Proposed Voir Dire: **November 18, 2024.**

      b.    Hearing Schedule:

            i.     CIPA Section 4 Hearing: **TBD – if necessary.**

            ii.    CIPA Section 6 Hearing: **TBD (October, 2024).**

            iii.   Hearing on Defendant's Motions: **TBD (October, 2024).**

            iv.    Pretrial Conference & Hearing on Motions *in Limine* (if necessary): **November 25, 2024.**

    7.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of April 12, 2024 to December 2, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv), because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the

1 continuance would unreasonably deny defendant continuity of counsel
2 and would deny defense counsel the reasonable time necessary for
3 effective preparation, taking into account the exercise of due
4 diligence.

5     8.   In addition, the parties agree that the time period of
6 February 15, 2024 to February 26, 2024, inclusive, should be excluded
7 pursuant to 18 U.S.C. §§ 3161(h)(E) & (F), because it constitutes a
8 delay "resulting from any proceeding relating to the transfer of a case
9 or the removal of any defendant from another district under the Federal
10 Rules of Criminal Procedure" and "resulting from transportation of any
11 defendant from another district."

12     9.   Lastly, the parties agree that the time period of March 15,
13 2024 to March 19, 2024, inclusive, should be excluded pursuant to 18
14 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from
15 a pretrial motion, from the filing of the motion through the prompt
16 resolution of the motion.

17     10.  Nothing in this stipulation shall preclude a finding that
18 other provisions of the Speedy Trial Act dictate that additional time
19 periods be excluded from the period within which trial must commence.
20 Moreover, the same provisions and/or other provisions of the Speedy
21 Trial Act may in the future authorize the exclusion of additional time
22 periods from the period within which trial must commence.

23     IT IS SO STIPULATED.

```
Dated: April 12, 2024          Respectfully submitted,

                               DAVID C. WEISS
                               Special Counsel

                               LEO J. WISE
                               Principal Senior Assistant Special
                               Counsel

                               DEREK E. HINES
                               Senior Assistant Special Counsel

                               SEAN F. MULRYNE
                               Assistant Special Counsel

                               /s/ Christopher M. Rigali
                               _____
                               CHRISTOPHER M. RIGALI
                               Assistant Special Counsel

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA
```

I am defendant Alexnader Smirnov's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than December 2, 2024 is an informed and voluntary one.

_____        April 12, 2023
DAVID Z. CHESNOFF, ESQ.                 Date
Attorney for Defendant