DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:  (771) 217-6090
    E-mail:    SFM@usdoj.gov; sean.mulryne@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ALEXANDER SMIRNOV,<br><br>        Defendant. | No. CR 2:24-cr-00091-ODW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S RENEWED EMERGENCY *EX PARTE* MOTION FOR (1) PROVISION OF PAIN-REDUCING EYE DROPS, AND (2) ORDER SCHEDULING EYE SURGERY, OR MEDICAL FURLOUGH |

Defendant Alexander Smirnov ("Defendant") filed a motion on May 10, 2024, seeking the Court to order that (1) he receive eye drops immediately, and (2) his eye surgery be scheduled immediately with transportation thereto.  ECF No. 67 ("Def. Mot."). Alternatively, Defendant asks the Court to grant him a medical furlough so he may pursue surgery with his doctor in San Francisco.  *Id.*  Upon speaking with an official from the United States Marshals Service ("USMS"), the government understands that (1) Santa Ana City Jail officials retrieved eye drops from Defendant because they were expired, and have not provided new eye drops yet because the drops, according to the jail's medical staff, are for pre-operative care; and (2) jail officials have scheduled a surgery for Defendant with a local ophthalmologist set for the last week of May 2024.  For those reasons and

others stated below, the Court should deny Defendant's renewed emergency *ex parte* motion.

Dated: May 13, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/ _____

LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

United States Department of Justice

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND & ARGUMENT

On March 11, 2024, Defendant filed a motion seeking a "medical furlough" during which he would be released from custody for approximately 30 days. Specifically, Defendant sought release for surgery with a doctor in San Francisco and then to attend weekly post-operative care visits. Alternatively, if his furlough was denied, Defendant asked this Court to order USMS to transport him to his surgery and post-operative visits. On March 13, 2024, the Court denied Defendant's motion, noting the established protocol for inmates to request and receive medical treatment through USMS and the local custodial facility, and concluding: "The Court finds the established protocol is reasonable, considering the limited resources of the USMS and the fact that he is presently housed in a large metropolitan area equipped with first-rate medical resources necessary to address defendant's needs while not compromising the security interests of the government." ECF No. 56. The Ninth Circuit affirmed this Court's denial of Defendant's motion. No. 24-1133, ECF No. 14. On March 26, 2024, this Court also denied Defendant's motion for reconsideration. ECF No. 63.

Defendant now moves for (1) the immediate provision of eye drops, and (2) a court order directing the immediate scheduling of, and transportation to, his eye surgery. In furtherance of his motion, Defendant states that he currently has no access to pain-reducing eye drops. Def. Mot. at 6. However, on May 13, 2024, government counsel conferred with a Deputy U.S. Marshal who, based on communications with a Santa Ana City Jail official, advised that jail officials retrieved expired eye drops from Defendant and have not issued any new eye drops because, according to the jail's medical staff, the eye drops are for pre-operative care. Regarding eye surgery, the Deputy U.S. Marshal informed government counsel that Defendant had met previously with a local ophthalmologist, but USMS did not approve a medical procedure with that ophthalmologist because of an unanticipated payment dispute, i.e., the ophthalmologist

required payment before performing the procedure, in contravention of USMS practice. Nonetheless, the Deputy U.S. Marshal advised that, based on communications with a Santa Ana Jail official, Defendant now has a surgery with another local ophthalmologist scheduled for the last week of May 2024. Based on the representations made by the Deputy U.S. Marshal and Santa Ana Jail officials, Defendant's motion should be denied.

Insofar as Defendant requests a medical furlough, that request also should be denied for the reasons argued by the government in its prior briefings on this issue, *see* ECF Nos. 54 & 62; for the reasons set forth by this Court in its previous orders denying the same request, *see* ECF Nos. 56 & 63; and because Defendant presents a substantial flight risk as recognized by both this Court and the Ninth Circuit, *see* ECF Nos. 15 & 46; No. 24-1133, ECF No. 14.

## II.    CONCLUSION

Based on the above, this Court should deny Defendant's Renewed Emergency *Ex Parte* Motion for (1) Provision of Pain-Reducing Eye Drops, and (2) Order Scheduling Eye Surgery, or Medical Furlough.

## **DECLARATION OF COUNSEL**

I, Sean F. Mulryne, do hereby declare that the following statements are true and correct to the best of my knowledge and belief:

1.  I am co-counsel of record for the United States of America in this case.

2.  The assertions in the underlying brief are true and correct to the best of my knowledge and belief.

3.  Undersigned counsel conferred with the United States Marshals Service ("USMS"), specifically a Deputy U.S. Marshal, on May 9, 2024, and again on May 13, 2024.

4.  The Deputy U.S. Marshal, based on communications with a Santa Ana City Jail official, advised that jail officials took Mr. Smirnov's eye drops because they had expired and have not provided any new eye drops at this time because, according to the jail's medical staff, the eye drops are for pre-operative care.

5.  The Deputy U.S. Marshal stated that USMS did not approve Mr. Smirnov's medical procedure with a specific local ophthalmologist because the ophthalmologist required payment before the provision of services, in contravention of USMS practice.  Accordingly, the Deputy U.S. Marshal, based on communications with a Santa Ana City Jail official, advised that Mr. Smirnov has a surgery with another local ophthalmologist scheduled for the last week of May 2024.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the  attorneys of record for Defendant.

Dated: May 13, 2024                    /s/_____

LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels