# EXHIBIT 1

May 17, 2024

RE: CR 2:24-cr-00091-ODW
United States of America v. Alexander Smirnov

To the Court:

I read with great concern the above referenced document regarding my patient, Alexander Smirnov, who carries a diagnosis of severe open angle glaucoma in both eyes. I have documented in previous correspondence that continued ophthalmologic care is essential to maintain Mr. Smirnov's eyesight. Glaucoma is a progressive and incurable disease that requires daily eyedrop medications to prevent irreversible and permanent blindness. Santa Ana City Jail officials have confiscated my patient's eye drops and have not provided him with any new eye drops because "the eye drops are for pre-operative care." This statement is completely erroneous and untrue. Glaucoma patients are required to take daily eye drop medications to control their intraocular pressure around the clock. These drops are not simply taken before an operation. They are required **every day** to prevent irreversible blindness. It is obvious that the medical staff at Santa Ana City Jail are not qualified to make any judgements whatsoever regarding the medical necessity of Mr. Smirnov's glaucoma medications. Withholding Mr. Smirnov's eye drops is tantamount to allowing Mr. Smirnoff to go blind which falls below the standard of care of any accredited medical facility. These eye drops are not "Pain-Reducing" medications meant to provide comfort. They are necessary to prevent blindness from glaucoma. Mr. Smirnov's current complaints of pain and blurry vision indicate his intraocular pressure is markedly elevated and his glaucoma is being grossly undertreated. This would be blatantly obvious with a proper examination of Mr. Smirnov's eyes and a measurement of his intraocular pressure which is evidently beyond the capabilities of the jail. Mr. Smirnov will lose a vital bodily function (vision) as a direct result of the negligence committed by the jail officials. In addition, Mr. Smirnoff has requested a release from custody which would allow him the opportunity to have prompt and appropriate surgical therapy for his glaucoma by a qualified and experienced fellowship-trained glaucoma specialist such as myself. By holding Mr. Smirnov in custody and withholding without proper medical care, the United States government is complicit in the loss of his vision.

In my professional opinion Mr. Smirnov's visual health would be best served by releasing him from custody so that I may immediately resume appropriate sight-saving therapy including all necessary glaucoma medications (timolol, brinzolamide, bimatoprost) and promptly schedule and perform his long overdue glaucoma surgery. I am fully qualified, prepared and equipped to provide Mr. Smirnov with the urgent ophthalmologic attention he needs to restore his vision, and I will assume full responsibility for his glaucoma care during the time he is released from custody.

I urge the Court to grant Mr. Smirnov's motion for 1) Immediate restoration of his glaucoma therapy and 2) Release from custody to receive prompt and appropriate glaucoma surgery.

Respectfully submitted,

H. George Tanaka, MD
Co-Director, Glaucoma Service
California Pacific Medical Center
San Francisco, California