DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
* * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:24-CR-00091-ODW |
| v. | ) | |
| | ) | |
| ALEXANDER SMIRNOV, | ) | |
| | ) | |
| Defendant, | ) | |
| ———————————————— | ) | |

## DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO REOPEN DETENTION HEARING AND TO IMPOSE CONDITIONS OF PRETRIAL RELEASE

COMES NOW, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through

his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law

firm of CHESNOFF & SCHONFELD and hereby files his Reply to the Government's Opposition

/ / /

1

(Gov. Opp.") (ECF No. 77) to Mr. Smirnov's Motion to Reopen the Detention Hearing and to Impose Conditions of Pretrial Release ("Def. Mot.") (ECF No. 76).

Dated this 7th day of June, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant respectfully submits this Reply to the Government's Opposition to the Motion to Reopen the Detention Hearing under 18 U.S.C. § 3142(f)(2).[1] In his motion, Mr. Smirnov pointed out that—although his eye disease had been mentioned as early as February 2024—it was only *as recently as May 17, 2024* that Dr. George Tanaka (Mr. Smirnov's personal eye surgeon) offered a dire assessment of his patient's imminent blindness:

- o "[M]y patient, Alexander Smirnov, . . . carries a diagnosis of severe open angle glaucoma in both eyes . . . . [C]ontinued ophthalmologic care is essential to maintain Mr. Smirnov's eyesight.

- o "Glaucoma is a progressive and incurable disease that requires daily eyedrop medications to prevent irreversible and permanent blindness. Santa Ana City Jail officials have confiscated my patient's eye drops . . . because 'the eye drops are for pre-operative care.' This statement is completely erroneous and untrue. Glaucoma patients are required to take daily eye drop medications . . . to prevent irreversible blindness.

- o "Withholding Mr. Smirnov's eye drops is tantamount to allowing [him] to go blind . . . . Mr. Smirnov will lose a vital bodily function (vision) as a direct result of the negligence committed by the jail officials."

- o "In my professional opinion Mr. Smirnov's visual health would be best served by releasing him from custody so that I may immediately resume appropriate sight-saving therapy including all necessary glaucoma medications and promptly schedule and perform his long overdue glaucoma surgery."

Exhibit 1 to Def. Mot. at 1.

In response, the government claims that this Court should not, in the first instance, entertain this new evidence of impending blindness. Instead, the government asserts that—because Mr.

---

[1] "A detention hearing may be reopened if the party requesting reopening presents 'new information.' 18 U.S.C. § 3142(f) (hearing may be reopened 'if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community'); *United States v. Flores*, 856 F. Supp. 1400, 1405–07 (E.D. Cal. 1994)." *United States v. Espinoza*, No. CRS08-0448 JAM, 2009 WL 3614849, at *1 (E.D. Cal. Oct. 27, 2009).

Smirnov complained generally about his eye disease back in February 2024—Dr. Tanaka's far more recent (that is, far newer) assessment is not "new" but is, according to the government, just a recycling of the "same old Smirnov complaint"—one that the government has grown tired of responding to.[2] This Court should thus reject the government's position (one that ignores their months-long failure to provide Mr. Smirnov with eye surgery while trying to portray Mr. Smirnov as a whiner who should just "suck it up" as his world grows darker and blurrier) and entertain Mr. Smirnov's new evidence of blindness, that is, Dr. Tanaka's far newer, May 17, 2024 assessment on the merits.

Substantively—that is, after correctly considering Mr. Smirnov's new proposal on the merits—the government has virtually nothing to say. First, they ignore the substance of the new 24-security proposal and, without that new proposal, misleadingly assert that this Court has ruled against Mr. Smirnov in the past, without this new condition. *See* Gov. Opp. at 1-4 ("once again" rehashing the procedural history).

Elsewhere, the government warns that allowing Mr. Smirnov to pay for his own security would raise the "uncomfortable" (Gov. Opp. at 5, n.3) specter of favoring defendants who happen to *not* be indigent. The government's warning is both empty and baseless. First, it is the *defendant and his family* that will foot the bill for the 24-security. Second—and underscoring the government's egalitarian position—the defendant and his family's offer to pay for Mr. Smirnov's eye surgery (through Dr. Tanaka) and his own security spares the taxpayers the burden of paying for assigned eye surgeons and assigned security. If the prosecution is "uncomfortable" about any aspect of this arrangement, then it should take solace in knowing that the taxpayers will be saved

---

[2] One can almost hear government counsel's exasperation when grousing that Mr. Smirnov is "once again" (Gov. Opp. at 1) insisting upon his constitutional and statutory rights under the Bail Reform Act.

from the expense. *See*, *e.g.*, *United States v. Madoff*, 586 F. Supp. 2d 240, 244 (S.D.N.Y. 2009) (court releases defendant facing long prison sentences on conditions, including defendant's "employ[ment], at his wife's expense, [of] a security firm acceptable to the Government," which will "provide[] round-the-clock monitoring at Madoff's building, 24 hours per day," and which "will provide additional guards available on request if necessary to prevent harm or flight").

For the foregoing reasons and for those set forth in Mr. Smirnov's opening motion, therefore, this Court should entertain his motion to reopen the detention hearing and grant Mr. Smirnov his presumptive release under the previously imposed conditions, the new condition of 24-hour security, and any other conditions this Court deems reasonable to assure his appearance.

DATED this 7th day of June, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

 /s/  David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld