```
DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:    (771) 217-6091
    E-mail:   christopher.rigali2@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-cr-00091-ODW |
|---|---|
| Plaintiff, | [~~PROPOSED~~] ORDER GRANTING GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1) |
| v. | |
| ALEXANDER SMIRNOV, | |
| Defendant. | |

**ORDER**

The Court, having carefully considered the Government's *Ex Parte, In Camera*, Under Seal Motion and Memorandum of Law for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act and Federal Rule of Criminal Procedure 16(d)(1), and the exhibited filed therewith, hereby **GRANTS** the Government's Motion in its entirety.

The Court finds that the Government's Motion was properly filed *ex parte, in camera* for this Court's review, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"). *See United States v. Klimavicius-Vilora*, 144 F.3d 1249, 1261 (9th Cir. 1998).

The Court has conducted an *ex parte*, *in camera* review of the Government's classified Motion and the supporting classified materials.

On the basis of the Court's review of the arguments set forth in the Government's classified Motion and Memorandum of Law, and the supporting classified materials, the Court finds that the classified information referenced in the Government's Motion and Memorandum of Law implicates the state-secrets privilege because the information is properly classified and its disclosure reasonably could be expected to cause harm to the national security of the United States.

In reviewing the Government's request for relief, the Court has applied the Ninth Circuit's precedents applying CIPA, including *United States v. Alahmedalabdaloklah*, 94 F.4th 782 (9th Cir. 2024), *United States v. Sedaghaty*, 728 F.3d 885 (9th Cir. 2003), and *Klimavicius-Viloria*, 144 F.3d 1249 (9th Cir. 1998). Applying those precedents, including the "relevant and helpful" standard governing the disclosure of classified information, the Court hereby **ORDERS** that the Government may proceed in discovery as follows:

(1) Provide substitutions or summaries for certain, identified classified information pursuant to CIPA Section 4;

(2) Make particular redactions to identified Federal Bureau of Investigation ("FBI") documents to be produced in unclassified discovery (pursuant to CIPA Section 4 and Fed. R. Crim. P. 16(d)(1)); and

(3) "Delete" from discovery certain categories of classified material—material that is either not discoverable, not relevant and helpful to the defense, or is otherwise duplicative or cumulative of material being produced to the defense in unclassified discovery

(pursuant to CIPA Section 4).

IT IS FURTHER **ORDERED** that the entire text of the Government's motion, memorandum of law, and accompanying documents and this Order shall not be disclosed to the defense, and shall be sealed and maintained in a facility appropriate for the storage of such classified information by the Classified Information Security Officer as the designee of the clerk of the Court, in accordance with established security procedures, for any future review, until further order of this Court.

IT IS SO ORDERED.

_07-17-2024_
DATE

HONORABLE OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE