DAVID Z. CHESNOFF, ESQ
RICHARD A. SCHONFELD, ESQ.
CHESNOFF & SCHONFELD
520 S. 4th Street
Las Vegas, Nevada 89101
(702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant
Alexander Smirnov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-CR-00091-ODW |
|---|---|
| Plaintiff, | OPPOSITION TO MOTION FOR PROTECTIVE ORDER PURSUANT TO SECTION 3 OF THE CLASSIFIED INFORMATION PROCEDURES ACT (DKT 96) |
| v. | |
| ALEXANDER SMIRNOV, | |
| Defendant. | Hearing Date: September 9, 2024<br>Hearing Time: 1:30pm<br>Location: Courtroom of the Hon. Otis D. Wright II |

Comes Now, Defendant Alexander Smirnov, by and through his counsel of record David Z. Chesnoff, Esq., and Richard A. Schonfeld, Esq., and hereby submits his Opposition to the Government's Motion for Protective Order Pursuant to Section 3 of the Classified Information Procedures Act.

This Opposition is made and based upon the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, and any argument that is heard.

Dated this 8th day of August, 2024.

Respectfully Submitted:
  /s/ Richard A. Schonfeld
RICHADR A. SCHONFELD, ESQ.
DAVID Z. CHESNOFF, ESQ.
520 S. 4th Street
Las Vegas, Nevada 89101
Attorneys for Defendant
Alexander Smirnov

## MEMORANDUM OF POINTS AND AUTHORITIES

The Government has moved this Honorable Court for a Protective Order, that among other things, would: 1) Restrict, and potentially prohibit, the Defendant's access to discovery; 2) Interfere with the Defendant's Sixth Amendment right to counsel by invading the attorney-client and work product privileges; and 3) Impose a restraint upon Defendant's ability to use the unrestricted information that he already possesses, resulting in a prior restraint that violates the First Amendment.

For those reasons, the Defendant opposes the Government's Motion.

**Background:**

The proposed Order prohibits defense counsel from "disclosing" classified information to the Defendant unless the government approves of its display. See, paragraph 6 of the proposed Order. The proposed Order further prohibits the Defendant's counsel from confirming or denying assertions made by the Defendant based upon information that Defendant's counsel has learned from classified information. *Id.*

Specifically, the proposed Order provides:

> The defense shall not disclose classified information to the Defendant – other than material marked "For Display to ALEXANDER SMIRNOV, in United States v. Smirnov, 2:24-cr-0091, absent written permission of the government. Such permitted disclosure of classified information to the Defendant, as noted above, shall only be discussed by the defense within the Secure Area or in an area authorized by the CISO.

These restrictions pose two significant (and, potentially insurmountable) problems: 1) the Government is dictating what discovery the Defendant is permitted to review and/or

be privy to; and 2) in order for the Defendant's counsel to have their client review additional classified material (that is, material that the government has not already unilaterally determined the Defendant can view), the Defendant must reveal its defense strategy to the government when he seeks to review the additional material. This results in a violation of the Sixth Amendment as it requires defense counsel to disclose work product privileged information.

Finally, included with the Government's proposed protective Order is a Memorandum of Understanding Regarding Receipt of Classified Information ("MOU"). At this point, as the government has not provided Defendant's counsel with classified information, they can execute this MOU without difficulty; however, it will be problematic to have the Defendant to sign the MOU.

Specifically, the MOU requires a signature from the Defendant and a representation of "I agree that I shall never divulge, publish, or reveal either by word, conduct or any other means, such classified documents and information unless specifically authorized in writing to do so…"

This provision does not provide any exception to classified information that is already in Defendant's possession or within his knowledge, in an unrestricted capacity, as a result of his having put in over one decade of service to the United States, which includes activity related to national security. Defendant and his counsel are unaware of the Defendant having ever been asked to sign any type of confidentiality agreement. Nor was he ever required to gain security clearance related to his government services. The

government is now attempting to restrain and restrict the Defendant related to information that he already possesses (as opposed to just the information that he potentially receives from the government's classified information discovery disclosure). This restriction is a prior restraint that is prohibited under the First Amendment.

**Statement of the Law:**

"CIPA procedures . . . endeavor to harmonize a defendant's right to a fair trial with the government's right to protect classified information." *United States v. Sedaghaty*, 728 F.3d 885, 903–05 (9th Cir. 2013) (citing *United States v. Abu–Jihaad*, 630 F.3d 102, 140 (2d Cir. 2010)). "While the government must safeguard classified information . . . , 'courts must not be remiss in protecting a defendant's right to a full and meaningful presentation of his claim to innocence.'" *Sedaghaty*, 728 F.3d at 903 (quoting *United States v. Fernandez*, 913 F.2d 148, 154 (4th Cir. 1990). As shown below, however, the government's proposed protective Order skews this "CIPA balance" almost entirely to the detriment of Defendant's constitutional interests.

    I.    **Restricting Defendant's Access to Discovery:**

As shown above, and outlined in paragraph 6 of the proposed Order, the government plans to disclose classified information to defense counsel that cannot (in the first instance) be shown to, or even discussed with, the Defendant. This plan creates several constitutional, prejudicial roadblocks.

**A. Restricting Access:**

Every criminal defendant in an Article III proceeding has a panoply of rights that the Court is duty-bound to protect, even in the face of the Government's interest in keeping sensitive or damaging evidence secure. See, e.g., *Chambers v. Mississippi*, 410 U.S. 284, 302(1973) ("Few rights are more fundamental than that of an accused to present witnesses in his own defense."); *Washington v. Texas*, 388 U.S. 14, 19 (1967) ("The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense.... This right is a fundamental element of due process of law.").

While a defendant's rights may need to be satisfied by something less than complete disclosure of classified discovery, his constitutional rights do not evaporate simply due to the Government's national security concerns in this or that particular case. As the Fourth Circuit stated in *United States v. Fernandez*, 913 F.2d 148, 154 (4th Cir. 1990):

> [T]the government is simultaneously prosecuting the defendant and attempting to restrict his ability to use information that he feels is necessary to defend himself against the prosecution. Although CIPA contemplates that the use of classified information be streamlined, courts must not be remiss in protecting a defendant's right to a full and meaningful presentation of his claim to innocence.

Here, the government proposes to unilaterally choose what information the Defendant can view, and moreover, what Defendant's counsel can even discuss with him.

The Court should deny the government's attempt to unfairly restrict the Defendant's access to discovery.

**B. Sixth Amendment Violation:**

"[I]t has long been recognized that the essence of the Sixth Amendment right is privacy of communication with counsel." *Weatherford v. Bursey*, 429 U.S. 545, 563 (1977) (Marshall, J., dissenting) (internal quotation marks and ellipsis omitted). The attorney-client privilege is the oldest privilege for confidential communications known to the common law. See *Upjohn v. Co. v. United States*, 449 U.S. 383, 389. The Ninth Circuit has held (in the Fourth Amendment context) that "[i]t is axiomatic" that the privilege confers upon a client "an expectation of privacy in his or her confidential communications with the attorney." *DeMassa v. Nunez*, 770 F.2d 1505, 1506 (9th Cir. 1985) (citing authorities); *accord In re Osterhoudt*, 722 F.2d 591, 593 (9th Cir. 1983) (explaining that the purpose of the privilege is "to protect every person's right to confide in counsel free from apprehension of disclosure of confidential communications"). See also *Bittaker v. Woodford*, 331 F.3d 715, 723 n. 7 (9th Cir. 2003) (suggesting that the attorney-client privilege helps to ensure a defendant's Sixth Amendment right to "effective assistance" of counsel). The Seventh Circuit has similarly explained that "[t]he basis for the privilege is to afford the client a reasonable expectation of privacy and confidentiality with regard to disclosures made during the course of consultation with his attorney." *In re January 1976 Grand Jury*, 534 F.2d 719, 728 (7th Cir. 1976); *see also Trammel v. United States*, 445 U.S. 40, 51 (1980) (explaining that the privilege "rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out").

Here, for the Defendant to be potentially granted access to classified information discovery that the government has not unilaterally deemed him fit to view, Defendant's counsel must communicate a basis upon which the Defendant should be permitted to have expanded access to the restricted discovery. That would necessitate a divulging of work product, and potentially communication between Defendant and his counsel.

The work-product doctrine covers documents or materials prepared by an attorney or an attorney's agent in preparation for litigation and protects such documents or materials from discovery. *See, e.g., United States v. Nobles*, 422 U.S. 225, 238-39 (1975). This doctrine is essential to the attorney-client relationship because attorneys must "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). "Proper preparation of a client's case demands that [a lawyer] assemble information, sift what he considers to be relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Id.* at 511. Together, "the attorney-client privilege and the work-product doctrine jointly support the Sixth Amendment's guarantee of effective assistance of counsel." *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 174 (4th Cir. 2019).

II. **Retroactive Restriction on Defendant's Current Knowledge of Information:**

The First Amendment prohibits imposition of a prior restraint on Defendant's ability to communicate about information that was already in his possession before entry of a CIPA protective order.

Where, as here, a protective order seeks to limit a party's use of information already in his possession, custody, or control, it constitutes a "judicial order[ ] *forbidding* certain communications [and] issued in advance of the time that such communications [would] occur," i.e., a prior restraint on speech. *Alexander v. United States*, 509 U.S. 544, 550 (1993) (emphasis in original). A court's entry of an order that serves as a prior restraint on speech is "one of the most extraordinary remedies known to our jurisprudence" and is thus subject to strict scrutiny. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 562 (1976). Accordingly, prior restraints are only warranted where the government establishes that "(1) the activity restrained poses either a clear and present danger or a serious imminent threat to a protected competing interest; (2) the order is narrowly drawn; and (3) less restrictive alternatives are not available." *Levine v. U.S. Dist. Court for Cent. Dist.*, 764 F.2d 590, 595 (9th Cir. 1985) (internal citations omitted).

The government cannot clear this high bar for enjoining Defendant's free speech rights. Specifically, it has not identified a "clear and present danger or serious imminent threat" that would result from disclosure of the information that Defendant already possessed, in an unrestricted manner, from his years of service to the United States.

Additionally, the proposed protective order is not narrowly drawn, nor has the government articulated why restricting Defendant now, after having imposed no restrictions on him for over a decade, that is the least restrictive alternative available to accomplish its purported goals.

Because the government cannot demonstrate why a prior restraint on Defendant's speech is appropriate in this case, this Court should deny the government's motion as it relates to any restriction on information that is already within Defendant's knowledge.

Dated: August 8, 2024

CHESNOFF & SCHONFELD

   /s/ Richard A. Schonfeld
DAVID Z. CHESNOFF, ESQ.
RICHARD A. SCHONFELD
520 S. 4th Street
Las Vegas, Nevada 89101
Attorneys for Defendant
Alexander Smirnov