DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6090
    E-mail: LJW@usdoj.gov, DEH@usdoj.gov
    E-mail: SFM@usdoj.gov; CMR@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALEXANDER SMIRNOV,<br><br>    Defendant. | No. CR 2:24-cr-00091-ODW<br><br>GOVERNMENT'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY THE SPECIAL COUNSEL AND DISMISS THE INDICTMENT IN THIS CASE<br><br>Hearing Date: August 26, 2024<br>Hearing Time: 11:30 a.m.<br>Location: Courtroom of the Hon. Otis D. Wright II |

    The United States of America, by and through its counsel of record, hereby submits this sur-reply in support of its opposition to the defendant's motion to disqualify the special counsel and dismiss the indictment. In his reply brief, the defendant raises a new argument—that the indictment exceeds the scope of the Appointment Order—and the government briefly addresses that argument here. *See* ECF 102 ("Def.'s Reply") at 1-5. Like his other arguments, this argument lacks merit, and the Court should deny his motion.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 14, 2024 | Respectfully submitted, |
| 3 | | |
| | | DAVID C. WEISS |
| 4 | | Special Counsel |
| 5 | | |
| 6 | | /s/ _____ |
| 7 | | |
| | | LEO J. WISE |
| 8 | | Principal Senior Assistant Special Counsel |
| 9 | | |
| | | DEREK E. HINES |
| 10 | | Senior Assistant Special Counsel |
| 11 | | |
| | | SEAN F. MULRYNE |
| 12 | | CHRISTOPHER M. RIGALI |
| 13 | | Assistant Special Counsels |
| 14 | | United States Department of Justice |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ARGUMENT

For the first time in his reply brief, the defendant raises a new argument: that the indictment exceeds the scope of Special Counsel Weiss's Appointment Order because the indictment charges a third party instead of Robert Hunter Biden. As an initial matter, the defendant did not raise this argument in his motion, so the argument is waived. *United States v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008) ("[A]rguments raised for the first time in a reply brief are generally considered waived."). In any event, the defendant's arguments fail on the merits.

The defendant's argument that Special Counsel Weiss's Appointment Order "was crafted narrowly to apply—as the only named target—to Robert Hunter Biden" is contradicted by the plain text of the Appointment Order. *See* Def.'s Reply at 1. First, the Appointment Order recognizes that the scope of Special Counsel Weiss's existing investigation was already broader than just Robert Hunter Biden, stating that since 2019, Special Counsel Weiss has been investigating "allegations of certain criminal conduct by, *among others*, Robert Hunter Biden." Att'y Gen. Order No. 5730-2023, Appointment of David C. Weiss as Special Counsel (Aug. 11, 2023), perma.cc/LY96-QUZJ ("Appointment Order") (emphasis added). Then, the Appointment Order states that Special Counsel Weiss "is authorized to conduct the ongoing investigation described above, *as well as any matters that arose from that investigation or may arise from the Special Counsel's investigation* or that are within the scope of 28 C.F.R. § 600.4(a)." *Id.* (emphasis added). By its own terms, the Appointment Order allows Special Counsel Weiss to pursue "any matters" that arise from the investigation, not just prosecutions regarding Robert Hunter Biden. Because this prosecution was a matter that "arose from" Special Counsel Weiss's investigation, the Appointment Order clearly authorizes Special

Counsel Weiss to prosecute the case.[1] *See United States v. Manafort*, 312 F. Supp. 3d 60, 65 (D.D.C. 2018) (upholding appointment order permitting Special Counsel Mueller to prosecute "any matters that arose or may arise directly from" previous investigation); *United States v. Manafort*, 321 F. Supp. 3d 640, 650-52 (E.D. Va. 2018) (same); *United States v. Concord Mgmt. & Consulting LLC*, 317 F. Supp. 3d 598, 626 (D.D.C. 2018) (same).

The defendant appears to argue that because certain steps in the investigation that led to this prosecution began in July 2023, when Weiss was acting in his capacity as United States Attorney, this prosecution does not fall within the scope of the later-issued Appointment Order. Def.'s Reply at 3. The defendant ignores the text of the Appointment Order, which expressly states that Special Counsel Weiss is authorized to prosecute "any matters that arose from" the existing investigation into Robert Hunter Biden and "others." *See* Appointment Order. That authorization clearly encompasses this matter. *See Manafort*, 312 F. Supp. 3d at 65-66 (noting that valid prosecution was "already a part of the ongoing inquiry that was lawfully transferred to the Special Counsel"); *see also* Ind., ¶¶ 41-42, ECF 1.

The defendant also claims that Special Counsel Weiss was required to seek additional authority pursuant to 28 C.F.R. § 600.4(b)[2] to bring this prosecution. *See* Def.'s

---

[1] The defendant's citation to *Manafort v. U. S. Dep't of Just.*, 311 F. Supp. 3d 22 (D.D.C. 2018), is inapposite. In that case, the plaintiff brought a civil case under the Administrative Procedure Act seeking to enjoin his simultaneous ongoing criminal prosecution for alleged Appointments Clause violations. *Id.* at 24. The court dismissed the civil action because, in part, it concluded that the criminal case gave the plaintiff an "adequate remedy at law in the form of" a motion to dismiss. *Id.* at 32. This is a criminal case in which the defendant has filed a motion to dismiss. That holding therefore does not apply here.

[2] The defendant appears to confuse § 600.4(a) with § 600.4(b). Section 600.4(a), which is specifically referenced in the Appointment Order, governs the Special Counsel's "[o]riginal jurisdiction" and merely states that:

*(footnote cont'd on next page)*

2

Reply at 4. But because this prosecution is a matter that arose from the investigation of Robert Hunter Biden, it is explicitly authorized by the scope of authorized authority in the Appointment Order. The defendant's motion fails to establish that there is no connection between the investigation of him and the Special Counsel's investigation of Robert Hunter Biden such that this matter was not one that "arose" from that investigation. Indeed, the defendant's reply ignores that he chose to make false claims about *Robert Hunter Biden* and that he met with investigators working with the Special Counsel in September 2023, where he shared more false information about *Robert Hunter Biden*. *See e.g.,* Ind., ¶ 6. Clearly, this matter is one that arose from the investigation of Robert Hunter Biden, and the defendant fails to provide any facts proving it was not. Special Counsel Weiss does not need to seek any "additional jurisdiction beyond that specified in his [] original jurisdiction" pursuant to § 600.4(b). *Cf. Manafort*, 312 F. Supp.

> The jurisdiction of a Special Counsel shall be established by the Attorney General. The Special Counsel will be provided with a specific factual statement of the matter to be investigated. The jurisdiction of a Special Counsel shall also include the authority to investigate and prosecute federal crimes committed in the course of, and with intent to interfere with, the Special Counsel's investigation, such as perjury, obstruction of justice, destruction of evidence, and intimidation of witnesses; and to conduct appeals arising out of the matter being investigated and/or prosecuted.

Section 600.4(b), which is incorporated by reference into the Appointment Order, governs "[a]dditional jurisdiction" and states that:

> If in the course of his or her investigation the Special Counsel concludes that additional jurisdiction beyond that specified in his or her original jurisdiction is necessary in order to fully investigate and resolve the matters assigned, or to investigate new matters that come to light in the course of his or her investigation, he or she shall consult with the Attorney General, who will determine whether to include the additional matters within the Special Counsel's jurisdiction or assign them elsewhere.

The government proceeds as though the defendant is referencing § 600.4(b), because his arguments pertain to "supplemental" authority. *See* Def.'s Reply at 4.

3d at 81 (explaining that appointment order permitting Special Counsel Mueller to include "matters that arose or may arise directly from the investigation" did not need authorization of additional jurisdiction under § 600.4(b)). Accordingly, the defendant's arguments about § 600.4 are irrelevant.

## II.   CONCLUSION

Accordingly, for the reasons set forth above, as well as those in the government's opposition to the defendant's motion to dismiss, the Court should deny the defendant's motion to dismiss.