DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
\* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALEXANDER SMIRNOV, ) <br> ) <br> Defendant, ) <br> _____ ) | CASE NO. 2:24-CR-00091-ODW <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNT TWO OF THE INDICTMENT** <br><br> **Honorable Otis D. Wright II** <br> **September 23, 2024 at 10:00 a.m.** |

PLEASE TAKE NOTICE that on September 23, 2024, or as soon thereafter as counsel may be heard, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD, will ask this

1

Honorable Court to enter an order Dismissing Count Two of the Indictment pursuant to the authority vested in Federal Rule of Criminal Procedure 12(b)(3)(B).

This Motion is made and based upon the attached Memorandum of Points and Authorities, the papers and pleadings on file herein, and any argument that is heard.

On August 19, 2024, defense counsel conferred with the United States Government who will oppose this Motion and will assert that the Indictment pleads facts to support the elements of the charge in Count two.

Dated this 19th day of August, 2024.

                                      Respectfully Submitted:

                                      CHESNOFF & SCHONFELD

                                      /s/ David Z. Chesnoff
                                      DAVID Z. CHESNOFF, ESQ.
                                      *Pro Hac Vice*
                                      RICHARD A. SCHONFELD, ESQ.
                                      California Bar No. 202182
                                      520 South Fourth Street
                                      Las Vegas, Nevada 89101
                                      Telephone: (702)384-5563
                                      dzchesnoff@cslawoffice.net
                                      rschonfeld@cslawoffice.net
                                      Attorneys for Defendant
                                      ALEXANDER SMIRNOV

# MEMORANDUM OF POINTS AND AUTHORITIES

**A.    Background**

Mr. Smirnov was charged by way of a two-count Indictment filed on February 14, 2024.  The Indictment charged Mr. Smirnov with: 1) Making False Statements to a Government Agent, in violation of 18 U.S.C. § 1001; and 2) Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519.

The Indictment alleges that Mr. Smirnov served as a confidential human source ("CHS") for the FBI for several preceding years. As to Count two, the Indictment asserts:

> Between on or about June 26 and 30, 2020, in the Central District of California, the defendant, ALEXANDER SMIRNOV, did knowingly cause the making of a false entry in an FBI Form 1023, a record and document, with the intent to impede, obstruct, and influence a matter that the Defendant knew and contemplated was within the jurisdiction of the United States Department of Justice, a department and agency of the United States, in violation of Title 18, United States Code, Section 1519, and Title 18, United States Code, Section 2.

This recitation is defective. The Indictment, as shown, fails to allege the requisite elements of an offense under 18 U.S.C. § 1519: it fails to allege that on June 26 and June 30, 2020, Mr. Smirnov knowingly falsified a record that was part of an actual or contemplated investigation.

Equally defective is paragraph 23, which alleges:

> On or about June 26, 2020, FBI Pittsburgh contacted the Handler regarding the 2017 1023. That same day, the Handler spoke with the Defendant [Mr. Smirnov], who was in Los Angeles, by telephone. The information the Defendant provided the Handler was memorialized on a Form 1023 (hereafter the "2020 1023"), an official record of the FBI, which was finalized on June 30, 2020.

In fact—and, reinforcing the Indictment's failure to state a required element of the charged offense (*viz*., that there be an actual or contemplated investigation)-- the Indictment instead refers to the recited information as being a "non-relevant" discussion regarding the uncharged Hunter Biden.

Thus, paragraph 24 states in part:

> During their call on June 26, 2020, when the Handler asked the Defendant about the "brief, non relevant discussion about former [Public Official 1]'s son, [Businessperson 1], who is currently on the Board of Directors for Burisma Holdings," the Defendant described, for the first time, two purported meetings and two purported phone calls with various Burisma executives where Businessperson 1 and Public Official 1 were discussed.

Accordingly, the Indictment states only that the alleged (and, supposedly unlawful) June 26, 2020 conversation pertained to the Government characterized as a prior "non-relevant" discussion. Tellingly, there is no allegation in the Indictment that Mr. Smirnov intended to create a false record (or even knew that a record would be created) related to an actual or contemplated investigation of Hunter Biden.

B.  **Statement of the Law:**

The foregoing defects compel dismissal of Count two. Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss an indictment that "fail[s] to state an offense." In considering such a motion, a court must, first, accept the Indictment's allegations as true and, second, "analyz[e] whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). To determine whether a "cognizable offense" has been charged, "the district court is bound by the four corners of the indictment." *Id*. A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986).

To repel a challenge under 18 U.S.C. § 1519, as charged in Count two, the government bears the burden of alleging facts to demonstrate that: "(1) [Mr. Smirnov] knowingly falsified a record or document; (2) [Mr. Smirnov] acted with the intent to impede, obstruct, or influence an actual or contemplated investigation; *and* (3) the investigation concerned a matter within the jurisdiction of the U.S. Department of Justice or the Federal Bureau of Investigation." *United States v. Gonzalez*, 906 F.3d 784, 793 (9th Cir. 2018) (emphasis added).

Applying these principles to the present case yields a straightforward result. An express element of a Section 1519 offense is that the Defendant intended to

obstruct an actual or contemplated investigation. *United States v. Katakis*, 800 F.3d 1017, 1023 (9th Cir. 2015); here, however, there is no assertion in the Indictment that there was an actual or contemplated investigation *or* that the alleged June 26, 2020 conversation was *part* of that unstated "investigation." Moreover, there is no assertion that Mr. Smirnov was aware that an FBI form 1023 would be created as a result of the alleged conversation.

Accordingly, the Indictment as to Count two is facially deficient as it fails to assert that: 1) Mr. Smirnov had knowledge that an FBI form 1023 would be created; 2) Mr. Smirnov acted with intent to falsify any such record; and most significant, 3) that there was an actual or contemplated investigation of Hunter Biden.

## C. Conclusion

For the foregoing reasons, Mr. Smirnov respectfully requests that this Court grant this motion and dismiss Count two of the Indictment.

DATED this 19th day of August, 2024.

                                            Respectfully Submitted:

                                            CHESNOFF & SCHONFELD

                                             /s/  David Z. Chesnoff
                                            DAVID Z. CHESNOFF, ESQ.
                                            *Pro Hac Vice*
                                            RICHARD A. SCHONFELD, ESQ.
                                            California Bar No. 202182
                                            520 South Fourth Street
                                            Las Vegas, Nevada 89101
                                            Telephone: (702)384-5563
                                            rschonfeld@cslawoffice.net
                                            dzchesnoff@cslawoffice.net
                                            Attorneys for Defendant
                                            ALEXANDER SMIRNOV

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld