DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
* * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CR-00091-ODW |
| | ) | |
| ALEXANDER SMIRNOV, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

### REPLY IN SUPPORT OF MOTION TO DISMISS
### COUNT TWO OF THE INDICTMENT

COMES NOW, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD and hereby files his Reply to the Government's Opposition ("Gov. Opp.") (ECF No. 120) to Mr. Smirnov's Motion to Dismiss Count Two of the Indictment ("Def. Mot.") (ECF No. 107), pursuant to the authority vested in Federal Rule of Criminal

1

1 | Procedure 12(b)(3)(B).

2 |     Dated this 5th day of September, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

 /s/  David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

2

**REPLY MEMORANDUM**

**A.    Discussion**

The arguments raised in the Government's Opposition lack merit. Count Two of the instant Indictment (ECF No. 1) charges a violation of 18 U.S.C. § 1519, which provides:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States . . . or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519.

As noted in *Yates v. United States*, 574 U.S. 528, 536 (2015), this provision "was intended to prohibit, in particular, corporate document-shredding to hide evidence of financial wrongdoing"—actions and mental states having nothing to do with the present case. But even under an expansive reading, the statute still requires the government to prove beyond a reasonable doubt that: "(1) [Mr. Smirnov] knowingly falsified a record or document; (2) [Mr. Smirnov] acted with the intent to impede, obstruct, or influence *an actual or contemplated investigation*; and (3) the investigation concerned a matter within the jurisdiction of the U.S. Department of Justice or the Federal Bureau of Investigation." *United States v. Gonzalez*, 906 F.3d 784, 793 (9th Cir. 2018) (citing *United States v. Katakis*, 800 F.3d 1017, 1023 (9th Cir. 2015)).

Count Two of the Indictment against Mr. Smirnov, however, fails to specifically charge the "actual or contemplated investigation" that his statements are alleged to have obstructed. In lieu of this deficit, the Government essentially asserts that, as an informant, Mr. Smirnov *must have known* 1) that there was (or, would be at some point) *some* sort of federal investigation into Hunter Biden and 2) that Mr. Smirnov "should have known" that his representations—dismissed initially by the Government as a mere "non-relevant" discussion, *see* Def. Mot. at 4—obstructed

that never-specified investigation, thus giving rise to Count Two. *Compare, e.g.*, Def. Mot. at 3-4 (quoting sections of the Indictment that fail to specifically allege "an actual or contemplated investigation" within the meaning of *Gonzalez*, 906 F.3d at 793), *with* Gov. Opp. at 12-13 (theorizing that—based on nothing more than his "lengthy experience" as an informant and bald assertions about what Mr. Smirnov purportedly "knew" from that experience—he also "certainly knew that the information he provided his FBI handler . . . could influence a contemplated, if not actual, investigation"); *see also id*. at 13 n.2 (for purposes of one of their arguments, Government dismisses the FBI handler's conversation with Mr. Smirnov as a "brief, non-relevant discussion" while—for purposes of bolstering claim that Mr. Smirnov "certainly" possessed the requisite *mens rea* to support Count Two—Government relies upon other such representations). Because the "four corners" of the Indictment do not charge a "cognizable offense" (*see United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002)), this Court should dismiss Count Two.

      To the extent the Government reads the precedent to stand for the proposition that an Indictment provides adequate notice by simply reciting the bare bones of an underlying offense, Mr. Smirnov respectfully disagrees. *See, e.g.*, Gov. Opp. at 5-6 (citing, among other cases, *United States v. Hinton*, 222 F.3d 664 (9th Cir. 2000), *United States v. Buckley*, 689 F.2d 897 (9th Cir. 1982), and *United States v. Mancuso*, 718 F.3d 780 (9th Cir. 2013)). To the contrary—and despite the Government's efforts to rewrite it—the Indictment (as presently constituted) provides Mr. Smirnov with nothing more than hints and suggestions about what he actually *did* to violate a specific, identified *element* of the statute underlying Count Two. *See* Def. Mot. at 5 (discussing cases, including *Gonzalez*, 906 F.3d at 793, which require that the "four corners of the indictment" must, in the Section 1519 context, specifically set forth the "actual or contemplated investigation" Mr. Smirnov is charged with violating) (quoting *Boren*, 278 F.3d at 914 and *Gonzalez*, 906 F.3d at 793). Indeed, even *Mancuso* (which the Government cites, *see* Opp. at 6) itself quotes

Reconstruction-era Supreme Court precedent demanding that an Indictment "fully, directly, and expressly, without *any* uncertainty or ambiguity, set forth *all* the elements necessary to constitute the offence intended to be punished." 718 F.3d at 790 (emphasis added) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). Because it does not comply with *Carll*'s centuries-old mandate, the present Indictment fails.

**B.     Conclusion**

For these reasons and for those set forth in our opening papers, Mr. Smirnov respectfully requests that this Court grant this motion and dismiss Count Two of the Indictment (ECF No. 1)..

DATED this 6th day of September, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld