DAVID Z. CHESNOFF, ESQ.
Pro Hac Vice
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

* * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 2:24-CR-00091-ODW |
| Plaintiff, ) | |
| ) | DEFENDANT'S *EX PARTE* |
| v. ) | MOTION TO CONTINUE |
| ) | TRIAL DATE AND FOR FINDINGS |
| ALEXANDER SMIRNOV, ) | TO EXCLUDE CERTAIN TIME |
| ) | PERIODS UNDER THE SPEEDY |
| ) | TRIAL ACT |
| Defendant, ) | |
| _____ ) | Honorable Otis D. Wright II |

COMES NOW, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD, and hereby moves this Honorable *Court Ex Parte* to enter an order granting Defendant's Motion to Continue Trial Date for approximately 120 days, to April 1, 2025, and for Findings to Exclude Certain Time Periods from Computation Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1).

1  This *Ex Parte* Motion is made and based upon the attached Memorandum of Points and
2  Authorities, Declaration of Counsel, and Defendant's speedy trial waiver, and any argument
3  that may be heard.
4  The government has advised the undersigned that it opposes Mr. Smirnov's Motion.
5  Dated this 26th day of September 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant ALEXANDER SMIRNOV

## MOTION TO CONTINUE AND FOR
## FINDINGS TO EXCLUDE UNDER 18 U.S.C. § 3161(h)(1)

Defendant, through his attorneys, respectfully requests a continuance of the December 3, 2024 trial date (*see* Dkt. 65, Order Continuing Trial Date and Findings) (Apr. 12, 2024), for approximately 120 days, or to a date not sooner than April 1, 2025.

**A.   Statutory Overview: Speedy Trial Act**

(h)   The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence: . . .

> (7)   (A) Any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel . . . , if the judge granted such continuance on the basis of his findings that *the ends of justice served by taking such action outweigh the best interest of the public . . . in a speedy trial.* No such period of delay resulting from a continuance . . . shall be excludable . . . unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
>> (i) Whether the failure to grant such a continuance in the proceeding would . . . result in a *miscarriage of justice.*
>> (ii) Whether the case is *so unusual* or so complex . . . that it is unreasonable to expect *adequate preparation* for pretrial proceedings or for the trial itself within the time limits established by this section . . . .
>> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would *deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.*
>
> (C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation . . . .

18 U.S.C. § 3161(h)(7) (emphases added).

**B.     Discussion**

Mr. Smirnov is charged by a two-count Indictment with: 1) Making False Statements to a Government Agent, in violation of 18 U.S.C. § 1001; and 2) Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519. *See* Dkt. 1 (Feb. 14, 2024).

Mr. Smirnov was ordered detained on February 26, 2024 (Dkt. 46) and has remained in custody since that time. Moreover, for several months earlier this year, Mr. Smirnov was housed in the Special Housing Unit ("SHU") of the MDC-LA, where access to him had been restricted and where discovery review was severely hampered by various access restrictions. Fortunately, now that he is detained in another location, his attorneys (Messrs. Chesnoff and Schonfeld, who are based in Las Vegas) can visit him in Los Angeles more easily and, during those meetings, review discovery with him on a laptop. It is also helpful that his local counsel Mr. Khoury (who is not as versed in the litigation) can visit him more easily.

On April 12, 2024, this Court, based on the parties' Joint Stipulation, entered an Order continuing the trial date from April 23, 2024 to December 3, 2024, and making findings in support of excluding certain time periods under the Speedy Trial Act. *See* Dkt. 65 at 1-3. The Government first started producing discovery on or about April 5, 2024, and as described below, the discovery has been voluminous. Given the amount of discovery, and the time required to review said discovery, the less than six months to date that defense counsel has had since the first production is not adequate time to prepare and it is respectfully submitted that the requested continuance is reasonable.

Not counting the Classified Information (discussed below), the discovery in this case is voluminous. It includes two separate, 2-Terabite hard drives with icloud files, iOS messages,

pictures, and pdf documents. To take but one example, one set of text messages between Mr. Smirnov and a single recipient exceeds 3,000 pages. Moreover, the seven sets of discovery produced by the government to date include: approximately 3,521,515 messages (within all messaging applications); approximately 30 hours of audio and video; approximately 1,018,359 pictures, audio, and video files; approximately 26,877 documents from Word, Excel, Powerpoint, and various notes; and approximately 4,282 pages of documents related to warrants, reports, and messages between Smirnov and his handler. Despite their diligence in representing Mr. Smirnov, defense counsel—who are, of course, constitutionally obligated to review *all* the discovery—have only been able to review a fraction of the voluminous discovery that the government has produced to date. *See, e.g., United States v. McCarns*, 900 F.3d 1141, 1145 (9th Cir. 2018) (district court provides adequate explanation for continuance where the court indirectly "reference[d] . . . the § 3161(h)(7)(B) factors, sufficiently explain[ed] [its] reasons for its 'ends of justice' findings . . . [and cited] the need to review voluminous discovery . . . and the parties' need for more time for adequate preparation.").

In addition to producing the "viewable" discovery discussed above, the government has implemented the procedures in the Classified Information Procedures Act ("CIPA") in this case. Under this regime, Mr. Smirnov's attorneys have been put through the necessary, but time-consuming process of applying for their security clearances (recently receiving interim clearance), which are needed to view the Classified Information. The Classified Information is maintained at a Secure Area in Los Angeles; and the Secure Area is maintained through coordination by the Classified Information Security Officer and the Court.

Having received their interim security clearances and coordinated with the appropriate security officers, Mr. Smirnov's attorneys were first permitted to view said material (in person

and in Los Angeles) in the Secure Area on September 20, 2024. The defense attorneys are prohibited from discussing Classified Information (even with each other) outside of that Secure Area. Accordingly, for counsel even to be able to discuss the Classified Information among themselves, they must be physically present at the Secure Area in Los Angeles. Mr. Smirnov anticipates that this just-started "secured review"—coupled with a complete review of the voluminous "viewable discovery"—may require him to file additional pretrial motions, and will cause him the need to file motions *in limine*.[1]

    Moreover, the undersigned attorneys are diligently attempting to locate a percipient witness in Ukraine, who will bolster Mr. Smirnov's case preparation. Clearly, in light of the ongoing warfare in and around that country, the defense attorneys have not, to date, been able to make contact with that necessary and important defense witness.

    It should be noted that counsel for Mr. Smirnov have been diligent in their preparation of the defense for Mr. Smirnov, which has included the filing of a Motion to Disqualify Special Counsel (Dkt 93), a Motion for Access to CIPA section 4 filing (Dkt 98), a Motion to Dismiss (Dkt 107), as well as associated replies. Defense counsel has also engaged in processes under CIPA.

    In addition, counsel for Mr. Smirnov will be issuing *Touhy* requests to the United States Government, so that subpoenas can be issued to Department of Justice employees for testimony as well as records. Counsel has been continuously preparing Mr. Smirnov's defense and only recently determined the need for *Touhy* requests. The *Touhy* process can be time

---

[1] Counsel notes that their first viewing of the Classified Information had been initially scheduled to take place on September 16, 2024; however, due to a scheduling conflict on the Court's end, the viewing had to be delayed.

consuming in terms of the Government making a determination as to their position and in terms of the government gathering the documents that are requested.

Accordingly, the additional time commitment needed to prepare for this case—including but not limited to the circumstance of two out-of-state attorneys whose client is confined in the Los Angeles MDC and whose classified discovery can be viewed only in person, and under stringent conditions—is significant. Stated conversely, despite having acted diligently in representing Mr. Smirnov in this Court and the Ninth Circuit from February to the present date, there is no reasonable possibility for the defense attorneys to effectively represent Mr. Smirnov at a trial set to begin in December, as required by the Sixth Amendment. *See, e.g., United States v. Vheru*, No. CR 07-137-DSF, 2009 WL 151165, at *1 (C.D. Cal. Jan. 22, 2009) (crediting, among other factors supporting "ends of justice" continuance, that defense counsel needs "adequate time to prepare to represent the defendant effectively at trial" and has "exercise[d] . . . due diligence") (unpublished).

Given the foregoing, the "specific underlying factual circumstances" of this case show that a continuance will 1) serve the "ends of justice" and 2) avoid a "miscarriage of justice," under subsections (h)(7)(A) and (h)(7)(B)(i), respectively. *See United States v. Pollock*, 726 F.2d 1456, 1461 (9th Cir. 1984) ("'[E]nds of justice' exclusion . . . was to be based on specific underlying factual circumstances.") (citing *United States v. Nance*, 666 F.2d 353, 355–56 (9th Cir.), *cert. denied*, 456 U.S. 918 (1982)).

**C.    Conclusion and Waiver**

For these reasons, Mr. Smirnov requests the Court find that: (a) taking into account the exercise of due diligence, a failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, due to counsel's need for additional time

to adequately prepare, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv); (b) a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i); (c) the additional time requested is a reasonable period of delay of only approximately 120 days; (d) the ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendant in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and (e) the additional time requested between the current trial date of December 3, 2024, and the new trial date is necessary to provide counsel for the defendant reasonable time to prepare for trial considering counsel's schedule and all of the facts set forth above.

Mr. Smirnov has executed a speedy trial waiver acknowledging that he is giving up his speedy trial right under the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, and agreeing that the period from December 3, 2024, to no sooner than April 1, 2025, shall be an excludable period of time pursuant to 18 U.S.C. § 3161(h)(7)(A). The waiver will be filed with this motion. Therefore, counsel respectfully requests a continuance of the trial date to April 1, 2025. Counsel further asks the Court to exclude the period from the date of the Court's order to the new trial date for purposes of computing the time limitations imposed by the Speedy Trial Act.

DATED this 26th day of September 2024.

Respectfully submitted,

s/ David Z. Chesnoff
s/ Richard A. Schonfeld
CHESNOFF & SCHONFELD
Attorneys for Alexander Smirnov

## DECLARATION OF COUNSEL

I, David Z. Chesnoff, do hereby declare that the following statements are true and correct:

I am co-counsel of record for Defendant Alexander Smirnov in this case.

1. Undersigned counsel, in conjunction with counsel Richard A. Schonfeld, Esq., conferred with counsel for the government. The government opposes a continuance of the trial.

2. For the reasons explained in the underlying *Ex Parte* Motion, it is difficult for defense counsel to effectively represent Mr. Smirnov at a jury trial beginning December 3, 2024, even given the due diligence that counsel has exercised to date. Those reasons why a trial starting on December 3, 2024 is constitutionally unfeasible include: a) The difficulty counsel experienced communicating with Mr. Smirnov (much less preparing for trial with him) during his prior, detention in the MDC-LA's Special Housing Unit, especially given that his two lead defense attorneys are based in Las Vegas, Nevada; b) the voluminous discovery produced by the government in seven separate disclosures; c) the security-based difficulty of reviewing the additional discovery made available under the Classified Information Procedures Act ("CIPA"), which (among the many other restrictions attending that statute) required defense counsel to obtain security clearances; requires counsel to view the CIPA-discovery in a Secure Area in Los Angeles; prohibits counsel from discussing the CIPA-discovery (even among themselves) anywhere other than in the Secure Area; and d) the difficulty of locating and conferring with at least one defense witness located in Ukraine.

Accordingly, the factors set forth in 18 U.S.C. § 3161(h)(7) support a continuance of approximately 120 days, which is necessary to avoid a "miscarriage of justice."

3. Together with the underlying *Ex Parte* Motion to Continue the Trial, Mr. Smirnov, after conferring with his attorneys, has executed a knowing and voluntary Waiver of his Speedy Trial

1

rights, and approving of the proposed continuance. That Waiver will be filed together with the *Ex Parte* Motion.

4. Undersigned counsel, in conjunction with counsel Schonfeld, has also notified counsel for the government via email of the filing of this *Ex Parte* Motion. Specifically, the following counsel for the government are being notified by email of this Motion:

Derek Edward Hines
US Department of Justice
Office of Special Counsel David C. Weiss
950 Pennsylvania Avenue NW Room B-200
Washington, DC 20530
771-217-6091
Email: deh@usdoj.gov

Leo J. Wise
US Department of Justice
Office of Special Counsel David C. Weiss
950 Pennsylvania Avenue, NW, Room B-200
Washington, DC 20530
771-217-6091
Email: LJW@USDOJ.GOV

Christopher Michael Rigali
Office of Special Counsel, U.S. Dept. of Justice
950 Pennsylvania Avenue NW, Room B-200
Washington, DC 20530
202-616-2652
Email: christopher.rigali2@usdoj.gov

Sean F Mulryne
Office of the Special Counsel - Weiss
950 Pennsylvania Avenue NW, Room B-200
Washington, DC 20530
202-430-4880
Email: sfm@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of September, 2024.

_____
DAVID Z. CHESNOFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of September 2024, I caused to be served via the Court's e-filing/e-service system a true and correct copy of the foregoing to all parties listed on the Court's Service List.

/s/ Camie Linnell
Employee of Chesnoff Schonfeld