DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:   (771) 217-6091
    E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:24-cr-00091-ODW |
|---|---|
| Plaintiff, | **DECLARATION OF LEO J. WISE IN SUPPORT OF GOVERNMENT'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR ORDER CONTINUING TRIAL DATE FROM DECEMBER 3, 2024 TO APRIL 1, 2025** |
| v. | |
| ALEXANDER SMIRNOV, | |
| Defendant. | |

**DECLARATION OF LEO J. WISE**

I, Leo J. Wise, declare as follows:

1. I am an attorney of record for the United States in the above-captioned case. I have personal knowledge of the matters contained in this declaration and, if called as a witness to testify, I would competently testify to them. This declaration is offered in support of the government's opposition to the defendant's ex parte application for an order continuing the trial date from December 2, 2024 to April 1, 2025.  ECF 132.

2. Defendant claims that "discovery in this case … includes two separate 2-Terabite hard drives." Def. Mot. at 4.  That is not true.  The hard drives themselves *can hold* up to 2-Terabites of data on them but there is not 2-Terabites of discovery in this case.

3. When he was arrested on February 14, 2014, the FBI, pursuant to a warrant, seized a phone from defendant and then, in the execution of a search warrant at defendant's home, seized additional devices from defendant's residence. All the devices were imaged and then processed by a forensic software tool called Axiom.

4. Following his arrest, in late February 2024, the FBI obtained an additional search warrant for the defendant's iCloud account, which contains the majority of the discovery in this case and is where many of the defendant's devices backed up their data.

5. On April 8, 2024, FBI provided two 2-Terabyte drives to defense. One contained the raw image file of the iCloud account and the second one contained a copy of the iCloud account processed into a readable format using the Axiom Tool (hereafter the "Axiom Portable Case").

6. On June 25, 2024, FBI provided an additional external hard drive to defense. This one contained both raw image files for the devices seized from the defendant on the day of his arrest and the Axiom Portable Cases containing the processed data.

    The Axiom Portable cases are the same as what the FBI personnel are using to review data.

7. The Axiom Portable Case for the iCloud account is approximately 1.1 Terabytes, or half the size defendant claims, but it is important to note that much of this is the Axiom software and program code.

8. In his motion, defendant claim that the discovery contains "approximately 3,521,515 messages" and approximately "30 hours of audio and video," but he fails to inform the Court that much of this data is duplicates. The iCloud data contain numerous backups from multiple devices which were registered to the iCloud account. For instance, the agents conducting data review see multiple copies of each communication message. The number of copies varies from two to twenty or more. The audio and video files have a similar pattern of duplicates. Similarly, the Axiom Portable Cases containing the data for the phone Mr. Smirnov was carrying when he was arrested contains a large amount of duplicate data since it was being backed up to the iCloud. The Axiom Portable Case is approximately 251 gigabytes, which is nowhere near 2 Terabytes.

9. The Axiom reader which the government produced with the discovery allows him to search it using key words and other tools. This technology allows defense counsel to review large volumes of data in a matter of seconds.

10. Nearly all the "30 hours of audio and video," and "1,018,359 pictures, audio, and video files," consist of music videos and other personal video and audio recordings, and personal pictures of the defendant on vacation, at his home and with various friends and relatives. Def. Mot. at 5. None of them are video or audio recordings of the two meetings and two phone calls that defendant claims to have had with Burisma officials where they admitted to him that they bribed Public Official 1.

11. Defendant also cites "Classified Information," that he received as a related reason for the ex parte application and motion to continue but that this discovery, in total, numbers less than 20 pages. Def. Mot. at 5.

12. Defendant also claims that "Mr. Smirnov will be issuing *Touhy* requests to the United States Government," as a reason for ex parte treatment and delay. Def. Mot. at 6. Defense counsel has not served any *Touhy* requests on the government as of the date of this filing.

13. The trial schedule in this case was set in April of this year. Relying on that schedule, the government has made scheduling decisions in other cases based on that date. In fact, the government recently moved the United States District Court for the District of Delaware to reschedule Hunter Biden's sentencing on his convictions for firearms related offenses precisely because this case was set for trial on December 3, 2024. *See* Exhibit 1. Furthermore, trial subpoenas have been issued for the December 3, 2024 date and witnesses have arranged their schedules in order to be present for trial at that time. The Government and those witnesses will be inconvenienced by a continuance.

        Executed on this 27th day of September, 2024 in Baltimore, MD.

        Respectfully submitted,

        Leo J. Wise