DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

\* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 2:24-CR-00091-ODW |
| ) | |
| Plaintiff, ) | **DEFENDANT'S REPLY TO** |
| ) | **OPPOSITION TO MOTION TO** |
| ) | **COMPEL PRODUCTION OF** |
| ) | **DISCOVERY** |
| v. ) | |
| ) | |
| ALEXANDER SMIRNOV, ) | **Honorable Otis D. Wright II** |
| ) | **November 18, 2024, at 10:00 a.m.** |
| Defendant, ) | |
| ) | |

**COMES NOW**, Alexander Smirnov by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD, and hereby submits his Reply to the Government's Opposition to his Motion to Compel Production of Discovery.

This Reply is made and based upon the attached Memorandum of Points and Authorities, the papers and pleadings on file herein, and any oral argument that is heard by the Court.

Dated this 31st day of October 2024.

                                CHESNOFF & SCHONFELD

                                /s/  David Z. Chesnoff
                              DAVID Z. CHESNOFF, ESQ.
                              *Pro Hac Vice*
                              RICHARD A. SCHONFELD, ESQ.
                              California Bar No. 202182
                              520 South Fourth Street
                              Las Vegas, Nevada 89101
                              Telephone: (702) 384-5563
                              rschonfeld@cslawoffice.net
                              dzchesnoff@cslawoffice.net
                              Attorneys for ALEXANDER SMIRNOV

# MEMORANDUM OF POINTS AND AUTHORITITES

## I. GOVERNMENT'S REPRESENTATION AS TO ISSUES BEING RESOLVED:

The government represents that the following requests are resolved:

1. Rule 16(a)(1)(F), (G) reports of examinations, scientific test, and expert reports. The government asserts that it is not aware of any such reports and will not be calling any experts at trial.

2. The government acknowledges that the Defendant is entitled to *Giglio* material as requested in paragraphs 10 and 19 of Exhibit 2, the Defendant's March 5, 2024, discovery letter. However, the government asserts that it will produce that material "at least" one week before trial. It should be noted that the request was made by the Defendant on March 5, 2024, and the late production proposed by the government may necessitate a trial delay.

3. The government, in response to requests number 24 to 27 of the March 5, 2024 letter (requesting Burisma related communications), asserts that it has already produced this material (if it exists) or will produce this material as *Giglio* production at least one week before trial.

4. The government asserts that it has produced the only U.S. Passport in its possession that belongs to Mr. Smirnov.

## II. UNRESOLVED ISSUES:

1. The government asserts that it has produced communications between the Defendant and his Handler for the time period prior to 2016, as a result of the production of the Defendant's Icloud account and image of his i-phone. The government fails to recognize that Defendant, as a result of his services to the United States, utilized phones other than the i-phone and i-cloud account at issue. Those other devices were used to communicate with the FBI Handler that was assigned to Mr. Smirnov for over a decade. The government has failed to produce (or even explain why it refuses to produce) the communications from the Handler's electronic devices, which would be the only method of having a complete record of the Defendant's communication with his Handler.

Moreover, the production that Defendant's counsel has received does not include the entirety of communication prior to 2016. Rather, there are gaps in the communications. There are no text messages between Defendant and the Handler before January 16, 2014, there are no text messages from June 19, 2014 to November 11, 2015, there are no text messages from March 16, 2016 to April 20, 2016, and there are no emails before 2016. Most significant, the Whatsapp communication

between the Defendant and the Handler, a very common form of communication between them, only covers the time period of 04/30/2016 through 03/27/2022.

2. The Defendant requested, on March 5, 2024 at Paragraph 22 of the discovery letter, the Pittsburgh Assessment that is referenced in paragraph 22 of the Indictment. The Defendant, at paragraph 23 of the same letter, requested all communication between FBI Pittsburgh and Mr. Smirnov's Handler. These requests directly relate to allegations lodged in the Indictment. The government asserts that it has produced some of the material requested and the *Jencks* material "involving communications of testifying law enforcement officers" will be produced at least one week before trial. What the government failed to inform the Court is that the production it is referencing did not take place until October 25, 2024, notwithstanding that the request was made in March of 2024. The government has, and continues to, refuse to produce some of the additional material and asserts that it will produce *Jencks* material related to "testifying officers", which is a further limitation on what the government will produce. That limitation does not satisfy the request. The discovery at issue is

material, is referenced in the Indictment, and cannot be limited to only testifying witnesses.

The fact that the production was made on October 25, 2024, nearly 8 months after the request was made, just over one month prior to trial, and after opposing the Defendant's request for a continuance of the trial date, should be deemed unacceptable by the Court.

3. The Defendant requested all reports, memorandum and communications related to the alleged August 29, 2023, meeting between the FBI investigators and the Handler mentioned in paragraph 43-44 of the Indictment. This request was also made nearly eight months ago and the government claims that it will produce *Jencks* material at least one week before trial. The government's characterization of this request, limiting it to only *Jencks* material, is unacceptable. Again, this will likely necessitate a trial continuance. The government should not be permitted to have it both ways, on the one hand opposing a continuance of the trial, and on the other hand apparently withholding a volume of discovery until one week before trial.

4. The Defendant requested reports related to his efforts as a CHS for "opened official investigations" into third parties that Defendant

reported on (to his Handler) as a result of Defendant's interactions with Associate 1. The government asserts that it recently (October 25, 2024) produced FBI Form 1023's that document information/allegations made by the Defendant about other individuals and entities. However, the government has not provided the complete contents of the investigations. Moreover, the government chooses to ignore that a request was made on March 5, 2024, at paragraph 15, for the FBI 302 reports, Form FD1023, and/or any other reports/documentation related to Mr. Smirnov's cooperation with the FBI or any other agency of the United States Government. The government, in producing this late discovery after opposing a trial continuance, has provided no explanation for the lateness of the disclosure.

5. The Defendant requested access to his seized phone so that the content can properly be examined. The Defendant offered to stipulate to the chain of custody and the government utilizing a mirror image of the phone for trial purposes. The government refused and still opposes the Defendant's request. At a minimum, the Court should order the government to produce the phone at the Courthouse where the United States Marshal Service can bring the Defendant, with his counsel

present, so that the Defendant and his counsel can inspect and access the content of the phone.

6. The Defendant requested communication related to the request that U.S. Attorney David Weiss's team "assist" with "an investigation of allegations" related to the FD-1023. The government refuses to produce this material and ignores that fact that the government chose to include the following language in the Indictment: "In July 2023, the FBI requested that the U.S. Attorney's Office for the District of Delaware assist the FBI in an investigation of allegations related to the 2020 1023. At that time, the United States Attorney's Office for the District of Delaware was handling an investigation and prosecution of Businessperson 1." Accordingly, not only did the government, in its Indictment, place the communications at issue, it is clear that the communication are relevant and discoverable. This request has been outstanding since March 5, 2024.

7. The Defendant requested U.S. Department of State records that were cited in a New York Times Article. Specifically, the request (which is at Exhibit 4 to Defendant's Motion) provided: "According to news accounts published in the New York Times and reprinted by CNN on August 13, 2024, Hunter Biden's letter (which, itself, has not been

released) "asked for help from the US State Department as he sought to make a deal for a Ukrainian gas company in Italy while his father was vice president.... According to the Times, Hunter Biden sent at least one letter to the US ambassador to Italy in 2016 on behalf of the company, Burisma, where he was a board member at the time. The outreach, a businessman involved in the project told the Times, came when the company was having difficulty securing regulatory approval for a geothermal project in Tuscany." CNN, Hunter Biden asked State Dept. for Help Securing Burisma Project in 2016, https://www.cnn.com/2024/08/13/politics/hunter-biden-state-department-help-burisma-project (Aug. 13, 2024)."

This request directly relates to the allegations in the Indictment and the government, while attempting to minimize the nature of the request, has provided no explanation for the failure to produce. Given that material was apparently provided to the media, the government's refusal to produce the material to the Defendant in this case is unfounded.

For the foregoing reasons, and based upon the law cited in Mr. Smirnov's original motion, the Court should order production of the discovery outlined above.

Finally, it should be noted that the government's Opposition is the first time that the government has substantively asserted its position related to the numerous, and repeated, efforts on the part of Mr. Smirnov to secure discovery so that he can defend himself in this matter. Notwithstanding the foregoing, and the late production of discovery on October 25, 2024, the government opposed Mr. Smirnov's request for a trial continuance so that he can adequately prepare his defense.

DATED this 31st day of October, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

 /s/   David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for ALEXANDER SMIRNOV

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31ˢᵗ day of October 2024, I caused the forgoing document to be served via the Court's e-filing/e-service system a true and correct copy of the foregoing to all parties listed on the Court's Service List.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld