DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
\* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 2:24-CR-00091-ODW |
| ) | |
| Plaintiff, ) | **DEFENDANT'S NOTICE OF** |
| ) | **MOTION AND MOTION *IN*** |
| v. ) | ***LIMINE* TO PRECLUDE ANY** |
| ) | **REFERENECES TO** |
| ) | **DEFENDANT'S** |
| ALEXANDER SMIRNOV, ) | **LAWFULLY OWNED** |
| ) | **FIREARMS** |
| ) | |
| Defendant, ) | **Honorable Otis D. Wright II** |
| ) | **November 25, 2024 at 10:00 a.m.** |

PLEASE TAKE NOTICE that on November 25, 2024 at 10:00 a.m., or as soon thereafter as counsel may be heard, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF &

1

SCHONFELD, will ask this Honorable Court to enter an order granting his Motion *in Limine* to Preclude Any References to Mr. Smirnov's Lawfully Owned Firearms, which were seized from his Las Vegas apartment incident to his arrest in February 2024. *See* Fed. R. Evid. 401, 402, 403, 404(b).

This Motion is made and based upon the attached Memorandum of Points and Authorities, filed October 31, 2024.

On October 22, 2024, Mr. Smirnov sent an email to counsel for the government, seeking the government's position on this motion *in limine*. Counsel

/ / /

for the government wrote, "We oppose."[1]

Dated this 31st day of October, 2024.

                                              Respectfully Submitted:

                                              CHESNOFF & SCHONFELD

                                              /s/ David Z. Chesnoff
                                              DAVID Z. CHESNOFF, ESQ.
                                              *Pro Hac Vice*
                                              RICHARD A. SCHONFELD, ESQ.
                                              California Bar No. 202182
                                              520 South Fourth Street
                                              Las Vegas, Nevada 89101
                                              Telephone: (702)384-5563
                                              dzchesnoff@cslawoffice.net
                                              rschonfeld@cslawoffice.net
                                              Attorneys for Defendant
                                              ALEXANDER SMIRNOV

---

[1] When Mr. Smirnov sent a letter to ascertain the Government's position on this proposed motion *in limine*, counsel for the Government responded:

> You asked for our position on whether we intend to reference "[t]he firearms seized from Mr. Smirnov's residence in Las Vegas at or around the time of his initial arrest in February 2024." (Letter dated October 21, 2024, Paragraph 2). *We oppose.* While we do not *intend* to introduce the seizure of the guns in our case in chief *at this time, we reserve the right to do so* to establish, among other things, that items seized from the defendant's residence *belong to him.* If you do not intend to challenge whether evidence seized from the defendant's residence *belongs to him*, we believe we can reach a stipulation that we will not introduce the firearms at trial.

E-mail by United States (Leo J. Wise, Principal Senior Assistant Special Counsel) to Richard A. Schonfeld, Esq. at 2, ¶2 (Oct. 25, 2024) (emphases added).

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Background

The two-count Indictment in this case (ECF No. 1, Feb. 14, 2024) charges Mr. Smirnov with: 1) Making False Statements to a Government Agent, in violation of 18 U.S.C. § 1001; and 2) Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519. As alleged in the Indictment, Mr. Smirnov served as a confidential human source ("CHS") for the FBI for at least 10 years, from 2013 through October 2023.

The evidence shows (and the Government cannot dispute): 1) that, in February 2024, law federal agents arrested Mr. Smirnov in Las Vegas, Nevada; 2) that FBI thereafter searched Mr. Smirnov's apartment in Las Vegas, pursuant to an Order granting and sealing the Search Warrant, signed by United States Magistrate Judge (District of Nevada) Brenda Weksler on February 20, 2024; 3) that Attachment B to the Search Warrant ("Property to be Seized," at USA-01-00000042) lists "documents," "records," "financial records," "bank statements," "credit card records," and "electronic devices" to be seized incident to the search; 4) that Attachment B nowhere lists that "firearms" of any sort are to be "seized;" 5) that the agents, pursuant to their search, nevertheless seized firearms from Mr. Smirnov's apartment; 6) that each of those firearms was lawfully owned and possessed by Mr.

Smirnov, a United States citizen; and 7) that the agents subsequently returned all of the seized, lawfully owned firearms to Mr. Smirnov.

Despite the never-listed firearms having nothing to do with any element necessary for conviction under the either the "false statement or the obstruction" offenses, the Government plans to refer to Mr. Smirnov's firearms at during its case-in-chief, opening statement, closing argument, and/or rebuttal. Because Mr. Smirnov objects to any reference whatsoever, this motion follows. *See* Fed. R. Evid. 401, 402, 403. *See supra* at n.1.

### B. This Court Should, Under Rule 403, Preclude References to Mr. Smirnov's Lawfully Owned Firearms

While Rules 401 and 402 of the Federal Rules of Evidence exclude irrelevant evidence (that is, evidence that is simply not probative of a disputed fact "of consequence," based on the elements of the charges in the Indictment), Rule 403 provides that even evidence containing some slight relevance should be excluded where—as in this case—its limited probative value is substantially outweighed by the following countervailing considerations:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403; *see also United States v. Salman*, 618 F. App'x 886, 889 (9th Cir. 2015) ("Federal Rule of Evidence 401 provides that evidence is relevant if 'it has

any tendency to make a fact more or less probable than it would be without the evidence' and 'the fact is *of consequence in determining the action*,' and Federal Rule of Evidence 402 requires that irrelevant evidence be excluded.") (emphases added).

While Rule 403 decisions are reviewed under an abuse of discretion standard, *see, e.g., Mulligan v. Nichols*, 835 F.3d 983, 992 (9th Cir. 2016), the Ninth Circuit does not hesitate to find error in district court admissions of unfairly prejudicial evidence. Thus, for example, while ultimately holding that the admission of inflammatory evidence did not rise to the level of harmful error, the Ninth Circuit has stated:

> Evidentiary rulings are reviewed for an abuse of discretion. *See EEOC v. Pape Lift, Inc.*, 115 F.3d 676, 680 (9th Cir.1997). Evidence is inadmissible if it is not relevant, Fed. R. Evid. 401, or "if its probative value is substantially outweighed by the danger of unfair prejudice," Fed. R. Evid. 403.
>
> The testimony elicited by the Government regarding Lawrence's ["unconventional"] marriage and the circumstances of that relationship was *not* probative of Lawrence's guilt or innocence of the [fraud and false statement] crimes with which he was charged. Any relevance this testimony may have had is *easily outweighed by the unfair prejudicial effect* it had on the jury's ability to focus on the issues relevant to the charges. *See United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) . . . . Accordingly, *the district court abused its discretion in allowing this testimony to be heard by the jury.*

*United States v. Lawrence*, 189 F.3d 838, 842–43 (9th Cir. 1999) (emphasis added).

6

These principles compel an order precluding the Government from referring to the firearms seized from Mr. Smirnov's residence. First, under Rules 401 and 402, Mr. Smirnov's lawful gun possession is irrelevant to the elements charged in the only two counts at issue: the fact of "possession" does make more (or less) likely any fact "of consequence" in a prosecution charging false statements and obstruction.

Just as lawful firearm possession has nothing to do with—and is, therefore, irrelevant in—a case charging workplace discrimination, Mr. Smirnov's lawful possession of the firearms seized from his residence equally irrelevant to a case charging false statements and obstruction of an investigation. *See, e.g.*, *Schagene v. Mabus*, No. 13CV0333-WQH-RBB, 2015 WL 13566925, at *2 (S.D. Cal. Mar. 10, 2015) (granting motion *in limine* precluding civil plaintiff from even referring to other employees' "carrying or bringing guns to" the workplace: "Plaintiff has failed to demonstrate that employees bringing guns to work has any probative value with respect to Plaintiff's discrimination, harassment, or retaliation claims. *See* Fed. R. Evid. 401, 402. Defendant's motion to exclude 'all evidence of, or reference to, employees carrying or bringing guns to [the workplace]' is granted."). Under Rules 401 and 402 alone, therefore, this Court can (and should) grant Mr. Smirnov's motion *in limine* and proceed no further.

But even if this Court imagines that an American citizen's lawfully owned firearms bear *some* sort of "relevance" to a case charging false statements and obstruction, any references to those firearms is still precluded under Rule 403. Specifically, any slight "probative value" attached to the common law fact of Mr. Smirnov's "possession" is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury. *See, e.g., United States v. Preston*, 873 F.3d 829, 841–42 (9th Cir. 2017) ("[T]he district court abused its discretion by finding the evidence admissible under Rule 403. Rule 403 is meant to 'ensure that *potentially devastating evidence of little probative value will not reach the jury*" . . . . We have long held that '[w]here the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's *even a modest likelihood of unfair prejudice or a small risk of misleading the jury.*" *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012) (emphases added)).

Indeed, the Ninth Circuit as well as other Courts of Appeal have long emphasized that even *pictures* of firearms raise heightened concerns regarding unfair prejudice under Rule 403:

> Rightly or wrongly, many people view weapons, *especially guns*, with fear and distrust. Like evidence of . . . past crimes, photographs of firearms often have a *visceral impact that far exceeds their probative value. See, e.g., United States v. Green*, 648 F.2d 587, 595 (9th Cir. 1981) (per curiam); *see also United States v. Peltier*, 585 F.2d 314, 327 (9th Cir. 1978) (dictum), *cert. denied*, 440 U.S. 945 (1979); *United States v. Robinson*, 560 F.2d 507, 513–14 (2d Cir.1977) (en banc), *cert. denied*, 435 U.S. 905 (1978); *United States v. Warledo*, 557 F.2d 721,

724–26 (10th Cir.1977). The prejudice is even greater when the picture is not of one gun but of many.

*United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) (emphases added).

Here, as noted above, the *only* reason the Government offers for referencing the firearms at trial is that they "belong[ed]" Mr. Smirnov (*see supra* at n.1)—an inflammatory tangent that: 1) has nothing to do with any element of the charged offenses; and 2) furthers the Government's impermissible trial goal of portraying Mr. Smirnov not just as an "unpatriotic Russian spy," but as an "*armed*, unpatriotic Russian spy." Because such tactics—getting the case agent to show the jury a picture of a line of weapons, are precluded under Rule 403 and the precedent, this Court should not permit *any* references to the firearms.

///

## C. Conclusion

For the foregoing reasons, Mr. Smirnov respectfully requests that this Court grant this motion *in limine*.

DATED this 31st day of October, 2024.

                Respectfully Submitted:

                CHESNOFF & SCHONFELD

                /s/ David Z. Chesnoff
                DAVID Z. CHESNOFF, ESQ.
                *Pro Hac Vice*
                RICHARD A. SCHONFELD, ESQ.
                California Bar No. 202182
                520 South Fourth Street
                Las Vegas, Nevada 89101
                Telephone: (702)384-5563
                rschonfeld@cslawoffice.net
                dzchesnoff@cslawoffice.net
                Attorneys for Defendant
                ALEXANDER SMIRNOV

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld

11