DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
\* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 2:24-CR-00091-ODW |
| ) | |
| Plaintiff, ) | **DEFENDANT'S NOTICE OF** |
| ) | **MOTION AND MOTION *IN*** |
| ) | ***LIMINE* TO PRECLUDE** |
| v. ) | **EVIDENCE FROM** |
| ) | **DEFENDANT'S FBI INTERVIEW** |
| ALEXANDER SMIRNOV, ) | **ON SEPTEMBER 27, 2023** |
| ) | |
| Defendant, ) | **Honorable Otis D. Wright II** |
| _____ ) | **November 25, 2024 at 10:00 a.m.** |

PLEASE TAKE NOTICE that on November 25, 2024 at 10:00 a.m., or as soon thereafter as counsel may be heard, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD, will ask this Honorable Court to enter an order granting his Motion

1

*in Limine* to Preclude Any Evidence From (or, References to) Mr. Smirnov's Interview with the FBI and Other Government Officials on September 27, 2023. *See* Fed. R. Evid. 401-404(b).

This Motion is made and based upon the attached Memorandum of Points and Authorities, filed November 1, 2024.

On October 22, 2024, Mr. Smirnov sent an email to counsel for the government, seeking the government's position on this motion *in limine*. Counsel for the government reserves the right to oppose this motion.

Dated this 1st day of November, 2024.

                                                  Respectfully Submitted:

                                                  CHESNOFF & SCHONFELD

                                                  /s/ David Z. Chesnoff
                                                  DAVID Z. CHESNOFF, ESQ.
                                                  *Pro Hac Vice*
                                                  RICHARD A. SCHONFELD, ESQ.
                                                  California Bar No. 202182
                                                  520 South Fourth Street
                                                  Las Vegas, Nevada 89101
                                                  Telephone: (702)384-5563
                                                  dzchesnoff@cslawoffice.net
                                                  rschonfeld@cslawoffice.net
                                                  Attorneys for Defendant
                                                  ALEXANDER SMIRNOV

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Background

The two-count Indictment in this case (ECF No. 1, Feb. 14, 2024) charges Mr. Smirnov with: 1) Making False Statements to a Government Agent, in violation of 18 U.S.C. § 1001; and 2) Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519. As alleged in the Indictment, Mr. Smirnov served as a confidential human source ("CHS") for the FBI for at least 10 years, from 2013 through October 2023.

The Indictment alleges that the two statutory provisions charged in the Indictment were violated when Mr. Smirnov allegedly made statements to FBI agents in June 2020. *See* ECF No. 1 at 34, ¶57 (Count 1 alleges: "[O]n or about June 26, 2020, the defendant . . . did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to a special agent of the Federal Bureau of Investigation at Los Angeles, California, in the Central District of California . . . ."), at 37, ¶2 (Count 2 alleges: "Between on or about June 26 and 30, 2020, in the Central District of California, the defendant . . . did knowingly cause the making of a false entry in an FBI Form 1023, a record and document, with the intent to impede, obstruct, and influence a matter that the

Defendant knew and contemplated was within the jurisdiction of the United States Department of Justice, a department and agency of the United States . . . .").

Despite seeking an Indictment based solely on statements made in June 2020, Mr. Smirnov understands that the Government intends to introduce statements Mr. Smirnov allegedly made more than three years later, during his interview the FBI on September 27, 2023. Special Counsel was present at this interview, which was never recorded. For the reasons set forth below, however, this Court should preclude the Government from introducing evidence of (or, making references to) any uncharged, prejudicial statements that occurred years after the alleged conduct charged in the Indictment.

B.  **This Court Should, Under Rule 404(b) and 403 Preclude References to Mr. Smirnov's Alleged Statements in 2023**

The Government cannot introduce uncharged, *post-hoc* conduct to establish an adverse character trait (here, Mr. Smirnov's alleged "dishonesty") "for the purpose of proving action *in conformity* therewith on a particular occasion." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (citing Fed. R. Evid. 404(a)) (emphases added); *see also United States v. Derington*, 229 F.3d 1243, 1247 (9th Cir. 2000). "However, Rule 404(b) permits evidence of prior wrongs or acts to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Romero*, 282 F.3d at 688.

The Ninth Circuit employs a four-part test to determine the admissibility of evidence pursuant to Rule 404(b): "Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (quoting *Romero*, 282 F.3d at 688). The government 1) "has the burden of proving that the evidence meets *all* of the above requirements" (*United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993) (emphasis added)), and 2) "must articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994) (emphasis added).[1]

---

[1] Mr. Smirnov expects that the Government may claim that the 2023 statements are "part and parcel" of the 2020 statements that form the basis of the two charged counts. *United States v. Williams*, 974 F.3d 320, 357 (3d Cir. 2020) ("Intrinsic evidence need not be analyzed under Rule 404(b) because it is . . . 'part and parcel of the charged offense.'") (quoting *United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010)) and thus do not warrant Rule 404(b) scrutiny.

This argument (should the Government assert it) is analyzed as follows:

Separately from Rule 404(b), evidence of "other acts" may be admissible to the extent it is "*inextricably intertwined*" with the charged crimes. Such evidence is admissible without reference to Rule 404(b). *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) ("[E]vidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined.") (citation omitted). Two general categories of other act evidence may be "inextricably intertwined" with a charged crime. *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). First, other act evidence may "constitute[ ] a *part of the transaction* that serves as the *basis* for the criminal charge." *Id*. Second, admission of other act evidence may be "*necessary* . . . to

But without waiving his right to make the arguments outlined in footnote 1, Mr. Smirnov asserts that, even "[i]f the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Romero*, 282 F.3d at 688 (citation omitted). Rule 403 provides that even when the tendered evidence complies fully with Rule 404(b)'s four requirements *and* is somewhat probative of a fact "of consequence" (Fed. R. Evid. 401(b)), that evidence should still be excluded where its limited relevance is substantially outweighed by countervailing considerations:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403; *see also United States v. Salman*, 618 F. App'x 886, 889 (9th Cir. 2015) ("Federal Rule of Evidence 401 provides that evidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the

---

permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* at 1012–13.

*United States v. Herrera*, No. CR 15-315 JGB, 2016 WL 11637163, at *3 (C.D. Cal. Aug. 4, 2016) (emphases added); *see also Williams*, 974 F.3d at 357 (such evidence need not be analyzed under Rule 404(b) if it is "part and parcel of the charged offense") (quotation omitted).

Given the early stage at which this particular issue arises, the Government cannot be faulted for having not yet demonstrated that the 2023 statements either: 1) satisfy all four requirements of Rule 404(b); or 2) fall within one the *Vizcarra–Martinez* exceptions. Accordingly, while Mr. Smirnov preserves his objection to the admission of the 2023 statements, he also reserves the right (in his Reply) to fully supplement this argument (*viz.*, that the Government can neither establish that the 2023 statements satisfy Rule 404(b), or that they qualify for a *Vizcarra–Martinez* exception) after the Government files its Opposition.

evidence' and 'the fact is of consequence in determining the action,' and Federal Rule of Evidence 402 requires that irrelevant evidence be excluded.") (emphases added).

Here, Rule 403—particularly, its concern to prevent "unfair prejudice" from flowing from the admission of an evidentiary item of limited probative value—applies forcefully to Mr. Smirnov's statements to the FBI in 2023—three years after the statements giving rise to the counts in the Indictment. Thus, where there exist unobjectionable "evidentiary alternatives" to the "unfairly prejudicial" items tendered by the prosecution, Rule 403 tips *away* from the prejudice:

> [T]he [Advisory Committee] Notes make it clear that such rulings should be made not on the basis of Rule 401 relevance but on "such considerations as waste of time and undue prejudice (see Rule 403) . . . ." *Ibid.* The Notes to Rule 403 then . . . stat[e] that when a court considers "whether to exclude on grounds of unfair prejudice," the "*availability of other means of proof may . . . be an appropriate factor*" . . . . The point gets a reprise in the Notes to Rule 404(b), . . . when a given evidentiary item has the dual nature of [1] legitimate evidence of an element and [2] illegitimate evidence of character: "[T]he determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence *in view of the availability of other means of proof and other facts appropriate for making decision of this kind under 403.*" . . . Thus, . . . when Rule 403 confers discretion by providing that evidence "may" be excluded, the discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies, but by placing the result of that assessment alongside *similar assessments of evidentiary alternatives. See* 1 McCormick 782, and n. 41 (suggesting that Rule 403's "probative value" signifies the "marginal probative value" of the evidence relative to the other evidence in the case); 22 C. Wright & K. Graham, *Federal Practice and Procedure* § 5250, pp. 546–547 (1978) ("The probative worth of

7

any particular bit of evidence is obviously affected by the scarcity or abundance of other evidence on the same point").

*Old Chief v. United States*, 519 U.S. 172, 184–85 (1997) (reversing conviction where District Judge rejects defendant's offer to admit his criminal status through stipulation, rather than through the Government's more extensive, prejudicial proof) (emphases added).

These principles apply to the Rule 403 inquiry in this case. As shown above, the instant Indictment charges Mr. Smirnov with making certain unlawful statements over a specific, four-day period in late June of 2020. And there does exist evidence (both testimonial and documentary) tending to prove that Mr. Smirnov made *those charged statements in 2020*, which are facts "of consequence" and, therefore, relevant.

But the uncharged statements from 2023 tell the jury nothing about any fact "of consequence" in the counts charged in the Indictment—which pertain to June 2020 *only*. Couched in the language of *Old Chief*, the Government's tendered, challenged evidence (dating from September 2023) finds a perfect "alternative" in the statements alleged to have been made in June 2020—indeed, while the 2020 evidence bears squarely on the only time-frame charged in the Indictment, the 2023 evidence is, at most, a barely-relevant, unfair attempt to prejudice the jury. It may be true that, in presenting its case-in-chief, the Government is presumed to be

8

"entitled to tell 'a colorful story with descriptive richness' and 'evidentiary depth.'" *United States v. Johnson*, 89 F.4th 997, 1002 (7th Cir. 2024) (quoting *Old Chief*, 519 U.S. at 187–90)). But Rule 403 assures that the Government cannot use this leeway to flood the jury with uncharged, inflammatory allegations that occurred long after the conduct charged in the Indictment. *See, e.g., United States v. Lawrence*, 189 F.3d 838, 842–43 (9th Cir. 1999) (any relevance proffered testimony may have had is easily outweighed by unfair prejudicial effect it had on jury's ability to focus on the issues relevant to the charges) (summarizing *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)).

For this reason, therefore, this Court should rule that evidence from (or references to) Mr. Smirnov's interview on September 27, 2023 are barred by Rule 403. *See supra* at footnote 1 (preserving additional arguments).

///

## C. Conclusion

For the foregoing reasons, Mr. Smirnov respectfully requests that this Court grant this motion *in limine*.

DATED this 1st day of November, 2024.

                Respectfully Submitted:

                CHESNOFF & SCHONFELD

                /s/ David Z. Chesnoff
                DAVID Z. CHESNOFF, ESQ.
                *Pro Hac Vice*
                RICHARD A. SCHONFELD, ESQ.
                California Bar No. 202182
                520 South Fourth Street
                Las Vegas, Nevada 89101
                Telephone: (702)384-5563
                rschonfeld@cslawoffice.net
                dzchesnoff@cslawoffice.net
                Attorneys for Defendant
                ALEXANDER SMIRNOV

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld