# Exhibit 2

## 2 Shots Private Investigations
801-577-7756 / S2lockback@yahoo.com

07/18/2023

I served as a Special Agent of the Federal Bureau of Investigation (FBI) from 1988-2017. The vast majority of my career was devoted to working narcotics, violent crimes, and undercover work. I was the Undercover Coordinator for the Salt Lake City Office from 2010-2017. In that capacity I supervised and worked undercover matters and trained new undercover agents nationwide. I was also the Chief Division Counsel (CDC) of the Oklahoma City Office of the FBI from 1999-2001, and the Salt Lake City Office of the FBI from 2004-2006. I also served as an Assistant United States Attorney in the Western District of Texas from 1990-1994. While serving as an AUSA, I was assigned to the Drug Unit and prosecuted numerous cases involving the use of undercover agents. I currently work as a Private Investigator and teach in the Criminal Justice Department at Utah Valley University.

After reviewing the limited discovery provided in Utah v. Luke Martin Buranek, it is my opinion the undercover agent, UCA, Agent Staats, made what can only be described as critical mistakes in the way he conducted his online chat with Buranek.

"Entrapment occurs when the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute." US v. GAMACHE, 156 F.3d 1 (1st Cir. 1998). Essentially, entrapment occurs when there is an improper government inducement and lack of predisposition on the part of the defendant.

Improper government inducement can include threats, forceful solicitations, dogged insistence, repeated suggestions, but it doesn't have to include any of those. It is

merely implanting the criminal idea in the mind of an otherwise innocent person. Basic undercover operative training always includes instructing new UCAs that they always let the subject be the first to initiate the criminal activity.  Herein, after the UCA, posing as a 13 year old female named Cassidy, finds Buranek on a website intended for adults, DoubleList, he entered into a Snapchat conversation with Buranek. During that conversation, the UCA is the first to initiate the inducement to participate in criminal activity. The conversation begins with the UCA asking "Whatcha got in mind tonight?"  Buranek responds, "Play some video games.  See where the night leads. What about you?"  They then have some discussion about a particular game titled Elden Ring and Buranek indicated he really enjoys that game, it is difficult, and he has almost finished it.  The UCA responds, "Really, I need lots of help in it !! Where do you hope things lead to, I'm shy, you tell me first☺. This is clearly a sexual invitation although Buranek has made no suggestion that he was interested in sexual activity up to this point in the conversation.  Buranek does respond, "I'm pretty shy too so don't be worried, but we could make out at first and then it could lead wherever but I'm not gonna push any boundaries.  I'm not a dick and I try to be a sweet guy so as far as you wanna take it☺ But no pressure ok" Again the UCA suggest the criminal activity, "No pressure at all ☺ That all sounds amazing. If I was willing. Where would you want it to lead to." Again, the UCA is the one initiating the inducement to have sexual contact and implanting that idea into an otherwise innocent person.

When the government improperly induces an individual to commit criminal activity, its only defense is that the individual was predisposed to commit the crime. Jacobsen v. U.S., 112 S.Ct. 1535 (1992), U.S. v. Gamache, 156 F.3d 1 (1st Cir. 1998). In both Gamache and Jacobsen, both cases involving UCAs interacting with subject's via the U.S. Mail and telephonically, the charges were dismissed because the government failed to demonstrate the defendants predisposition to purchase child pornography or participate in sexual activity with a minor. Predisposition factors can include character or reputation, criminal history, initial suggestion made by the defendant, or even where the defendant is first exposed to government contact.  In this case, Buranek was first encountered by the UCA in a hook up website for adults not in a chat room involving minors. Most importantly, in this case, the government

did nothing to determine if Buranek was predisposed to having sex with minors. The fact that that the photo the UCA used in the Gmail chat log is clearly not a 13 year old also goes to the lack of predisposition on the part of Buranek.

Greg Rogers
2 Shots Private Investigations
S2lockback@yahoo.com
(801) 577-7756