DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6090
    E-mail:    LJW@usdoj.gov, DEH@usdoj.gov
    E-mail:    SFM@usdoj.gov; CMR@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:24-cr-00091-ODW |
|---|---|
| Plaintiff, | **DECLARATION OF LEO J. WISE IN SUPPORT OF GOVERNMENT'S SECOND MOTION IN LIMINE TO EXCLUDE FBI HANDLING AGENT'S ALLEGED MISTAKES** |
| v. | |
| ALEXANDER SMIRNOV, | |
| Defendant. | |

1

# DECLARATION OF LEO J. WISE

I, Leo J. Wise, declare as follows:

1. I am an attorney of record for the United States in the above-captioned case. I have personal knowledge of the matters contained in this declaration, and, if called as a witness to testify, I would competently testify to them. This declaration is offered in support of the government's Second Motion in Limine to Exclude FBI Handling Agent's Alleged Mistakes.

2. The defendant opposes the motion, suggesting that he intends to improperly introduce evidence, argument, or questioning concerning the FBI Handling Agent's alleged mistakes, including purported documentation errors reflected in a Human Source Validation Report dated February 13, 2013, a Standard Validation Report dated February 13, 2013 to March 18, 2021, and a Standard Validation Report dated March 18, 2021 to November 16, 2023.

3. On Friday, October 25, 2024, my office emailed a letter to counsel for the defendant regarding the subject of the government's proposed motions in limine, including the matters, issues, and topics addressed in the Second Motion in Limine. On Monday, October 28, 2024, the defendant's counsel emailed his response, opposing the motion and therefore refusing to stipulate that he will not make "argument[s] or [mention] anything that purports to be evidence that the Handling Agent failed to properly document otherwise illegal activity (OIA), consensually monitored conversations, the defendant's foreign travel, the defendant's residence, and the defendant's assistance with the FBI" in the presence of the jury, unless and until the Court so rules.

4. The government will suffer prejudice if its Second Motion in Limine is denied, and the defendant is permitted to introduce evidence concerning alleged mistakes made by the Handling Agent because such evidence is irrelevant under Federal Rule of Evidence 401, inadmissible under Federal Rule of Evidence 402, and would cause unfair prejudice under Federal Rule of Evidence 403.

5. On October 24, 2024, the government received a letter from the defendant's counsel marked "confidential" with the subject *"Touhy* Request in *United States v. Smimov,* 2:24-cr-00091-ODW." Because that letter contains sensitive information including personally identifying information and was marked "confidential," the government has accurately quoted the non-confidential portions of that letter for background and context in its Second Motion in Limine, but has not filed it publicly.

6. The motion also refers to a Human Source Validation Report from February 13, 2013, a Standard Validation Report from February 13, 2013 to March 18, 2021, and a Standard Validation Report from March 18, 2021 to November 16, 2023, all of which are marked "confidential." Because the reports contain sensitive information, the government has accurately quoted and referenced the non-confidential portions for background and context in its Second Motion in Limine, but has not filed them publicly. Upon request, the government is happy to provide copies for the Court.

Executed on this 1st day of November, 2024 in Baltimore, MD.

Respectfully submitted,

_____
Leo J. Wise