DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6090
    E-mail:    LJW@usdoj.gov, DEH@usdoj.gov
    E-mail:    SFM@usdoj.gov; CMR@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALEXANDER SMIRNOV,<br><br>    Defendant. | No. CR 2:24-cr-00091-ODW<br><br>**GOVERNMENT'S FOURTH MOTION IN LIMINE TO EXCLUDE ALLEGED DEFECTS IN THE PROSECUTION; MEMORANDUM IN SUPPORT; EXHIBITS IN SUPPORT**<br><br>Hearing Date: November 25, 2024<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom of the Hon.<br>          Otis D. Wright |

    Plaintiff, the United States of America, by and through its counsel of record, hereby submits this Fourth Motion in Limine to Exclude Alleged Defects in the Prosecution of this matter. As discussed in this Motion, the United States moves to

exclude the defendant from introducing evidence, argument, or questioning that suggests or otherwise implies that the prosecution is politically motivated, that the government is selectively or vindictively prosecuting him, that government agents or prosecutors engaged in outrageous government misconduct, that the prosecution of him is unlawful for any reason, that the prosecution is costly or inappropriately funded, or that the prosecutors or agents are conflicted.  While these are issues that the defendant could have raised pretrial under Federal Rule of Criminal Procedure 12(b), at trial these topics and issues are irrelevant under Federal Rule of Evidence 401, are prejudicial under Federal Rule of Evidence 403, and courts routinely exclude defense counsel from raising such issues before the jury.

      This Motion is based upon the attached memorandum of points and authorities and declaration of Leo J. Wise, the filings and records in this case, and any further argument as the Court may deem necessary.

Dated: November 1November 1, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/ _____
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

In a prior filing in this matter, and in various communications with the government, the defendant has argued that this prosecution is "politically-motivated," or words to that effect. *See, e.g.,* Def.'s Mot. for Pretrial Release at 7, attached as Exh. 1 (describing prosecution as "makeweight and politically-motivated"). In a filing dated yesterday, the defendant claimed "that Mr. Smirnov's prosecution . . . smacks of political bias and targets a United States citizen who has the misfortune of . . .not having a familiar relationship with the President . . ." Def's Motion in Limine to Take Judicial Notice of Contents of an Unrelated Hearing Transcript, ECF 148 at 7. He has never provided any discovery to the government or evidence to this Court supporting his baseless claims—indeed, there is no such evidence because the claims are meritless. Further, the defendant never filed a motion to dismiss the Indictment based on an argument that this prosecution is selective or vindictive due to political animus or political motive, claims which can only be raised pretrial under Federal Rule of Criminal Procedure 12(b)(3) and are not matters appropriate for a jury to consider. *United States v. Avery*, 2011 WL 13136810, *2-3 (C.D. Cal. Dec. 15, 2011) (granting the government's motion in limine to exclude selective prosecution issue from the jury); *United States v. Yagman*, 2007 WL 9724391, at *4–5 (C.D. Cal. May 16, 2007) (precluding defendant from arguing prosecutorial vindictiveness to the jury). Yet, the defendant opposes this motion, suggesting that he intends to engage in inappropriate questioning and argument before the jury contrary to the law.

Additionally, in prior filings in this matter, the defendant unsuccessfully argued that the Special Counsel was unlawfully appointed, that the prosecutors are conflicted, and that this prosecution is unlawful because of an Appropriations Clause violation. *See* Def. Mot., ECF 93 at 12. (arguing appointment issues and that "this case presents a conflict-of-interest so evident that it cannot be reasonably denied"); Def. Supp., ECF 115 (raising appropriations-related claims about costs of prosecution and expenditures). The Court denied the defendant's motion and found that the Special Counsel was not unlawfully

1  appointed, that there is no conflict of interest, and that there was no Appropriations Clause
2  violation. Criminal Minutes, ECF 111, Trans. at 42. These arguments are only permitted
3  to be made to the Court under Federal Rule of Criminal Procedure 12(b)(3), and are
4  inappropriate for a jury's consideration because they have no relevance under Federal Rule
5  of Evidence 401 and risk misleading the jury and wasting the jury's time under Federal
6  Rule of Evidence 403. Nonetheless, the defendant has also advised that he opposes a
7  motion to exclude him from arguing his meritless pretrial claims to the jury.

The Court should enter an order precluding the defendant from introducing evidence, argument, or questioning that suggests or otherwise implies that the prosecution is politically motivated, that the government is selectively or vindictively prosecuting him, that government agents or prosecutors engaged in outrageous government misconduct, that this prosecution is unlawful for any reason, that the prosecution is costly or inappropriately funded, or that the prosecutors or agents are conflicted. For the following reasons, these issues are irrelevant under Federal Rule of Evidence 401, are prejudicial under Federal Rule of Evidence 403, and courts in the Ninth Circuit routinely exclude such issues from being raised before the jury.

2.  **ARGUMENT**

Federal Rule of Criminal Procedure 12(b)(3) provides that a "motion alleging a defect in instituting the prosecution" or a motion "alleging a defect in the indictment or information" must be raised before trial. Each of the claims discussed above involve alleged defects in the institution of the prosecution or indictment that could have been raised pretrial by the defendant, but the defendant did not pursue many of them. Moreover, law in this circuit expressly provides that claims involving political motivations of prosecutors and outrageous conduct of agents may not be presented to a jury because those issues are pretrial matters the Court must decide, not the jury. *United States v. Wylie*, 625 F.2d 1371, 1379 (9th Cir. 1980) (alleged "outrageous involvement by the government agents" is a question of law for the court and not a matter for the jury); *Avery*, 2011 WL

1   13136810, at *2-3 (granting the government's motion in limine to exclude selective
2   prosecution issue from the jury); *Yagman*, 2007 WL 9724391, at *4–5 (precluding
3   defendant from arguing prosecutorial vindictiveness to the jury). This law has developed
4   because such claims are not relevant to the jury's determination under Federal Rules of
5   Evidence 401/402 as these issues do not have a tendency to make a fact more or less
6   probable and, thus, are inconsequential in determining the action.  Moreover, to the extent
7   such claims could arguably be probative of some fact of consequence, the claims are
8   excluded under Federal Rule of Evidence 403 because they mislead the jury, confuse the
9   issues, and waste the jury's time.
10        Recently, the government litigated these very issues in the matter of *United States
11  v. Robert Hunter Biden*, where the defendant in that case sought to accuse the Special
12  Counsel of selective and vindictive prosecution and outrageous government conduct due
13  to fictitious claims of political bias and unlawful motives. In that case, the defendant filed
14  pretrial motions alleging the Special Counsel and his prosecutors were acting at the
15  direction of Congressional Republicans and former President Donald J. Trump. The court
16  denied the motions and found the defendant presented no evidence to support any of his
17  allegations. *United States v. Robert Hunter Biden*, 23-599-MCS, 2024 WL 3950676, at *7
18  (C.D. Cal. Apr. 1, 2024). After losing his pretrial motions with the court, the defendant
19  conceded his arguments were not appropriate to present to a jury, the court agreed, and the
20  court issued an order prohibiting the defendant from raising such arguments or questioning
21  at trial without first previewing them with the court outside the presence of the jury. *Id.*
22        Similarly in this case, the defendant has insinuated and alleged improper
23  prosecutorial motive and defects in various communications with the government and in
24  court filings, including, for example, in his pretrial release motion filed in the District of
25  Nevada in which he called this prosecution "makeweight and politically-motivated," *see*
26  Exh. 1 at 7, and in a motion in limine where he claims the prosecution "*smacks* of political
27  bias," ECF 148 at 7, which means only "to *seem* to contain or involve" according to
28  Merriam-Webster's Dictionary. But unlike defendant Robert Hunter Biden who filed

3

pretrial motions raising these types of claims for consideration by the district court (which were denied) and then conceded such claims could not be raised before the jury, defendant Alexander Smirnov has never raised these claims for this Court's consideration in this case. Yet, he opposes the government's motion to preclude him from arguing them before the jury, which is the wrong audience for any such grievances. In other words, defendant Smirnov appears to be preparing to introduce irrelevant and unfounded claims to the jury despite the fact that the law expressly precludes him from doing so, which defendant Biden conceded and numerous courts in this Circuit have recognized. *Biden*, 2024 WL 3950676, at *7 (citing cases).

In this case, the defendant's invented claims of "political-motivation" appear to be the opposite of defendant Biden's baseless claims. While defendant Biden claimed he could prove prosecutors were acting at the behest of Republicans, defendant Smirnov appears to be ready to contend that prosecutors and investigators "seem" to be acting at the direction of certain Democrats or "seem" to be acting to protect certain Democrats. The defendant's motion in limine appears to concede that he doesn't actually have any evidence of political bias, otherwise he obviously would have raised it in a motion to dismiss the indictment and wouldn't merely be alleging the prosecution "seems" to or "smacks" of political bias. But even if the defendant had actual evidence of political bias (which he obviously does not), such claims do not go to whether the defendant is guilty or not guilty with respect to the false statement and obstruction offenses charged in the Indictment. Therefore, any argument or questioning that suggest improper political motivation is irrelevant at trial. Fed. R. Evid. 401.

The same is true with respect to any argument or inference that other confidential sources are not prosecuted for similar conduct, which is an element of a selective prosecution claim that the defendant could have raised pretrial and is also not relevant to a jury's determination. Moreover, even if such claims had some scintilla of probative value, it would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403; *see United States v. Re*, 401 F.3d

828, 833 (7th Cir. 2005) (Rule 403 barred admission of government's decision not to prosecute someone other than defendant because it would mislead and confuse the jury); *see also United States v. Goldfarb*, 2012 WL 1831508, at *2 (D. Ariz. May 18, 2012) (precluding the parties from using evidence of the government's charging decisions to establish, directly or indirectly, defendant's guilt or innocence). If the defendant were to suggest to the jury that the prosecution of him were politically motivated, it would not be to prove any fact of consequence to the jury's determination is less likely, rather, it would invite jury nullification. This would then create a mini-trial on the prosecutor's motivations to try to overcome prejudicial statements made by defense counsel about the prosecution's motives and bias. These claims have no merit, but more importantly, these claims are not relevant and would be a waste of the jury's time.

The defendant's claims about the Special Counsel being unlawfully appointed, conflicted, and inappropriately funded likewise have no relevance in this matter under Federal Rule of Evidence 401. While the defendant was permitted to raise these challenges under Federal Rule of Criminal Procedure 12(b), the Court denied those claims because they are meritless. At this stage, there is no precedent that permits him to relitigate these issues or make these arguments before the jury. Rule 12(b)(3) provides that these challenges must be raised before trial, and, because they have no relevance to the defendant's guilt or innocence, the defendant cannot raise them at trial. These claims would confuse the jury and waste the jury's time, and they should likewise be excluded under Federal Rule of Evidence 403.

**3.   CONCLUSION**

For these reasons, the government requests that the Court grant this motion and enter the government's proposed order excluding argument, evidence, and questioning related to claims alleging defects in the indictment or in the institution of the prosecution of this matter.