DAVID Z. CHESNOFF, ESQ.
Pro Hac Vice
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

\* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 2:24-CR-00091-ODW |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S SECOND *EX PARTE* |
| | ) | MOTION TO CONTINUE |
| v. | ) | TRIAL DATE AND FOR FINDINGS |
| | ) | TO EXCLUDE CERTAIN TIME |
| ALEXANDER SMIRNOV, | ) | PERIODS UNDER THE SPEEDY |
| | ) | TRIAL ACT |
| | ) | |
| Defendant, | ) | Honorable Otis D. Wright II |
| | ) | |

COMES NOW, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD, and hereby moves this Honorable *Court Ex Parte* to enter an order granting Defendant's Motion to Continue Trial Date for approximately 120 days, to April 1, 2025, and for Findings to Exclude Certain Time Periods from Computation Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1).

1

This *Ex Parte* Motion is made and based upon the attached Memorandum of Points and Authorities, Declaration of Counsel, and Defendant's speedy trial waiver, and any argument that may be heard.

The government has advised the undersigned that it opposes the Motion.

Dated this 4th day of November 2024.

> Respectfully Submitted:
>
> CHESNOFF & SCHONFELD
>
> /s/ David Z. Chesnoff
> DAVID Z. CHESNOFF, ESQ.
> *Pro Hac Vice*
> RICHARD A. SCHONFELD, ESQ.
> California Bar No. 202182
> 520 South Fourth Street
> Las Vegas, Nevada 89101
> Telephone: (702)384-5563
> dzchesnoff@cslawoffice.net
> rschonfeld@cslawoffice.net
> Attorneys for Defendant ALEXANDER SMIRNOV

## MOTION TO CONTINUE AND FOR
## FINDINGS TO EXCLUDE UNDER 18 U.S.C. § 3161(h)(1)

Defendant, through his attorneys, respectfully requests a continuance of the December 3, 2024 trial date (*see* Dkt. 65, Order Continuing Trial Date and Findings) (Apr. 12, 2024), for approximately 120 days, or to a date not sooner than April 1, 2025.

This Motion is based upon the government's late disclosure (on October 25, 2024, and only able to be accessed by defense counsel as of October 29, 2024, as a result of a problem with the government's uploading of the material) of over 1,200 pages of Federal Bureau of Investigation CHS Reporting Documents (FD-1023) as well as the Federal Bureau of Investigations Assessment (referenced in the Indictment) that had all been requested on March 5, 2024. This newly produced discovery, which was requested in writing almost 8 months prior to it being produced, consists of over 400 reports. The government has provided no explanation as to why this discovery was produced long after the Motion deadline in this case and just prior to the Motion in Limine deadline.

The Defendant, who is in custody and knows more about the details of his cooperation than anybody else, should be given a fair opportunity to review this material. Additionally, Defendant's expert must be given an opportunity to review the material and prepare an updated report as these reports fall directly within the category of documents utilized by the expert to prepare his opinions and report. Finally, Defendant should be given an opportunity to prepare additional pre-trial motions and motions in Limine related to this late disclosed discovery.

There is no prejudice to the government in granting a continuance as the Defendant is in custody. The only prejudice that exists is to the Defendant as a result of the government's inexcusable late disclosure of discovery.

A.  **Relevant Procedural History:**

On September 26, 2024, Defendant filed an *Ex Parte* Motion to Continue the trial in this matter based in large part on the volume of discovery in this matter. See Dkt 131. On September 26, 2024, the government opposed the Motion. See Dkt 135. The government's Opposition in large part argued that the Defendant has had enough time to review the voluminous discovery and therefore did not establish good cause for a continuance.

Now, after the Defendant had requested this specific discovery on March 5, 2024, May 28, 2024, September 27, 2024, had to file a Motion to Compel Discovery (Dkt 136, redacted version at 139), disclosed his expert witness which relates in part to Defendant's historical cooperation and the handler's deficiencies and failure to properly report, and had the government oppose a request for continuance, the government has produced over 1,200 pages of FBI FD-1023 reports and the Assessment all of which the Defendant expressly requested in writing 3 separate times. This discovery is material, is *Brady*, supports the theory of defense in this case, and the government has no excuse for the late disclosure.

Defendant will be filing a Motion to Dismiss based upon this late disclosure, but in the interim requests that the trial be continued for approximately 120 days with the Motion deadlines being extended.

B.  **Discovery Requests Made on March 5, 2024, May 28, 2024, and September 27, 2024:**

On March 5, 2024, the Defendant expressly requested that the government

produce all reports of Mr. Smirnov's decade plus service to the United States as a Confidential Human Source ("CHS") (Exhibit 1).  Specifically, at request number 15, the Defendant requested "all FBI 302 reports, Form FD1023, and/or any other reports/documentation related to Mr. Smirnov's cooperation with the FBI or any other agency of the United States Government. This request is not limited in time frame."  In this discovery request, the Defendant also requested "a copy of FBI Pittsburgh's assessment, 58A-PG-3250958, mentioned in the Indictment at para. 22."

On May 28, 2024, the Defendant sent a second letter addressing the deficient discovery production (Exhibit 2).  In that letter, the Defendant expressly stated:

> Through this letter, we are following up on our March 5, 2024, written request for discovery. While we maintain pursuit of the requests made therein, and have not received all discovery requested, this letter is specific to the historical cooperation of Mr. Smirnov with the government. Specifically, we have not received all Form FD1023, and/or any other reports/documentation related to Mr. Smirnov's cooperation with the FBI or any other agency of the United States Government. This request was not limited in time frame.

This deficiency was reiterated in a letter dated September 27, 2024 (Exhibit 3). That letter stated, while citing the May 28, 2024, letter provided "The production of only three FD 1023s appears to be incomplete, given the duration of the contact between AS and his handler.  We need all FD 1023s from the beginning of their relationship."

The government acknowledged receiving the March 5, 2024, discovery request as of March 6, 2024 (Exhibit 4). In response to the numerous discovery requests the government sent correspondence stating "We have and will continue to comply with our discovery obligations pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C.

Section 3500 (the "Jencks Act"), Federal Rule of Criminal Procedure 5(f) (see ECF No. 43) and *Bardy, Giglio* and related cases." See Exhibit 5.

The material was finally produced, in a form that was viewable by Defense counsel, on October 29, 2024.

### C. Statutory Overview: Speedy Trial Act

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
  (i) Whether the failure to grant such a continuance in the proceeding would . . . result in a *miscarriage of justice*.
  (ii) Whether the case is *so unusual* or so complex . . . that it is unreasonable to expect *adequate preparation* for pretrial proceedings or for the trial itself within the time limits established by this section . . . .
  (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would *deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.*

18 U.S.C. § 3161(h)(7) (emphases added).

### D. Discussion

Mr. Smirnov is charged by a two-count Indictment with: 1) Making False Statements to a Government Agent, in violation of 18 U.S.C. § 1001; and 2) Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519. *See* Dkt. 1 (Feb. 14, 2024). Mr. Smirnov was ordered detained on February 26, 2024 (Dkt. 46) and has remained in custody since that time.

On April 12, 2024, this Court, based on the parties' Joint Stipulation, entered an Order continuing the trial date from April 23, 2024 to December 3, 2024, and making findings in support of excluding certain time periods under the Speedy Trial Act. *See* Dkt. 65 at 1-3.

Now, on the verge of trial, after the motion deadline has passed, after the Defendant has disclosed his expert, and within 3 days of the motion in limine deadline, the government produced the material that was requested approximately 8 months earlier. Not only is this newly

produced discovery relevant and material, Defendant's counsel has an obligation to review it in its entirety (See, e.g., *United States v. McCarns*, 900 F.3d 1141, 1145 (9th Cir. 2018), all while counsel is preparing for trial based upon the previously produced voluminous discovery, preparing responses to the Government's Motions in Limine, traveling to Los Angeles to prepare CIPA filings that can only be prepared by the defense in a special room at the Courthouse, and engaging in other requisite trial preparation.

In addition, the Defendant is in custody and needs to review this material, as he is clearly the most well versed in terms of his service to the government that spanned over a decade.

While Defendant will be seeking the sanction of dismissal in a separately filed motion, until that motion can be heard, the Defendant should be granted a continuance of the trial date so that: 1) the reports can be reviewed by Defendant's counsel; 2) the reports can be reviewed by the Defendant who is in custody and cannot have the reports unless his counsel is present with him as a result of the protective order in this case; 3) Expert witness Gregory Rogers (whose report is attached hereto as Exhibit 6, which is directly impacted by the late disclosure of this discovery) can review the materials and prepare an updated report; 4) additional pretrial Motions can be filed; 5) additional Motions in Limine can be filed; and 6) Defendant and the Court have adequate time to address the Motion to Dismiss that will be filed related to the late disclosure (see, e.g. *United States v. Bundy*, 968 F.3d 1019, 1023 (9th Cir. 2020))[1]

---

[1] In *Bundy* the 9th Circuit recognized that under Brady, "[t]he prosecution is trusted to turn over evidence to the defense because its interest 'is not that it shall win a case, but that justice shall be done.'" *Amado v. Gonzalez*, 758 F.3d 1119, 1133–34 (9th Cir. 2014). The Court further noted that "a district court is imbued with discretion in the supervision of proceedings before it and may dismiss an action when, in its judgment, "the defendant suffers substantial prejudice and where no lesser remedial action is available." *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008) (citations and quotation marks omitted).

It should be noted that although the government has filed a Motion to Exclude Defendant's Expert Witness, even if that Motion is granted the Defendant's expert will need to review these newly disclosed reports to assist the Defendant in preparing examination of the government's witnesses. This is Defendant's right under the Confrontation Clause. Additionally, as noted in Defendant's prior Motion to Continue, the Defense did not believe it had sufficient time to prepare for trial even before this late disclosure of material. Finally, the discovery reflects that the Defendant did have contact with the Ukraine in the time frame of 2015 to 2016, which needs to be further investigated by the Defense as it is material to the allegations in the Indictment.

It is, of course, beyond dispute that under *Brady* a defendant is entitled to evidence "both favorable to the accused and 'material either to guilt or to punishment.' " *United States v. Bagley*, 473 U.S. 667, 674, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (quoting *Brady*, 373 U.S. at 87, 83 S.Ct. 1194). "Brady evidence" can be favorable "either because it is exculpatory or impeaching." *Milke v. Ryan*, 711 F.3d 998, 1012 (9th Cir. 2013).

Here, the over 400 reports that were produced are evidence of Defendants service to the United States as a CHS, where he assisted the government in myriad investigations where his information was corroborated, individuals were prosecuted, and Defendant assisted national security. The material is undoubtedly *Brady* as it is favorable to the Defendant. Moreover, the material is *Brady* as it impeaches the quality of the law enforcement conduct in this case, which goes to the heart of the defense (i.e. the handler failed to properly follow procedure on many occasions, which is consistent with the lack of record keeping regarding Defendant's disclosure related to Burisma as claimed in the Indictment). See, e.g., *Bowen v. Maynard*, 799 F.2d 593, 613 (CA10 1986) ("A common trial tactic of

defense lawyers is to discredit the caliber of the investigation or the decision to charge the defendant, and we may consider such use in assessing a possible *Brady* violation"); *Lindsey v. King*, 769 F.2d 1034, 1042 (CA5 1985) (awarding new trial of prisoner convicted in Louisiana state court because withheld Brady evidence "carried within it the potential ... for the ... discrediting ... of the police methods employed in assembling the case"); *Kyles v. Whitley*, 514 U.S. 419, 446, 115 S. Ct. 1555, 1571–72 (1995).

The Ninth Circuit has recognized the importance of the holding in *Kyles* that facts demonstrating a skewed or biased investigation may constitute *Brady* material that a Defendant is entitled to obtain and a jury permitted to consider. See *Carriger v. Stewart*, 132 F.3d 463, 481 (9th Cir.1997) ("Had this evidence of [the chief prosecution witness's] prolificacy in his profession been known, the defense could have used it to question the thoroughness or good faith of an investigation that did not include [him] as a suspect.") (citing *Kyles*, 514 U.S. at 444–48, 115 S.Ct. at 1571–72.); *United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir.2000) (quoting *Kyles* and referring to "the utility of attacking police investigations as 'shoddy' "). *United States v. Aguilar*, 831 F. Supp. 2d 1180, 1203 (C.D. Cal. 2011).

Given the foregoing, the "specific underlying factual circumstances" of this case show that a continuance will 1) serve the "ends of justice" and 2) avoid a "miscarriage of justice," under subsections (h)(7)(A) and (h)(7)(B)(i), respectively. See *United States v. Pollock*, 726 F.2d 1456, 1461 (9th Cir. 1984) ("'[E]nds of justice' exclusion . . . was to be based on specific underlying factual circumstances.") (citing *United States v. Nance*, 666 F.2d 353, 355–56 (9th Cir.), *cert. denied*, 456 U.S. 918 (1982)).

### E. Conclusion and Waiver

Mr. Smirnov has previously executed a speedy trial waiver acknowledging that he is giving up his speedy trial right under the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, and agreeing that the period from December 3, 2024, to no sooner than April 1, 2025, shall be an excludable period of time pursuant to 18 U.S.C. § 3161(h)(7)(A). See Dkt 132.

For these reasons, Mr. Smirnov requests the Court find that: (a) taking into account the exercise of due diligence, a failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, due to counsel's need for additional time to adequately prepare, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv); (b) a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i); (c) the additional time requested is a reasonable period of delay of only approximately 120 days; (d) the ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendant in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and (e) the additional time requested between the current trial date of December 3, 2024, and the new trial date of April 1, 2025, is necessary to provide counsel for the defendant reasonable time to prepare for trial considering counsel's schedule and all of the facts set forth above.

DATED this 4th day of November 2024.

Respectfully submitted,

*s/ David Z. Chesnoff*
*s/ Richard A. Schonfeld*
CHESNOFF & SCHONFELD
Attorneys for Alexander Smirnov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November 2024, I caused to be served via the Court's e-filing/e-service system a true and correct copy of the foregoing to all parties listed on the Court's Service List.

/s/ Camie Linnell
Employee of Chesnoff Schonfeld