# EXHIBIT 6

LAW OFFICES

## Chesnoff & Schonfeld

AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

DAVID Z. CHESNOFF, CHARTERED
RICHARD A. SCHONFELD, CHARTERED

ROBERT Z. DeMARCO

520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593

TELEPHONE
(702) 384-5563

FAX
(702) 598-1425

October 24, 2024

VIA E-MAIL

ljw@usdoj.gov
christopher.rigali2@usdoj.gov
deh@usdoj.gov
sean.mulryne@usdoj.gov

Leo J. Wise
Principal Senior Assistant Special Counsel
Derek E. Hines
Senior Assistant Special Counsel
Sean F. Mulryne
Christopher M. Rigali
Assistant Special Counsels
950 Pennsylvania Avenue NW, Room B-200
Washington, D.C. 20530

Re: United States v. Smirnov
Case No. 2:24-cr-00091-ODW

Dear Counsel:

The Defendant, Alexander Smirnov, hereby provides notice that he anticipates calling Gregory Scott Rogers, as an expert witness in the trial of the above-referenced matter.

Mr. Rogers is currently the owner of 2 Shots Private Investigations and is an Adjunct Professor of Criminal Justice at Utah Valley University as well as a Criminal Law Instructor by invitation at the University of Utah Law School. Mr. Rogers is an expert witness in both State and Federal Court regarding use of confidential informants and undercover operations. Mr. Rogers is a member of the Utah State Bar, and received his Juris Doctor at the University of Utah in 1988. Mr. Rogers has an undergraduate degree from the University of Utah.

Prior to opening 2 Shots Private Investigations, Mr. Rogers engaged in the following employment:

**Federal Bureau of investigation-1988-1990.**

San Antonio Field Office. Assigned to narcotics investigations, Associate Division Counsel, member of the SWAT team.

*Chesnoff & Schonfeld.*
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

- page 2-

### United States Attorney's Office for the Western District of Texas-1990-1994.

San Antonio Office. Assistant United States Attorney. Prosecuted federal narcotics, firearms, money laundering, and asset forfeiture cases. Prepared appeals to the 5th Circuit Court of Appeals. Taught basic criminal law and procedure to Asst. U.S. Attorneys and federal/state law enforcement.

### Federal Bureau of Investigation-1994-Retired 09/30/2017.

Albuquerque Office-1994-1998. Assigned to narcotics investigations, undercover operations, Associate Division Counsel, member of the SWAT team. Criminal law and procedure, EEO, ethics, instructor to federal, state, local and Indian Country agencies.

Oklahoma City Office-1998-2001. Chief Division Counsel. Legal advisor for the office. Represented the FBI's interests in the Timothy McVeigh federal death penalty case and in the wrongful death case *Trentadue v. the United States*. Worked child pornography investigations and undercover operations. SWAT team member. Managed the asset forfeiture team. Criminal law and procedure, EEO, ethics, instructor to federal, state, local and Indian Country agencies.

Salt Lake City Office-2001-2017.

Monticello Resident Agency-2001-2003. Assigned to Indian Country and child pornography investigations. SWAT team member, Certified Crime Scene Investigator.

Provo Resident Agency-2003-2005. Assigned to the Utah Country Major Crimes Unit, worked narcotics investigations, Indian Country matters, child pornography, and undercover cases. Associate Division Counsel, member of the SWAT team. Criminal law and procedure, EEO, ethics, instructor to federal, state, and local agencies.

Salt Lake City Office-2005-2007. Chief Division Counsel. Legal advisor for the office. Represented the FBI's interests in the trial and sentencing phases of the Joseph Duncan federal death penalty case. Managed the asset forfeiture team. Criminal law and procedure, EEO, ethics, instructor to federal, state, local and Indian Country agencies. Assisted in the preparation of the FBI's revised Confidential Informant Policy Manual.

2007-Retired 09/30/2017. Undercover Operations Coordinator, Confidential Informant Coordinator, undercover cases, Indian Country matters, Child Sex Tourism team member, and Associate Division Counsel. Criminal law and procedure, EEO, ethics, instructor to federal, state and local agencies. University of Utah Law School Criminal Law instructor by invitation.

**Chesnoff & Schonfeld.**
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

- page 3-

Based on Mr. Rogers' employment history, experience, and review of the discovery in this case he is expected to testify regarding the following topics: (a) proper FBI procedures for the handling of a Confidential Human Source ("CHS"), (b) the acceptable relationship between an FBI handler and the CHS, (c) proper documentation of information provided by the CHS to the FBI handler, (d) the purpose of validation reviews/reports of CHS, and (e) the purpose of annual source reviews and reports.

Mr. Roger has reviewed the following material:

1. Protective Order;

2. Indictment;

3. Affidavit in Support of an Application for a Search Warrant (dated February 20, 2024);

4. USAO-05-001 through 136;

5. USA-06-3107 through 3132;

6. CHS Reporting Documents (FD-1023) of Telephone Conversations with Alexander Smirnov on 03/01/2017 (USA-01-0000265; Repeated again USA-01-0000404) and 06/30/2020 (USA-01-00000266 – USA-01-00000269);

7. iOS WhatsApp Messages between Alexander Smirnov and Handler (04/30/2016 – 03/27/2022);

8. Unclassified Summary Substitutions for FBI Information (USA-07-00000001 – USA-01-00000002)

We expect that Mr. Rogers will testify in sum and substance as follows:

*Chesnoff & Schonfeld*.
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

- page 4-

Alexander Smirnov was a statistically highly effective Confidential Human Source, CHS, for the Federal Bureau of Investigation, FBI, for over 10 years. Mr. Rogers' review of the administrative reports associated with Mr. Smirnov's operation as a CHS, detailed above, demonstrate that his handling agent, HA, made numerous repeated mistakes in his operation of Smirnov and even after those egregious errors were brought to his attention they were not rectified. More specifically, in the February 13, 2013, Field Office Annual Source Report, FOASR, the following deficiencies were noted:

1. HA failed to give the CHS extraterritorial travel admonishments;
2. HA allowed the CHS to conduct otherwise illegal activity, OIA, outside of approved time periods;
3. HA documented the CHS's true name in the wrong CHS subfile;
4. HA placed an unrelated CHS's NCIC record in this CHS's file;
5. HA identified the wrong country of birth for this CHS in his file;
6. HA failed to document appropriate receipts for payments to the CHS;
7. CHS was allowed to conduct personal international travel without appropriate approval and documentation in his file.

In a later Standard Validation Report covering 2013-2021 it was noted:

1. HA continued to fail to appropriately obtain approval and document CHS's international travel;
2. Derogatory information reported about the CHS and more unreported/undocumented otherwise illegal activity, OIA.

In the Source Validation Report for the period March, 2021-November, 2023 FBIHQ recommended that FBI Seattle, the office where the HA had transferred to from FBI San Francisco in 2019 and brought Smirnov's file with him, stop operating the CHS noting that they believed that the CHS was no longer fully under the HA's control, may be committing unauthorized illegal activity, UIA, and concern that the media's reporting of the CHS's information concerning the Biden family's influence peddling in Ukraine would vitiate his ability to continue to function as a CHS. In that same document, it was recommended that CHS be polygraphed. Based upon the records provided to me for my review, it does not appear that a polygraph of the CHS was ever scheduled or conducted.

LAW OFFICES
*Chesnoff & Schonfeld*
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

- page 5 -

It is my opinion that Smirnov was poorly handled as a CHS from the outset and even though numerous deficiencies on the part of his HA were noted over the years he, the HA, was allowed to continue operating Smirnov as a CHS likely due to how effective, verified by his statistical accomplishments, Smirnov was as a CHS. One of the clearly demonstrable problems noted by the file reviewers was a repeated lack of required reporting on the part of the HA. A CHS providing the type and amount of information provided by Smirnov should be handled with the upmost diligence. Further, Smirnov should have been polygraphed concerning his reporting on the Biden family in an effort to verify the accuracy of that reporting.

Mr. Rogers' Curriculum Vitae is attached hereto as Exhibit A. Mr. Rogers' fee schedule is attached hereto as Exhibit B. Mr. Rogers' testimonial history is attached hereto as Exhibit C. Mr. Rogers does not have any publications in the last 10 years.

Nothing by way of this disclosure is an acknowledgment that any evidence that has been produced by the government is admissible.

The Defendant reserves the right to supplement and/or amend Mr. Rogers' anticipated testimony and to call additional experts in his case-in-chief or rebuttal case, based on information made known to the Defendant and/or Mr. Rogers before or during trial.

Sincerely,

CHESNOFF & SCHONFELD

Richard A. Schonfeld, Esq.

This confirms that this expert witness disclosure, with attachments, contains my opinions, the bases and reasons for my opinions, my qualifications, and my testimonial history. I approve this Expert Witness Disclosure.

GREGORY SCOTT ROGERS

10/23/2024
DATE

**EXHIBIT A**

Gregory Scott Rogers

801-577-7756

**Education:**

Bachelors of Political Science-University of Utah- -1984

Juris Doctor-University of Utah-1988

Member of the Utah State Bar-No. 05340

**Federal Bureau of Investigation-1988-1990.**

San Antonio Field Office. Assigned to narcotics investigations, Associate Division Counsel, member of the SWAT team.

**United States Attorney's Office for the Western District of Texas-1990-1994.**

San Antonio Office. Assistant United States Attorney. Prosecuted federal narcotics, firearms, money laundering, and asset forfeiture cases. Prepared appeals to the 5th Circuit Court of Appeals. Taught basic criminal law and procedure to Asst. U.S. Attorneys and federal/state law enforcement.

**Federal Bureau of Investigation-1994-Retired 09/30/2017.**

Albuquerque Office-1994-1998. Assigned to narcotics investigations, undercover operations, Associate Division Counsel, member of the SWAT team. Criminal law and procedure, EEO, ethics, instructor to federal, state, local and Indian Country agencies.

Oklahoma City Office-1998-2001. Chief Division Counsel. Legal advisor for the office. Represented the FBI's interests in the Timothy McVeigh federal death penalty case and in the wrongful death case Trentadue v. the United States. Worked child pornography investigations and undercover operations. SWAT team member. Managed the asset forfeiture team. Criminal law and procedure, EEO, ethics, instructor to federal, state, local and Indian Country agencies.

Salt Lake City Office-2001-2017.

Monticello Resident Agency-2001-2003. Assigned to Indian Country and child pornography investigations. SWAT team member, Certified Crime Scene Investigator.

Provo Resident Agency-2003-2005. Assigned to the Utah Country Major Crimes Unit, worked narcotics investigations, Indian Country matters, child pornography, and undercover cases. Associate Division Counsel, member of the SWAT team. Criminal law and procedure, EEO, ethics, instructor to federal, state, and local agencies.

Salt Lake City Office-2005-2007. Chief Division Counsel. Legal advisor for the office. Represented the FBI's interests in the trial and sentencing phases of the Joseph Duncan federal death penalty case. Managed the asset forfeiture team. Criminal law and procedure, EEO, ethics, instructor to federal, state, local and Indian Country agencies. Assisted in the preparation of the FBI's revised Confidential Informant Policy Manual.

<u>2007-Retired 09/30/2017</u>. Undercover Operations Coordinator, Confidential Informant Coordinator, undercover cases, Indian Country matters, Child Sex Tourism team member, and Associate Division Counsel. Criminal law and procedure, EEO, ethics, instructor to federal, state and local agencies. University of Utah Law School Criminal Law instructor by invitation.

<u>2 Shots Private Investigations</u>. Owner. Established October, 2017.

<u>2017-Present</u>. Adjunct Professor of Criminal Justice at Utah Valley University, University of Utah Law School Criminal Law Instructor by invitation. Expert witness in state and federal court regarding numerous topics to include crime scene investigations, undercover operations, use of confidential informants and death penalty cases.

**EXHIBIT B**

**2 Shots Private Investigations**
801-577-7756 / S2lockback@yahoo.com



10/20/2024

Thank you for considering me in the review of your case. I've attached my CV and IRS W-9.

I've had the fortunate experience of recruiting and utilizing numerous confidential human sources, CSs, in my cases during my 30 year career as a Special Agent of the F.B.I. Based on that experience, I was asked by the F.B.I. to assist in the preparation of the revised Confidential Human Source Policy Manual in 2006. I also had the opportunity to utilize CSs as witnesses while I was an Assistant United States Attorney in the Western District of Texas. I also trained other agents how to properly utilize CSs as a Chief Division Counsel for two different F.B.I. Field Offices and as the Confidential Human Source Coordinator for the Salt Lake City Field Office.

A review of materials will be performed at the rate of $250.00 per hour. All in-person site inspection, depositions, testimony, investigations, standing by for trial, will be billed at a flat fee of $1200.00 per day. Travel will be billed at $750.00 per day plus expenses.

I am looking forward to being of assistance in this important case.

Sincerely,

Greg Rogers

**EXHIBIT C**

**2 Shots Private Investigations**
801-577-7756 / S2lockback@yahoo.com



10/23/2024

Expert Testimonial History:

Since 2020 I have prepared expert opinions in 17 cases. Only two of those cases proceeded to trial.

1. <u>United States of America v. Daniel Silva</u>, District of Utah, 2018. In that federal narcotics case I provided my opinion concerning narcotics cartels common use of street level dealers in furtherance of their distribution schemes and the presence of different cartels in the state of Utah.
2. <u>Utah v. Luke Buranek</u>, Weber County District Court, 2022. In that state case I provided my opinion concerning the improper use of a confidential informant.

Sincerely,

Greg Rogers