DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
* * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 2:24-CR-00091-ODW |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE PROPOSED DEFENSE EXPERT GREGORY SCOTT ROGERS (ECF NO. 150)** |
| v. | ) | |
| | ) | |
| ALEXANDER SMIRNOV, | ) | **Honorable Otis D. Wright II** |
| Defendant, | ) | **November 25, 2024 at 10:00 a.m.** |
| _____ | ) | |

Comes Now, Defendant Alexander Smirnov, by and through his counsel of record David Z. Chesnoff, Esq., and Richard A. Schonfeld, Esq., and hereby submits his Opposition to the Government's Motion in Limine to Preclude Proposed Defense Expert Gregory Scott Rogers. *See* ECF No. 150 ("Gov. Mot.").

i

This Opposition is made and based upon the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, and any argument that is heard.

Dated this 15th day of November, 2024.

                                        Respectfully Submitted:

                                        CHESNOFF & SCHONFELD

                                        /s/ David Z. Chesnoff
                                        DAVID Z. CHESNOFF, ESQ.
                                        *Pro Hac Vice*
                                        RICHARD A. SCHONFELD, ESQ.
                                        California Bar No. 202182
                                        520 South Fourth Street
                                        Las Vegas, Nevada 89101
                                        Telephone: (702)384-5563
                                        dzchesnoff@cslawoffice.net
                                        rschonfeld@cslawoffice.net
                                        Attorneys for Defendant
                                        ALEXANDER SMIRNOV

# TABLE OF CONTENTS

A.  Introduction................................................................... 1

B.  Charged Offenses............................................................ 2

C.  Argument...................................................................... 2

    I.    The Court should not exclude Mr. Rogers as an expert witness............................................................. 2

        i.    Rule 16 has been complied with and exclusion is not warranted......................................................... 2

        ii.   Mr. Rogers' Testimony complies with FRE Rule 702............ 5

        iii.  Mr. Rogers should be permitted to testify and exclusion is certainly not warranted.................................................. 11

D.  Conclusion.................................................................... 13

# TABLE OF AUTHORITIES

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*,
738 F.3d 960 (9th Cir. 2013)............................................................... 9

*Amorgianos v. National Railroad Passenger Corp.*,
303 F.3d 256 (2d Cir. 2002)...............................................................12

*Beauchamp v. Stouffer*,
2016 WL 6822483 (D. Md. Nov. 18, 2016)........................................ 7

*Brown v. Warden, Lee Corr. Inst.*,
2019 WL 6091000, at *14 (D.S.C. July 31, 2019), *report and recommendation adopted*, No. 2019 WL 4509190 (D.S.C. Sept. 19, 2019)........................ 7-8

*Chambers v. Mississippi*,
410 U.S. 284 (1973)........................................................................ 10

*Crane v. Kentucky*,
476 U.S. 683 (1986).........................................................................10

*Elosu v. Middlefork Ranch Inc.*,
26 F.4th 1017 (9th Cir. 2022)............................................................9

*Leaphart v. Eagleton*,
No. 2:15-CV-04910-JMC, 2017 WL 1160418 (D.S.C. Mar. 29, 2017)......... 7

*Monroe v. Angelone*,
323 F.3d 286 (4th Cir. 2003)............................................................. 7

*Penson v. United States*,
No. 2019 WL 498852 (W.D.N.C. Feb. 8, 2019).................................. 7

*Sherman v. Gittere*,
92 F.4th 868 (9th Cir. 2024).............................................................. 10

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
2021 WL 4913509 (C.D. Cal. Sept. 8, 2021)......................................9

*United States v. Boam,*
2023 WL 3722904 (9th Cir. May 30, 2023).................................................. 3

*United States v. Concessi,*
38 Fed. App'x 866 (4th Cir. 2002)............................................................ 12

*United States v. Davis,*
No. 11–60285–CR, 2013 WL 2156659 (S.D.Fla. May 17, 2013)................... 9

*United States v. Fortenberry,*
89 F.4th 702 (9th Cir. 2023)..................................................................... 6

*United States v. Hanna,*
55 F.3d 1456 (9th Cir. 1995)..................................................................... 8

*United States v. Howell,*
231 F.3d 615 (9th Cir. 2000)..................................................................... 8

*United States v. Lecco,*
2010 WL 1507891 (S.D.W. Va. Apr. 14, 2010)........................................... 7

*United States v. Mahaffy,*
2007 WL 1213738 (E.D.N.Y. Apr. 24, 2007)............................................ 12

*United States v. Sager,*
227 F.3d 1138 (9th Cir. 2000).............................................................5, 6, 8

*United States v. Singh,*
979 F.3d 697 (9th Cir. 2020).................................................................... 7

*United States v. Wilson,*
493 F. Supp. 2d 484 (E.D.N.Y. 2006)..................................................... 12

*Washington v. Texas,*
388 U.S. 14 (1967)................................................................................ 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Introduction

The government's motion seeks to exclude Gregory Scott Rogers, a highly experienced and knowledgeable expert who will help the jury to understand the evidence and determine facts at issue at trial. Mr. Rogers' testimony is material (indeed, essential) to Mr. Smirnov's defense, as Mr. Rogers is an expert "regarding use of confidential informants and undercover operations." Mr. Rogers worked as Associate Division Counsel for the FBI from 1988 to 1990, as an Assistant United States Attorney from 1990 to 1994, and in various capacities with the FBI from 1994 to 2007 (including acting as the Confidential Informant Coordinator). Mr. Rogers' report, CV, fee schedule, and testimonial history is attached as Exhibit 1 to the government's motion.

Significantly, the government does not contest the qualifications of Mr. Rogers. Rather, it seeks exclusion based on two other challenges—neither of which is availing: (1) the contention that Mr. Rogers does not satisfy Fed. R. Crim. P. 16; and (2) the belief that his expected testimony is inadmissible under F.R.E. 702. As shown below in greater detail, these arguments are baseless. Contrary to the government's arguments, Mr. Rogers will provide testimony that is relevant, reliable, and admissible under the Federal Rules of Evidence, as construed by the settled precedent. Most of the government's arguments are premised on a narrow

1

reading of the expert disclosure and implicate at most, questions that can be addressed on cross-examination, but that are not an appropriate basis for a Rule 16 or Rule 702 challenge. Accordingly, the Court should deny the government's motion in its entirety.

**B.    Charged Offenses**

The two-count indictment in the present case (ECF No. 1) charges Mr. Smirnov with: 1) Making False Statements to a Government Agent, in violation of 18 U.S.C. § 1001; and 2) Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519. As alleged in the indictment, Mr. Smirnov served as a confidential human source ("CHS") for the FBI for at least 10 years, from 2013 through October 2023.

**C.    Argument**

    **I.    The Court Should Not Exclude Mr. Rogers as an Expert Witness**

        **i.    Rule 16 has been complied with and exclusion is not warranted**

Preliminarily, the government argues in part that Mr. Rogers has not provided a "list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(b)(1)(c)(iii). The government argues that the disclosure states, "[s]ince 2020, I have prepared expert opinions in 17 cases. Only two of those cases have proceeded to trial," and then lists those two cases by name. Disclosure at 12. The government argues that Mr. Rogers

2

has not listed the cases where he was deposed; however, the two cases referenced as testimonial in the third exhibit to the report are the only two cases in which he testified over the last four years. Accordingly, the defense has complied with its Rule 16 obligations.

Furthermore, the government's citation to *United States v. Boam*, 2023 WL 3722904, at *3 (9th Cir. May 30, 2023) is misplaced. In *Boam*, the court held that the expert disclosure was substantively insufficient and untimely, and that Boam violated the court's orders and rules by defective notices or disclosures. Accordingly, this case is substantively and procedurally distinguishable from *Boam*.

Next, the government alleges that "[t]he disclosure fails to adequately disclose Rogers' opinions and, as a result, falls far short of a 'complete statement of all' of his opinions as Rule 16 requires. Nor does it describe the 'bases and reasons' for them." This should also be rejected. The government has taken one paragraph of the expert report to express their criticism; however, when taken in context with the other paragraphs, it is clear in terms of the basis for the opinions and the opinions themselves.

The government also contends that Mr. Rogers fails to define what "poorly handled" means. Setting to one side the embarrassing fact that the Handler himself certainly knows what the quoted term (as applied to his own conduct) means, the term is perfectly clear when taken in context and, if the prosecutor is still confused,

3

he is free to explore the alleged mystery during his cross-examination of Mr. Rogers. Mr. Rogers is clearly experienced and qualified to testify in this area. The government's entire case is premised on Mr. Smirnov's alleged false statements as recorded by his sloppy Handler. The government should not be permitted to engage in a one-sided presentation of this critical issue without the jury also hearing from a defense expert to explain the use of confidential informants and undercover operations, so the jury can better understand the evidence.

The government also takes issue with Rogers' opinion that the defendant was "allowed to continue operating" "likely due to how effective," he was. Disclosure at 5. But this Court should reject the government's efforts to portray this as "nothing more than speculation." It is not. The government ignores the experience, training, and opinions of Mr. Rogers. Likewise, Mr. Rogers' opinion that Mr. Smirnov "should have been polygraphed concerning his reporting on the Biden family in an effort to verify the accuracy of that reporting" is perfectly valid: again, Mr. Rogers' report, when read in full, clearly identifies the basis upon which he was relying to form his opinions; any further gripes and cavils can be explored on cross-examination. At most, the government's Motion is premature, and unless the Motion is summarily denied, the court can defer ruling on it until trial proceeds.

### ii. Mr. Rogers' Testimony complies with FRE Rule 702

Federal Rule of Evidence 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

*Id.*

None of the government's raises three arguments related to Mr. Rogers's testimony, but none of these arguments warrants exclusion under Federal Rule of Evidence 702. First, the government alleges that Mr. Rogers' testimony would not "help the trier of fact to understand the evidence or to determine a fact in issue" because his testimony is not relevant to any of the elements of the crimes charged. This argument must be rejected for two reasons. First, the Defendant has a constitutional right to contest the quality of the investigation.

In *United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000), the Ninth Circuit Court of Appeals held that was its plain error for the jury to be deprived not

5

look at the sloppiness of the policework (that is, "grade" their lousy investigation).

The *Sager* court stated in part:

> We agree with Sager that the district court committed plain error and abused its discretion by instructing the jury not to "grade" the investigation. In one breath, the court made clear that the jury was to decide questions of fact, but in the other, the court muddled the issue by informing the jury that it could not consider possible defects in Morris's investigation. To tell the jury that it may assess the product of an investigation, but that it may not analyze the quality of the investigation that produced the product, illogically removes from the jury potentially relevant information. As the Supreme Court noted in *Kyles v. Whitley*, 514 U.S. 419 (1995) "[w]hen ... the probative force of evidence depends on the circumstances in which it was obtained and those circumstances raise a possibility of fraud, indications of conscientious police work will enhance probative force and slovenly work will diminish it." *Id.* at 446 n. 15; *see also id.* at 442 n. 13 (discussing the utility of attacking police investigations as "shoddy"); id. at 445–49, 115 S.Ct. 1555; cf. *Carriger v. Stewart*, 132 F.3d 463, 481 (9th Cir.1997); *United States v. Hanna*, 55 F.3d 1456, 1460 (9th Cir.1995).

*Id.*; *see also Kyles,* 514 U.S. at 446 and n.15.

Second, the opinions are relevant to the elements of the charged offenses. Section 1001 (Count One) requires the government prove "that the defendant: 1) made a statement, 2) that was false, and 3) material, 4) with specific intent, 5) in a matter within the agency's jurisdiction." *United States v. Fortenberry*, 89 F.4th 702, 705 (9th Cir. 2023). Section 1519 (Count Two) requires that the government prove that "the defendant (1) knowingly committed one of the enumerated acts in the statute, such as destroying or concealing; (2) towards 'any record, document, or tangible object'; (3) with the intent to obstruct an actual or contemplated

6

investigation by the United States of a matter within its jurisdiction." *United States v. Singh*, 979 F.3d 697, 715 (9th Cir. 2020) (citation omitted).

Here, the government's citation to *United States v. Lecco*, 2010 WL 1507891, at *3 (S.D.W. Va. Apr. 14, 2010) is inapposite. In *Lecco*, the court stated in part that:

> [i]t may be the case that defendant might, through other means and sources, develop a defense along the lines sanctioned by Kyles. It is clear, however, as it was in 2007, that the Guidelines, the MOU, and similar materials may not be used for that or any related purpose. As noted by our court of appeals in Jackson, the law "does not provide license for courts to police compliance with" internal agency protocols. Defendant's approach would essentially shift this prohibited policing function from the court to the jury."

*Id.*

However, here, Mr. Rogers' testimony is not contingent on FBI protocols. While the government cherry picks the *Lecco* decision, many other cases permit the utilization of such defense strategies. *See, e.g.*, *Monroe v. Angelone*, 323 F.3d 286, 312 (4th Cir. 2003) (finding that defense "emphasized the poor investigative work of the police," such as their failure to conduct certain tests); *Penson v. United States*, No. 2019 WL 498852, at *4 (W.D.N.C. Feb. 8, 2019) (evidence of "sloppy police work" is admissible); *Beauchamp v. Stouffer*, 2016 WL 6822483, at *8 (D. Md. Nov. 18, 2016) ("sloppy investigation"); *Leaphart v. Eagleton*, No. 2:15-CV-04910-JMC, 2017 WL 1160418, at *11 (D.S.C. Mar. 29, 2017) ("[T]rial counsel's strategy was to attack the police investigation as shoddy or underhanded ...."); *Brown v. Warden, Lee Corr. Inst.*, 2019 WL 6091000, at *14 (D.S.C. July 31, 2019), *report and*

7

*recommendation adopted*, No. 2019 WL 4509190 (D.S.C. Sept. 19, 2019) (same, for "counsel's plan of painting the investigation as sloppy").

As stated above, the Ninth Circuit has recognized this as well. *See, e.g., United States v. Howell*, 231 F.3d 615, 625 (9th Cir. 2000) ("In this case, the fact that . . . two separate police reports contained an identical error . . . certainly raises the opportunity to attack the thoroughness, and even good faith, of the investigation."); *United States v. Sager*, 227 F.3d 1138, 1145-46 (9th Cir. 2000) (same); *United States v. Hanna*, 55 F.3d 1456, 1460 (9th Cir. 1995).

Here, whether Mr. Smirnov's alleged statement was false, material, made with specific intent, and was made in a matter within the agency's jurisdiction is directly relevant to the agent's known reporting defects. Moreover, the scope of duties and responsibilities of the FBI, particularly regarding use of confidential informants and undercover operations, is specialized knowledge, and the testimony of Mr. Roberts can assist the jury in this evaluation.

The government goes similarly astray is alleging that the expert disclosure fails to satisfy Rule 702's requirement that the opinion be based on sufficient facts or data. Again, the government is ignoring the entire report and Mr. Rogers sets forth in detail that his opinion is based on sufficient facts and data.

Third, the government's claim that Rogers' opinions are not the product of any reliable principles or methods cannot be squared with *Daubert* and its progeny.

8

Under that seminal case, expert opinion testimony is reliable "if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." In general, arguments questioning an expert's impartiality or credibility go to "the weight of the [expert's] testimony," "not its admissibility." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969–70 (9th Cir. 2013). The government's objections regarding reliability are therefore not appropriate bases for a Rule 702 motion. *See also Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) ("[S]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." (quoting *Primiano*, 598 F.3d at 564); *SPS Techs., LLC v. Briles Aerospace, Inc.*, 2021 WL 4913509, at *3 (C.D. Cal. Sept. 8, 2021) ("Arguments that an expert's testimony is based on facts contrary to the actual record are more appropriate for impeachment than inadmissibility." (internal quotation marks and citation omitted)).

Here, Mr. Rogers has extensive experience and is undisputedly qualified. Accordingly, there is no basis to strike him under Rule 702. *Compare, e.g., United States v. Davis*, No. 11–60285–CR, 2013 WL 2156659, at *3–4 (S.D.Fla. May 17, 2013) (concluding that expert's qualifications "easily clear the low hurdle imposed by *Daubert*;" "for the past eight years, [he] has regularly analyzed cellular-telephone records in conducting criminal investigations, and, for the past three years, [he] has

done nothing but analyze cellular-telephone records in support of criminal investigations").[1]

In light of the foregoing, it is apparent that Mr. Rogers is qualified as an expert and he has specialized knowledge that will help the trier of fact to understand the evidence and determine facts in issue. Moreover, his testimony is based on sufficient facts, his testimony is the product of reliable principles and methods; and his opinion reflects a reliable application of the principles and methods to the facts of the case. Accordingly, Mr. Rogers' proposed testimony supports Mr. Smirnov's right to present a complete defense, and it is respectfully submitted that exclusion would result in a manifest injustice and deprive Mr. Smirnov's rights to a fair trial, due process, and the right to present a complete defense. *See, e.g.*, *Sherman v. Gittere*, 92 F.4th 868, 878–79 (9th Cir. 2024) ("The constitutional right to 'a meaningful opportunity to present a complete defense' is rooted in both the Due Process Clause and the Sixth Amendment. [*Crane v. Kentucky*, 476 U.S. 683, 690] (1986) (quoting [*California v. Trombetta*, 467 U.S. 479, 485] (1984); *see Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) . . . . *Washington v. Texas*, 388 U.S. 14, 19 (1967) ("The [Sixth Amendment] right to offer the testimony of witnesses, and to compel their

---

[1] The government takes issue with the expert's opinion that "A CHS providing the type and amount of information provided by Smirnov should be handled with the upmost [sic.] diligence." The government argues that Mr. Roger's use of the word "upmost" establishes the "fact that he can't even produce an error free disclosure speaks to the quality of his proposed testimony." However, counsel has been unable to locate a published case where an expert was excluded as a result of a typographical or grammatical error.

attendance, if necessary, is in plain terms *the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies*.") (emphases added).

        **iii.    Mr. Rogers should be permitted to testify and exclusion is certainly not warranted.**

In a catchall effort to exclude Mr. Rogers, the government alleges that "The government requested reciprocal discovery from the defendant in April; however, the defendant did not produce any discovery to the government until October 24, 2024, when he provided, for the first time, what purports to be an expert witness disclosure, six months after the government requested discovery and a little over a month before trial." This assertion is curious, as the government recently dumped thousands of pages of additional discovery on the defense on the eve of trial (and has yet to provide what it characterizes as *Jencks* material, which will likely be voluminous). That aside, the government cannot point to any valid Rule 16 violation. Rule 16 states in part that the defendant's expert disclosure must be "sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence." Here, the defendant recently retained the expert while preparing for trial and the disclosure was timely made under the applicable conditions. There was no withholding or delay of the disclosure. The government will have had notice of the disclosure for over a month prior to trial, and clearly had it in time to file the instant Motion *in Limine*. The government has not argued in any

11

way that it is prejudiced by the disclosure. In fact, the disclosure is based on reports and discovery that the government is in possession of.

Moreover, the cases cited by the government are distinguishable. In *United States v. Wilson*, 493 F. Supp. 2d 484 (E.D.N.Y. 2006), the expert notice was provided after the deadline imposed by the court, which noted that this was particularly important if the expert was expected to testify on matters which touch on new or controversial techniques or opinions. In *United States v. Mahaffy*, 2007 WL 1213738, at *2-3 (E.D.N.Y. Apr. 24, 2007), the court excluded defendant's expert because the defendant waited until the day the trial commenced to produce a summary statement. Moreover, the court excluded the expert on other grounds, including that the proposed testimony would be cumulative. In *Amorgianos v. National Railroad Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002), a civil case, the court held that the trial court did not abuse its discretion in excluding plaintiff's experts as the testimony of the experts was "fatally flawed with respect to the duration and degree of Amorgianos's exposure to xylene, and on the issues of general and specific causation." *See id.* at 268. In *United States v. Concessi*, 38 Fed. App'x 866, 868 (4th Cir. 2002), another unpublished case, the Court held that the trial court did not abuse its discretion in excluding the defense experts, as the disclosures were untimely and the designations were made the Friday afternoon before a trial that commenced the following Monday.

Here, Mr. Smirnov provided his expert notice over a month before trial, and as soon as it was completed by the defense expert who was recently retained. Furthermore, as set forth above, Mr. Rogers' notice complies with FRE 702 and Fed. R. Crim. P. 16. Accordingly, the government's request to exclude Mr. Rogers should be denied.

**D.     Conclusion**

For the foregoing reasons, Mr. Smirnov respectfully requests that this Court deny the government's Motion to exclude Gregory Scott Rogers from testifying as an expert on behalf of the Defendant.

DATED this 15th day of November, 2024.

                                           Respectfully Submitted:

                                           CHESNOFF & SCHONFELD

                                           /s/ David Z. Chesnoff
                                         DAVID Z. CHESNOFF, ESQ.
                                         *Pro Hac Vice*
                                         RICHARD A. SCHONFELD, ESQ.
                                         California Bar No. 202182
                                         520 South Fourth Street
                                         Las Vegas, Nevada 89101
                                         Telephone: (702)384-5563
                                         rschonfeld@cslawoffice.net
                                         dzchesnoff@cslawoffice.net
                                         Attorneys for Defendant
                                         ALEXANDER SMIRNOV

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld

14