DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

* * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 2:24-CR-00091-ODW |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S OPPOSITION TO** |
| | ) | **THIRD MOTION *IN LIMINE* TO** |
| v. | ) | **EXCLUDE SPECIFIC INSTANCES OF** |
| | ) | **CONDUCT (ECF NO. 152)** |
| ALEXANDER SMIRNOV, | ) | |
| | ) | **Honorable Otis D. Wright II** |
| Defendant, | ) | **November 25, 2024 at 10:00 a.m.** |
| _____ | ) | |

    Comes Now, Defendant Alexander Smirnov, by and through his counsel of record David Z. Chesnoff, Esq., and Richard A. Schonfeld, Esq., and hereby submits his Opposition to the Government's "Third Motion In Limine to Exclude Specific Instances of Conduct," filed November 1, 2024. *See* ECF No. 152 ("Gov. Mot.").

This Opposition is made and based upon the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, and any argument that is heard.

Dated this 15th day of November, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

 /s/  David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Background and Statement by Judge Wright

The indictment (ECF No. 1) charges Mr. Smirnov with: 1) Making False Statements, in violation of 18 U.S.C. § 1001; and 2) Falsification in a Federal Investigation, in violation of 18 U.S.C. § 1519. Mr. Smirnov was a confidential human source ("CHS") for the FBI from 2013 through October 2023. The FBI reports documenting his service contain only positive references and no evidence of him aiding any foreign government. The government's motion aims to preclude a fair defense.

This, sadly, has been a recurring theme, as contrasted with the Special Counsel's decision in a related prosecution: 1) to give Hunter Biden a plea deal with just a few minor offenses (rather than any Burisma-related, or Chinese corruption offenses); and 2) to try to resolve that case on favorable terms, for the son of a sitting President.

Critically, this Court will not allow such evidence-blocking tactics, stating:

> [N]othing—*we're going to do absolutely nothing to interfere with your ability to mount a vigorous defense, and if there are documents that will enable you to do that, then, by all means, you're entitled to those things, absolutely entitled.*

*United States v. Smirnov* (No. 2:24-CR-00091-ODW), Hear. Tr. (Sep. 9, 2024) at 22.

Mr. Smirnov relies on this reassurance to stop the prosecution's desire to convict him by restricting—indeed, gutting—his trial defense. *See, e.g., Sherman v. Gittere*, 92

3

F.4th 868, 878–79 (9th Cir. 2024) ("The constitutional right to 'a meaningful opportunity to present a complete defense' is rooted in both the Due Process Clause and the Sixth Amendment. [*Crane v. Kentucky*, 476 U.S. 683, 690] (1986) (quoting [*California v. Trombetta*, 467 U.S. 479, 485] (1984); *see Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) . . . . *Washington v. Texas*, 388 U.S. 14, 19 (1967) ("The [Sixth Amendment] right to offer the testimony of witnesses . . . is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies.").

**B.    This Court Should Permit Mr. Smirnov to Present a Constitutionally Adequate Defense, As Expressly Permitted Under Rule 405(b)**

Count two charges a violation under 18 U.S.C. § 1519, which requires proof that Mr. Smirnov, in obstructing an investigation, and acted with "evil intent." *United States v. Stevens*, 771 F. Supp. 2d 556, 560–62 (D. Md. 2011). Thus, *Stevens* invoked the Supreme Court precedent to state:

> In *Arthur Andersen LLP v. United States*, the Supreme Court interpreted the language of 18 U.S.C. § 1512(b)(2)(A), a similar obstruction statute . . . . The [*Anderson*] Court held that the most natural reading of the statute was one in which the word "knowingly" modifies "corruptly persuades." *Id* . . . .
>
> [T]he most natural, grammatical reading of § 1519 is one in which the word "knowingly" modifies "with intent to impede, obstruct, or influence." The mens rea of 1519 is not just "knowingly"—meaning "with awareness, understanding, or consciousness"—as the Government suggests. *Id*. at 705.

4

[T]he same *evil intent* embodied in § 1512 *is embodied in § 1519.*
*United States v. Moyer*, 726 F.Supp.2d 498, 506 (M.D.Pa. 2010). The
language "with intent to impede, obstruct, or influence" . . . "imposes
upon the § 1519 defendant the same *sinister mentality* which 'corruptly'
requires of a § 1512(b)(2) defendant." *Id.* . . . [T]he most reasonable
reading of Section 1519 is one which imposes criminal liability only on
those who were conscious of the wrongfulness of their actions . . . .

*Stevens*, 771 F. Supp. 2d at 560–61 (emphases added).

Given the government's burden to prove that Mr. Smirnov's statements were
made with "sinister mentality" and "evil intent," Mr. Smirnov will negate those
efforts through "specific incidents" of reports that were not only truthful, but also
praised and relied upon by the FBI. It is disingenuous for the government to spend
much of its motion asserting—in the face of these undisputed facts, as filtered
through a membrane of common sense—that Mr. Smirnov's truthfulness is *not*,
somehow, relevant to his trial defense. Yet that is precisely what the government
does, arguing—in contradiction of this Court's words—that he is not "absolutely
entitled" to present "a vigorous defense" at trial. Hearing Tr. at 22.

The federal rules underscore the correctness of this Court's assurances. Thus,
Rule 405 of the Federal Rules of Evidence states: "(b) When a person's character or
character trait is an essential element of a charge, claim, or defense, the character or
trait may also be proved by relevant specific instances of the person's conduct."

Rule 405(b) permits evidence of the many "specific instances" of good
"conduct" that Mr. Smirnov rendered to the United States Government during his

years of service. *See, e.g., United States v. Giese*, 597 F.2d 1170, 1190 (9th Cir. 1979) ("[A] defendant-witness may [himself] cite specific instances of conduct as proof that he possesses a relevant character trait such as peaceableness."). Moreover—and despite the Government's claim that truthfulness does *not* lie at the heart of this prosecution—admission of "specific instances" evidence under Rule 405(b) flows, in this case, from the fact that the indictment repeatedly asserts that Mr. Smirnov is an inveterate liar—an assertion that is squarely contradicted (and, hence, negated for *mens rea* purposes) by specific instances of his years-long truthfulness in his FBI reporting.

Thus, Mr. Smirnov's *truthfulness* is indeed the quintessential "essential element" of his trial "defense" under Rule 405(b). Indeed, while specifically addressing an entrapment defense in *United States v. B.B. Thomas*, 134 F.3d 975 (9th Cir. 1998), *as amended on denial of reh'g* (Apr. 10, 1998), the Ninth Circuit made plain that—contrary to the government's unfairly restrictive reading, *see* Gov. Opp. at 6—its holding under Rule 405(b) applied 1) far more broadly, and 2) to cases identical to Mr. Smirnov's. *See id*. at 980 (while specifically addressing entrapment, *B.B. Thomas* Court makes plain that its Rule 405(b)-based holding applies where a defendant like Mr. Smirnov must—to defend himself—negate the *mens rea* through "specific instances" of conduct: "[T]he well-settled rule that *character* must be considered is tantamount to a holding that it *is an essential element of the defense,*

*and we explicitly recognize it as such here . . . .*") (emphases added); *see also United States v. Tangen*, No. 2:15-CR-0073-SMJ, 2016 WL 3676451, at *2 (E.D. Wash. July 7, 2016) ("specific instances of truthful or honest conduct by Defendant are admissible under Rule 405(b) as fraud is an 'essential element' of Defendant's charges."); *cf. Schafer v. Time, Inc.*, 142 F.3d 1361, 1372 (11th Cir. 1998).[1]

The non-binding *United States v. Covington*, No. 3:23cr68, 2023 WL 8482581, at *3 (E.D. Va. Dec. 7, 2023) is distinguishable—even though it references *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995). *See* Gov. Mot. at 5-6. The "*Covington* test" for Rule 405(b) stated: "In determining whether a person's trait is an essential element of the crime, the relevant question is: would proof, or *failure of proof*, of the character trait by itself actually satisfy an element of the charge, claim, or defense?" *Id.* at *3 (emphasis added). Here, the answer is yes: a "failure of proof" will ensue if Mr. Smirnov cannot show an element of his "defense," namely, showing that his reporting was truthful and never flagged as suspicious.[2]

---

[1]    Thus, in *United States v. Thomas*, 32 F.3d 418 (9th Cir. 1994), "the district court committed reversible error when it excluded Thomas' evidence of the benefits the growers received . . . . Evidence showing actual gain was highly probative on the issue of . . . whether he had an intent to deprive growers of their property . . . ." *United States v. Ciccone*, 219 F.3d 1078, 1082-83 (9th Cir. 2000); *see also State v. Mercer*, 106 P.3d 1283, 1287 (N.M. Ct. App. 2005).

[2]    A defendant also has the right to full cross-examination. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986) ("[C]onfrontation . . . . means more than being allowed to confront the witness physically . . . . Indeed, the main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.") (emphases and quotations omitted)).

**C.    Evidence of Negligent Record-Keeping is Also Relevant to the Defense**

In addition to the specific instances of conduct, Mr. Smirnov will further show that his FBI handler failed to document his (Mr. Smirnov's) communications and reports. This evidence will take the form of the specific acts of Mr. Smirnov communicating with his Handler, with no corresponding record of the same.

This evidence is admissible to show Mr. Smirnov's defense. It impeaches the quality of the law enforcement in this case, which shows: 1) that the Handler's shoddy work involved repeatedly neglecting procedures; and 2) that this negligence shows the lack of record keeping regarding Defendant's disclosure related to Burisma. *See, e.g.*, *Lindsey v. King*, 769 F.2d 1034, 1042 (5th Cir. 1985) (new trial where withheld evidence had "potential" for "discrediting . . . police methods"); *see also Carriger v. Stewart*, 132 F.3d 463, 481 (9th Cir. 1997) (can "question the thoroughness or good faith of an investigation[.]") (citing *Kyles v. Whitley*, 514 U.S. 419, 444–48 (1995)); *United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000); *United States v. Aguilar*, 831 F. Supp. 2d 1180, 1203 (C.D. Cal. 2011).

These principles apply here. Mr. Smirnov will introduce the shoddy reports prepared by his Handler to show that such record keeping is consistent with the Handler failing to document the "non-relevant" conversation (as the government glibly characterizes it in the Indictment) with Smirnov in 2017, as reflected in the FD-1023. Mr. Smirnov's disclosure was thus made, but never documented.

**D.    The Relationship Between Mr. Smirnov and His Handler is Relevant**

Mr. Smirnov must also be allowed to explain the specific exculpatory context in which he made the allegedly unlawful communication. Stated another way, it would be constitutionally unfair to allow the Handler to take the stand in a vacuum, testify about how, in 2020, Mr. Smirnov lied to him—but then preclude Mr. Smirnov from adducing evidence to set these acts in context. *See, e.g., Perez v. Madden*, 2019 WL 4670197, at *4 (E.D. Cal. Sept. 25, 2019), *adopted sub nom. Trejo Perez v. Madden*, WL 1154807 (E.D. Cal. Mar. 10, 2020) ("[E]xcluding potentially-exculpatory evidence simply because the government has presented strong evidence . . . —thereby evaluating only the government's evidence without allowing the defendant to rebut it—can violate the right . . . to present a complete defense . . . .").

Mr. Smirnov can reveal the unique manner in which he and his Handler communicated. The two men socialized and exchanged calls—but these events were never documented. This failure also reveals what the government downplays as a "non-relevant" conversation about the Bidens in 2017, and that, after having maintained a strong relationship with Mr. Smirnov, intermediary steps could have been taken to determine his truthfulness, *but were not*. Without being able to show Mr. Smirnov's decade of suspicion-free interactions with his Handler, he will not be able to put into context the FBI's failure to verify their CHS's accuracy by using the tools available to it (such as a simple polygraph test).

**E.** **Conclusion**

For the foregoing reasons, Mr. Smirnov requests that this Court deny ECF No. 152 and allow him to put on the trial defense to which he is constitutionally entitled.

DATED this 15th day of November, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/  David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of November, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

<u>/s/ Camie Linnell</u>
Employee of Chesnoff & Schonfeld