DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
* * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 2:24-CR-00091-ODW |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S OPPOSITION TO** |
| | ) | **"FOURTH MOTION *IN LIMINE*** |
| v. | ) | **TO EXCLUDE ALLEGED** |
| | ) | **DEFECTS IN THE** |
| ALEXANDER SMIRNOV, | ) | **PROSECUTION" (ECF NO. 153)** |
| | ) | |
| | ) | **Honorable Otis D. Wright II** |
| Defendant. | ) | **November 25, 2024 at 10:00 a.m.** |
| | ) | |

Comes Now, Defendant Alexander Smirnov, by and through his counsel of record David Z. Chesnoff, Esq., and Richard A. Schonfeld, Esq., and hereby submits his Opposition to the Government's "Fourth Motion In Limine to Exclude Alleged Defects in the Prosecution," filed November 1, 2024. *See* ECF No. 153 ("Gov. Mot.").

1

1  This Opposition is made and based upon the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, and any argument that is heard.

Dated this 15th day of November, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Background and Statement

The two-count indictment in the present case (ECF No. 1) charges Mr. Smirnov with: 1) Making False Statements to a Government Agent, in violation of 18 U.S.C. § 1001; and 2) Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519. As alleged in the indictment, Mr. Smirnov served as a confidential human source ("CHS") for the FBI for at least 10 years, from 2013 through October 2023. As shown from the discovery, the FBI reports documenting Mr. Smirnov's years of service to United States contain positive references and commendations; they contain no evidence of him serving or aiding any foreign government. Recognizing this, and seeking to convict Mr. Smirnov at any price, the government is seeking to prevent Mr. Smirnov from adducing *any* evidence (or asking *any* questions) that might add up to a fair and honest trial defense.

In the present motion, the government seeks to preclude Mr. Smirnov from "introducing evidence, argument, or questioning that suggests or otherwise implies that the prosecution is politically motivated, that the government is selectively or vindictively prosecuting him, that government agents or prosecutors engaged in outrageous government misconduct, that the prosecution of him is unlawful for any reason, that the prosecution is costly or inappropriately funded, or that the prosecutors or agents are conflicted." Gov. Mot. at 2 (emphases added).

Critically, this Court has no intention of letting Special Counsel pursue his evidence-blocking persecution of Mr. Smirnov. To the contrary, this Court made a statement clearly indicating its intent to protect Mr. Smirnov's right to a fair trial:

> [N]othing—*we're going to do absolutely nothing to interfere with your ability to mount a vigorous defense*, and if there are documents that will enable you to do that, then, *by all means*, you're entitled to those things, *absolutely entitled*.

*United States v. Smirnov* (No. 2:24-CR-00091-ODW), Hear. Tr. (Sep. 9, 2024) at 22 (emphases added).

Mr. Smirnov relies on this Court's reassurance to counterbalance the prosecution's desire to convict him not just by restricting—but by completely gutting—his right to present a full and fair defense at trial. *See, e.g., Sherman v. Gittere*, 92 F.4th 868, 878–79 (9th Cir. 2024) ("The constitutional right to 'a meaningful opportunity to present a complete defense' is rooted in both the Due Process Clause and the Sixth Amendment. [*Crane v. Kentucky*, 476 U.S. 683, 690] (1986) (quoting [*California v. Trombetta*, 467 U.S. 479, 485] (1984); *see Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) . . . . *Washington v. Texas*, 388 U.S. 14, 19 (1967) ("The [Sixth Amendment] right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms *the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies*.") (emphases added).

B.  **Evidence and Inquiry Into the FBI's Conduct, Bias, and Record-Keeping Are Relevant to Mr. Smirnov's Defense**

Mr. Smirnov intends, as part of his defense, to introduce relevant evidence that his FBI handler often failed to competently document his (Mr. Smirnov's) communications and reports. As argued in another opposition to yet another one of the government's motions (ECF No. 152), Mr. Smirnov will adduce evidence in the form of (among other things) the numerous specific acts of Mr. Smirnov communicating with his Handler (and assisting the government), with no corresponding record of the same. Such evidence impeaches the quality of the law enforcement conduct in this case, which goes to the heart of Mr. Smirnov's defense: 1) that his Handler's shoddy work involved repeatedly failing to follow appropriate procedures; and 2) that this obvious negligence is consistent with the lack of record keeping regarding Defendant's disclosure related to Burisma, as claimed in the Indictment. *See, e.g., Bowen v. Maynard*, 799 F.2d 593, 613 (10th Cir. 1986) ("A common trial tactic of defense lawyers is to discredit the caliber of the investigation or the decision to charge the defendant, and we may consider such use in assessing a possible *Brady* violation"); *Lindsey v. King*, 769 F.2d 1034, 1042 (5th Cir. 1985) (new trial granted to prisoner convicted in state court where withheld Brady evidence "carried within it the potential . . . for the . . . discrediting . . . of the police methods employed in assembling the case"); ); *United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir.2000) (quoting Kyles ); *United States v. Sager*, 227 F.3d 1138, 1145 (9th

Cir.2000) (quoting *Kyles v. Whitley*, 514 U.S. 419 (1995) and referring to "the utility of attacking police investigations as 'shoddy'").

To the extent the government (in its present motion) seeks to preclude specific incidents of good conduct or incidents of sloppy record-keeping by labeling such evidence "outrageous government misconduct" or evidence of an "unlawful" prosecution (Gov. Mot. at 2), then this Court should reject such efforts based on the precedent and this Court's own assurance that "absolutely nothing" will "interfere with [Mr. Smirnov's] ability to mount a vigorous defense[.]" Hear. Tr. (Sep. 9, 2024) at 22; *see also United States v. Ofray-Campos*, 534 F.3d 1, 36 (1st Cir. 2008) ("Under the Confrontation Clause, a defendant has the right to cross-examine the government's witness about his bias against the defendant and his motive for testifying.") (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

C. **Conclusion**

For the foregoing reasons, Mr. Smirnov respectfully requests that this Court deny ECF No. 153; rule that the evidence (and inquiry) discussed above is highly probative of Mr. Smirnov's trial defense and not "substantially outweighed" by any

///

6

of Fed. R. Evid. 403's risks and dangers; and allow Mr. Smirnov to put on the trial defense to which he is constitutionally entitled.

DATED this 15th day of November, 2024.

          Respectfully Submitted:

          CHESNOFF & SCHONFELD

          /s/ David Z. Chesnoff
          DAVID Z. CHESNOFF, ESQ.
          *Pro Hac Vice*
          RICHARD A. SCHONFELD, ESQ.
          California Bar No. 202182
          520 South Fourth Street
          Las Vegas, Nevada 89101
          Telephone: (702)384-5563
          rschonfeld@cslawoffice.net
          dzchesnoff@cslawoffice.net
          Attorneys for Defendant
          ALEXANDER SMIRNOV

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld