DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:  (771) 217-6090
    E-mail:      LJW@usdoj.gov, DEH@usdoj.gov
    E-mail:      SFM@usdoj.gov; CMR@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ALEXANDER SMIRNOV,<br><br>        Defendant. | No. CR 2:24-cr-00091-ODW<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO TAKE JUDICIAL NOTICE OF CONTENTS OF AN IRRELEVANT, INADMISSIBLE TRANSCRIPT**<br><br>Hearing Date: November 25, 2024<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom of the Hon.<br>        Otis D. Wright |

      Plaintiff, United States of America, by and through its counsel of record, hereby files its opposition to the defendant's motion in limine to take judicial notice of the contents of an irrelevant, inadmissible transcript. ECF 148 ("Mot."). The transcript is a

hearing that does not involve the defendant, did not mention the defendant, involves only statements by non-witnesses, is hearsay, occurred in another District, and is wholly irrelevant and inadmissible in this matter.

This motion is based upon the attached memorandum of points and authorities, the indictment in this case, and any further evidence and argument as the Court may deem necessary.

Dated: November 15, 2024          Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/_____
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

United States Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

The defendant's frivolous motion should be denied because he asks the Court to take judicial notice of an out-of-district transcript that has no relevance in the defendant's trial and is inadmissible. Specifically, the defendant asks the Court to take judicial notice of a hearing transcript from the District of Delaware that does not involve the defendant, does not mention the defendant, and does not involve any witnesses in this case.

The defendant claims "the contents of the Delaware transcript are relevant to one of Mr. Smirnov's theories of defense." Mot. at 7. The only argument the defendant makes about the transcript's supposed relevance is his claim that it establishes that the defendant's prosecution "smacks of political bias and targets a United States Citizen who has the misfortune of 1) not having a familial relationship with the sitting President, and 2) being baselessly accused, after a decade of loyal service to the FBI, of being a 'Russian Spy.'" *Id.* But contrary to the defendant's representation, in the 110 pages of transcript attached to his motion, there is not a single reference to (1) the defendant or this prosecution, (2) "the sitting President," (3) any accusations against the defendant, (4) the defendant's "loyal service" to the FBI, or (5) that the defendant was a "Russian Spy." In other words, even before getting to the legal question of whether the Court should take judicial notice of the transcript, it should be noted that the transcript does not actually say what the defendant claims it does in his motion. Further, the "theor[y] of defense" that surfaces in the defendant's motion is an attempt by the defendant to inject politics into a prosecution that has been apolitical from the start. It has no place in a court of law and should be rejected.

The Federal Rules of Evidence provide that a court may take judicial notice of an "adjudicative fact." Fed. R. Evid. 201. An irrelevant fact is not an adjudicative fact for purposes of Federal Rule of Evidence 201. *Waterkeeper v. Clay*, 2023 WL 6787811, at *1 (C.D. Cal. 2023) ("Be that as it may, an irrelevant fact cannot be classified as an adjudicative fact."); *Biden v. Ziegler*, 2024 WL 4452484, at *5 (C.D. Cal. 2024) ("[e]ven if not subject to reasonable dispute, 'an irrelevant fact cannot be classified as an

adjudicative fact for purposes of Rule 201'"); *Wilburn v. Bratcher*, 2015 WL 9490242, at *15 (E.D. Cal. 2015) ("an irrelevant fact is one not of consequence in determining the action . . . and therefore cannot be classified as an adjudicative fact"). Evidence is relevant if "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Notwithstanding the fact that the transcript does not actually show political bias as the defendant claims, the defendant's argument that it "smacks of political bias" is inadmissible at trial because it is irrelevant. The Federal Rules of Criminal Procedure and the law in this circuit expressly provide that claims involving political motivations of prosecutors and conduct of investigators may not be presented to a jury because those issues are pretrial matters the Court must decide, not the jury. Fed. R. Crim. P. 12(b)(3) (motion alleging defect in instituting the prosecution must be raised to the court before trial); *United States v. Avery*, 2011 WL 13136810, at *2-3 (C.D. Cal. Dec. 15, 2011) (granting the government's motion in limine to exclude selective prosecution issue from the jury); *United States v. Yagman*, 2007 WL 9724391, at *4–5 (C.D. Cal. May 16, 2007) (precluding defendant from arguing prosecutorial vindictiveness to the jury); *United States v. Wylie*, 625 F.2d 1371, 1379 (9th Cir. 1980) (alleged "outrageous involvement by the government agents" is a question of law for the court and not a matter for the jury). This law has developed because such claims are not relevant to the jury's determination under Federal Rules of Evidence 401/402 as these issues do not have a tendency to make a fact of consequence more or less probable and, thus, are inconsequential in determining the action. In light of these well-established principles, the government filed a motion in limine to exclude alleged defects in the prosecution. ECF 153. If the Court grants this motion, it will also bar the defendant from making the argument he seeks about the transcript; therefore, there is no need for the Court to take judicial notice of it.

Additionally, even if its contents were somehow relevant, which they are not, the transcript contains inadmissible hearsay. The transcript includes the statements of a United States District Judge for the District of Delaware, one of the trial attorneys in that matter who is also a trial attorney in this case, a defense lawyer for Hunter Biden, and Hunter

Biden. These statements were all made during a hearing in which Hunter Biden ultimately chose to plead not guilty to federal crimes. None of the four individuals who made statements at the hearing are witnesses in this case. The motion offers no theory as to how statements by these four non-testifying individuals are not inadmissible hearsay. The transcript is indeed hearsay being offered by the defendant for the truth of the matter asserted and is also inadmissible under Federal Rules of Evidence 801/802.

Finally, evidence related to the hearing transcript should be excluded under Federal Rule of Evidence 403. Even if his claims had some scintilla of relevance and probative value, which they do not, and even if the defendant had a valid theory of admissibility, which he does not, the introduction of the transcript would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403; *see United States v. Re*, 401 F.3d 828, 833 (7th Cir. 2005) (Rule 403 barred admission of government's decision not to prosecute someone other than defendant because it would mislead and confuse the jury); *see also United States v. Goldfarb*, 2012 WL 1831508, at *2 (D. Ariz. May 18, 2012) (precluding the parties from using evidence of the government's charging decisions to establish, directly or indirectly, defendant's guilt or innocence). Because the defendant intends to use the transcript to falsely claim there was an "eventual, lenient resolution of the Biden cases," Mot. at 7, and that the prosecution is somehow biased, the government would need to introduce evidence to rebut these false claims, creating a mini-trial on issues wholly irrelevant to the jury's consideration of the charges in this case. This would waste the court's time, the jury's time, and mislead the jury.

For these reasons, the Court should deny the defendant's motion in limine seeking that the Court take judicial notice of an irrelevant, inadmissible transcript of a hearing in the District of Delaware involving non-witnesses.