DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6090
    E-mail:    LJW@usdoj.gov, DEH@usdoj.gov
    E-mail:    SFM@usdoj.gov; CMR@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEXANDER SMIRNOV,<br><br>    Defendant. | No. CR 2:24-cr-00091-ODW<br><br>**DISPUTED PROPOSED JURY INSTRUCTIONS**<br><br>Trial Date:   December 3, 2024<br>Trial Time:   9:00 a.m.<br>Location:     Courtroom of the<br>                  Hon. Otis Wright |

      The parties— the Plaintiff, United States of America, by and through its counsel of record, and Defendant Alexander Smirnov, by and through his counsel of record— pursuant to the Court's April 12, 2024 Order Continuing Trial (ECF 65), which

1

incorporates by reference the parties' joint stipulation (ECF 64) submit their Disputed Joint Jury Instructions for the trial of defendant Alexander Smirnov.

Unless otherwise noted, the parties have used the most recent version (as of December 2023) of the Model Criminal Jury Instructions found on the Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

Dated:   November 18, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

| /s/ | /s/ |
|---|---|
| LEO J. WISE | DAVID Z. CHESNOFF, ESQ. |
| Principal Senior Assistant Special Counsel | *Pro Hae Vice* |
| DEREK E. HINES | RICHARD A. SCHONFELD, ESQ. |
| Senior Assistant Special Counsel | CHESNOFF & SCHONFELD |
|  | 520 South Fourth Street |
| SEAN F. MULRYNE | Las Vegas, Nevada 89101 |
| CHRISTOPHER M. RIGALI | Telephone: (702) 384-5563 |
| Assistant Special Counsels | dzchesnoff@cslawoffice.net |
|  | rschonfeld@cslawoffice.net |
| Attorneys for Plaintiff | Counsel for Alexander Smirnov |
| UNITED STATES OF AMERICA |  |

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 30
## False Statement to Government Agency
## (18 U.S.C. § 1001)

The defendant is charged in Count One of the indictment with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement;

Second, the statement was made in a matter within the jurisdiction of the Federal Bureau of Investigation;

Third, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Fourth, the statement was material to the decisions or activities of the Federal Bureau of Investigation; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

The false statement need not have actually influenced the agency, and the agency need not have relied on the information in fact for it to be material.

Source: Ninth Circuit Model Criminal Jury Instructions, No 24.10 (2022 ed.) (rev'd. Mar. 2024) [False Statement to Government Agency (18 U.S.C. § 1001)] & Comment to No. 24.10 (2022 ed.).

## DEFENDANT'S OBJECTION TO GOVERNMENT'S PROPOSED INSTRUCTION NO. 30.

Defendant respectfully objects to the last sentence of the proposed instruction, as it is not included in the 9th Circuit pattern instruction; rather, it is only suggested for inclusion in the comment section.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 42**

**Judicial Notice**

I have decided to accept as proved the fact that [insert fact noticed, that is the contents of the transcript of the hearing in the District of Delaware in *United States v. Robert Hunter Biden,* CR No. 23-61-MN (D. Del. 2023) (July 26, 2023), even though no evidence was presented on this point [,] [because this fact is of such common knowledge]. You may accept this fact as true, but you are not required to do so.

Source: Ninth Circuit Model Criminal Jury Instructions, No 2.4 (2022 ed.)

# GOVERNMENT'S OBJECTION

# TO DEFEDANT'S PROPOSED INSTRUCTION NO. 42.

# Judicial Notice

The Government objects to the Defendant's Proposed Instruction No. 42 for the reasons contained in its Opposition to Defendant's Motion in Admit Notice of Contents of Hearing Transcript.  ECF 175.

# DEFENDANT'S PROPOSED INSTRUCTION NO. 43

## Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea

You have heard testimony from [name of witness], a witness who [received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]]; [received [benefits] [compensation] [favored treatment] from the government in connection with this case]; [[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime]; [pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [name of witness], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.9 (2022 ed.)

# GOVERNMENT'S OBJECTION

# TO DEFEDANT'S PROPOSED INSTRUCTION NO. 43.

**Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea**

The Government opposes the Defendant's Proposed Instruction No. 43 because there are no witnesses that have received immunity, received benefits, compensation, favored treatment from the government in connection with the case or admitted to being an accomplice to the crime charged.

# DEFENDANT'S PROPOSED INSTRUCTION NO. 44

## Opinion Evidence, Expert Witness

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness. Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.14 (2022 ed.)

# GOVERNMENT'S OPBJECTION TO

# DEFENDANT'S PROPOSED INSTRUCTION NO. 44

### Opinion Evidence, Expert Witness

The Government objects to the Defendant's Proposed Instruction No. 44 for the reasons contained in its First Motion in Limine to Exclude Proposed Defense Expert Gregory Scott Rogers.  ECF 150.