DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6090
    E-mail:   LJW@usdoj.gov, DEH@usdoj.gov
    E-mail:   SFM@usdoj.gov; christopher.rigali2@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEXANDER SMIRNOV,<br><br>    Defendant. | No. CR 2:24-cr-00091-ODW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND FOR ISSUANCE OF SUBPOENAS; MEMORANDUM IN SUPPORT; DECLARATION OF COUNSEL<br><br>Hearing Date:   November 25, 2024<br>Hearing Time:   TBD<br>Location:   Courtroom of the Hon.<br>    Otis D. Wright II |

    Plaintiff, the United States of America, by and through its counsel of record, hereby submits this Opposition to Defendant's Motion to Compel and for Issuance of Subpoenas (the "Motion to Compel"), filed on November 18, 2024. *See* ECF No. 183 (Defendant's

Notice of Manual Filing). The Motion to Compel contains classified information but, for the reasons explained below, the Government is responding in an unclassified filing.

The Motion to Compel, in which Defendant seeks to "compel attendance of . . . witnesses and issuance of . . . subpoenas," should be denied because it is premature. The Motion relates to requests sent by defense counsel to Government counsel in this case. Although counsel styled the requests as "*Touhy* demands," Defendant, as of this filing, has not served a proper demand sufficient to trigger the procedures under the Department of Justice's regulations governing requests for official information. *See* 28 C.F.R. §16.21 *et seq.* (*i.e.*, the Department's *Touhy* regulations). Moreover, as defense counsel acknowledges, an attorney with the Justice Department's Civil Division has already informed defense counsel that any response to those demands will depend, at least in part, on the Court's evidentiary rulings (and hearings on those evidentiary issues are scheduled for this Monday, November 25, 2024). *See* 28 C.F.R. § 16.26(a). Because the Justice Department has yet to render a decision on Defendant's request for official information, Defendant's motion is premature.

This Opposition is based upon the attached memorandum of points and authorities, the attached declaration of counsel, the filings and records in this case, and any further argument as the Court may deem necessary.

Dated: November 21, 2024                    Respectfully submitted,

                                            DAVID C. WEISS
                                            Special Counsel


                                            /s/

                                            LEO J. WISE
                                            Principal Senior Assistant Special Counsel

                                            DEREK E. HINES
                                            Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

United States Department of Justice

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND

On October 24, 2024, defense counsel emailed Government counsel a "*Touhy* demand" for FBI information (the "FBI *Touhy* Demand"). *See* Decl. of Christopher M. Rigali ("Rigali Decl."), ¶ 2. In addition to Defendant's FBI handling agent (the "FBI Handler"), the FBI *Touhy* Demand <u>seeks testimony from 31 other FBI agents or employees</u>. Demand, at 1–7. The FBI *Touhy* Demand contains a "discussion" section, which explains: "It is anticipated that these witnesses will, among other items of evidence value, provide testimony illustrating that . . . Mr. Smirnov performed numerous specific acts demonstrating honesty and trustworthiness during his many years of service to the United States." *Id.*, at 8. It continues, in part: "In this case, Rule 405(b) both compels the evidence detailing the numerous 'specific instances' of good 'conduct' that Mr. Smirnov rendered to the United States during his years of service. These acts are known only to the witnesses listed above." *Id.* Elsewhere in the FBI *Touhy* Demand, Defendant explains that he seeks witness testimony which he believes would demonstrate that the FBI Handler was deficient in his recordkeeping. *Id.*, at 2–3. Toward the end of the letter, defense counsel states the following: "[W]e respectfully request that you please confirm whether or not the FBI will object to the foregoing agents' testifying at trial. . . . Trial is set to begin December 3, 2024." *Id.*, at 10.

In his cover email, defense counsel noted that they had not served the FBI with the FBI *Touhy* Demand and asked whether Government counsel would serve the FBI on their behalf. Rigali Decl. ¶ 2. The following day, October 25, Government counsel responded that it was "in the process of determining whether we are able to accept service of the subpoenas . . . ." Rigali Decl. ¶ 3.

On November 1, the Government filed several motions *in limine*, which are set to be heard on November 25, 2024. ECF Nos. 150–54. Two of those motions are relevant here. First, the Government moved *in limine* to preclude Defendant from seeking to introduce at trial "specific instances of conduct" evidence. ECF No. 152. As that motion

explained, Rule 405(b) permits "specific instances of conduct" evidence only in cases where "a person's character or character trait is an essential element of a charge, claim, or defense," which is not the case here. *Id.* Second, the Government moved *in limine* to exclude "certain evidence pertaining to the conduct of the FBI Handling Agent who worked with the defendant . . . , including administrative reports that contain minor notes about the sufficiency of the Handling Agent's documentation." ECF No. 151, at 1. <u>In short, the Government in this case has moved to exclude, under various bases, the evidence that is the subject of the FBI *Touhy* Demand</u>. As noted just above, these motions are set for a hearing on November 25, 2024.

In light of the FBI *Touhy* Demand, Government counsel sought out and obtained a point of contact in the Federal Programs Branch of the Justice Department's Civil Division. Rigali Decl. ¶ 4. Federal Programs Branch attorneys typically handle *Touhy* requests served on the Justice Department and components thereof, including the FBI. *Id.* ¶ 4.[1]

On November 14, 2024, an attorney with the Justice Department's Civil Division emailed defense counsel explaining that counsel's letter was insufficient to trigger the Department of Justice's *Touhy* regulations, which govern requests for official information. Rigali Decl. ¶ 5. Notwithstanding that Defendant's request did not comply with that requirement, the Civil Division attorney further explained that because any response would depend, in part, on the Court's ruling on the currently pending motions *in limine*, Defendant's non-compliance with procedural requirements had not yet caused any delay. *Id.* After defense counsel inquired whether the Department would authorize the requested testimony if the motion to exclude were denied, Civil Division counsel further explained that she could not address what position the agency would take under those circumstances because Defendant's request was being evaluated. *Id.* ¶ 6.

---

[1] While Defendant asserts that an email from Civil Division counsel regarding this matter implies that the FBI has accepted service of the subpoenas, that assertion is without basis, especially because, as discussed below, the content of counsel's email indicated that proper service remained necessary.

Since that time, defense counsel and Civil Division counsel have continued to correspond concerning defense counsel's questions regarding effecting service on the FBI. Rigali Decl. ¶ 7.

## II. THE INSTANT MOTION

On November 19, 2024, the Government received, via the Classified Information Security Officer, the Motion to Compel, which is properly marked as classified. *See* ECF No. 183 (Defendant's Notice of Manual Filing referencing "CIPA documents"). In the Motion to Compel, Defendant asks the Court to hear and decide the Motion to Compel at hearings set to occur on November 25.

The Government does not oppose a hearing on the Motion to Compel on November 25 (although the Motion certainly can be decided on the papers). And while the Motion to Compel discusses certain properly classified information, the Government submits that the Court can and should hear any dispute over the FBI *Touhy* Demand on the public record, as that dispute does not implicate classified information.[2] Given that the FBI *Touhy* Demand dispute does not implicate classified information, the Government submits this response in opposition to the Motion to Compel on the public docket.

## III. ARGUMENT

The Justice Department has yet to take final action on the FBI *Touhy* Demand. Indeed, even after Defendant effects service of a proper demand on the FBI—a prerequisite for the Department's consideration of whether to authorize the requested testimony—the Justice Department is required to consider "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose." 28 C.F.R. § 16.26(a)(1). <u>The Justice Department cannot properly do that here when the evidence sought by Defendant is the subject of a pending motion before this Court</u>. Accordingly, Defendant's Motion to Compel is at best premature because the Justice Department has not rendered a decision on Defendant's unperfected *Touhy* request.

---

[2] The Government notes that it may be appropriate for the Court to hear part of the Motion to Compel in a sealed, *in camera* proceeding.

3

### A.     *Touhy* Regulations

The Justice Department "has promulgated regulations, authorized by 5 U.S.C. § 301, setting forth the procedures it follows in response to demands for production or disclosure of information for state and federal court proceedings from the Department of Justice and its employees." *Kwan Fai Mak v. F.B.I.*, 252 F.3d 1089, 1092 (9th Cir. 2001 (quotation omitted). Those regulations govern "the production or disclosure of any information acquired by any person while such person was an employee of the Department as a part of the performance of that person's official duties or because of that person's official status." 28 C.F.R. § 16.21(a). Those regulations also, *inter alia*, set forth the factors that Department should consider "[i]n deciding whether to make disclosures pursuant to a demand," 28 C.F.R. § 16.26, such as "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose," *id.* § 16.26(a). "Among the demands in response to which disclosure will not be made by any Department official are," *inter alia*, those demands with respect to which "[d]isclosure would reveal classified information, unless appropriately declassified by the originating agency" and those with respect to which "[d]isclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." *Id.* § 16.26(b).

Consideration by the Department under this regulatory framework depends on the Department's receipt of a proper demand. The Ninth Circuit has recognized that "the regulations are quite specific," defining a "demand" as a "subpoena, order, or other demand . . . of a court or other authority." *Kwan Fai Mak*, 252 F.3d at 1092 n. 4 (quoting 28 C.F.R. § 16.21(a)(2)); *see also* 28 C.F.R. § 16.23(c) (specifying requirements for a demand for oral testimony in a case in which the United States is a party).

4

### B. Premature Nature of the Motion to Compel

As a preliminary matter, as of this filing, Defendant has not served subpoenas demanding testimony on the appropriate personnel (the FBI), and therefore has not triggered the above-discussed regulatory framework for assessing whether to authorize disclosure. *See Kwan Fai Mak*, 252 F.3d at 1093 ("In the absence of an actual demand (in the form of, e.g., a state court subpoena) that the federal government disclose [the information sought], the necessary steps have not been taken under the *Touhy* regulations to require the Department of Justice to determine whether to release the information sought"). But, even if Defendant had done so, his motion to compel still would be premature.

In this case, Defendant seeks testimony from 32 FBI agents and employees. Defendant's FBI *Touhy* Demand makes it abundantly clear that he seeks this evidence (in the form of testimony) to (1) elicit "specific instances of conduct" to prove his alleged character for truthfulness or honesty; and (2) to impeach a Government witness—the FBI Handler—with evidence that the FBI Handler was allegedly deficient in his recordkeeping. Defendant concludes that that he "is entitled to have these [FBI] witnesses testify as the FBI was involved in the investigation of Mr. Smirnov, and their testimony will be exculpatory." Motion to Compel, at 5.

As previewed earlier, the Justice Department's *Touhy* regulations require consideration of whether "disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose." 28 C.F.R. § 16.26(a)(1). In this federal criminal case, the "rule of procedure governing the case" include, among other things, the Federal Rules of Evidence. As discussed, the Government has moved *in limine* to exclude (1) "specific instances of conduct" evidence aimed at proving Defendant's alleged character for truthfulness and honesty, *see* ECF No. 152; and (2) evidence of the "FBI Handling Agent's alleged mistakes," including purported deficiencies in recordkeeping, *see* ECF No. 151. The Court is set to hold a hearing on those matters on November 25,

5

2024. Until the Court issues a ruling on the admissibility of the information sought by Defendant in the FBI *Touhy* Demand, the Justice Department cannot appropriately analyze whether disclosure of internal FBI information is warranted. Because that is the case, which has been explained to defense counsel, there has been no final agency determination as to Defendant's request.

This Court should conclude, as other courts have, that a defendant's motion to compel is premature unless there is a final agency determination on the *Touhy* demand. The United States District Court for the Eastern District of New York set forth the appropriate analysis in a case where a litigant moved a federal government agency to comply with a subpoena:

> Based on the record before the Court, OSHA has not yet issued a final determination in response to Plaintiff's Subpoena. Rather, OSHA has repeatedly explained to Manzo that it is declining his request at this time, but that the request will be reconsidered once Plaintiff satisfies the DOL *Touhy* Regulations. . . . . OSHA's statements that it is "not refusing at this time to produce" and that it will "promptly consider" the discovery demand upon receipt of the relevant information signify that the agency has not yet finalized its decision-making process, undermining a finding of a final agency action. *See Franklin v. Massachusetts*, 505 U.S. 788, 797, 112 S. Ct. 2767, 2773 (1992) ("The core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties."). As such, **without a final agency action, Plaintiff's motion is premature**. *See Meisel [v. FBI]*, 204 F. Supp. 2d [684] at 685–90 (explaining that even where the moving party has complied with the applicable *Touhy* regulations, the motion to compel will be denied where the opposing agency's conduct is not final).

> **Without a final determination by the agency, there is nothing here for the Court to review**. **Accordingly, Plaintiff's Motion to Compel is again denied** . . . .

*Manzo v. Stanley Black & Decker, Inc.*, No. 13-CV-3963, 2017 WL 1194651, at *9 (E.D.N.Y. 2017) (emphasis added).

Similarly, in *In re Countrywide Financial Corporation Securities Litigation*, another Judge of this Court denied a motion to compel two federal agencies to produce documents because the requestors had failed to exhaust their administrative remedies. No. 07-CV-5295, 2009 WL 5125089, at *2 (C.D. Cal. Dec. 28, 2009). Reasoning that "[p]laintiffs must first exhaust all administrative procedures" and request the documents from the agencies "pursuant to federal regulations," the Court held: "*If* the [agencies] do not authorize disclosure of the information that is relevant to this litigation, *then* the parties can seek the appropriate relief from this Court." *Id.* at *2 (emphases added). Here, while Defendant has indicated an intention to perfect his demand, he neither has done so nor received the Department's determination.

**IV.   CONCLUSION**

For the reasons set forth above, the Court should deny Defendant's Motion to Compel.

7