DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6090
    E-mail:    LJW@usdoj.gov, DEH@usdoj.gov
    E-mail:    SFM@usdoj.gov; christopher.rigali2@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:24-cr-00091-ODW |
|---|---|
| Plaintiff, | **DECLARATION OF CHRISTOPHER M. RIGALI IN SUPPORT OF GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL AND FOR ISSUANCE OF SUBPOENAS** |
| v. | |
| ALEXANDER SMIRNOV, | |
| Defendant. | |

1

# DECLARATION OF CHRISTOPHER M. RIGALI

I, Christopher M. Rigali, declare as follows:

1. I am an attorney of record for the United States in the above-captioned case. I have personal knowledge of the matters contained in this declaration and, if called as a witness to testify, I would competently testify to them. This declaration is offered in support of the Government's Opposition to Defendant Alexander Smirnov's Motion to Compel and for Issuance of Subpoenas.

2. On October 24, 2024, my office received an email from counsel for the defendant which contained a PDF attachment. The PDF attachment, also dated October 24, 2024, was a letter with the subject line, "*Touhy* Request in *United States v. Smirnov*, 2:24-cr-00091-ODW." Among other things, the letter states: "Please consider this letter (with attachments) as our formal *Touhy* demand pursuant to 28 C.F.R. § 16.21-29 *et seq.* and 5 U.S.C. § 301 for the witnesses listed below." The letter request names 32 FBI agents or employees and seeks their testimony at the upcoming trial in this matter. Although the PDF letter request was "cc'd" to the FBI General Counsel and Head of Office of General Counsel in Washington, D.C., defense counsel's email made clear that the request had not been served on the FBI. Defense counsel wrote: "We have not emailed [FBI General Counsel] a copy yet as we wanted to determine if you would serve the FBI, and if not, confirm that you do not deem it to be a breach of the Protective Order for us to serve [FBI General Counsel]."

3. On October 25, 2024, my office sent a letter, via email, to defense counsel. In our letter, we wrote: "You asked for our position on whether prosecutors can accept service of subpoenas attached to your '*Touhy* Request' letter. . . . We are in the process of determining whether we are able to accept service of the subpoenas and will provide you an answer as soon as we are in a position to do so."

4. Subsequent to receipt of the October 24, 2024 letter request, my office contacted the Justice Department's Civil Division, which typically handles *Touhy* requests

2

served on the Justice Department and components thereof. An attorney from the Civil Division (the "DOJ Civil Attorney") was assigned to engage defense counsel on their "*Touhy* Request."

5. On November 14, 2024, the DOJ Civil Attorney contacted defense counsel via email. The DOJ Civil Attorney advised defense counsel that "under DOJ regulations, we do need to have FBI properly served with any subpoenas on which you intend to proceed; the Touhy process cannot go forward solely on the basis of a letter request." She further explained that the need to effect service should not introduce any delay into the response as the government's response to the request for official information would depend, in part, on the Court's evidentiary rulings.

6. In response to a question posed by defense counsel in a subsequent email, the DOJ Civil Attorney informed defense counsel that "[t]he request for testimony is being evaluated," and that she was "not, at the time, able to address what position the agency would take if the Court were to permit" the requested evidence at trial.

7. The DOJ Civil Attorney and defense counsel have exchanged additional communications about service of the subpoenas on the FBI.

8. As of this filing, the undersigned does not believe the subpoenas have been properly served on the FBI.

Executed on this 21st day of November, 2024 in Washington, D.C.

*Christopher M. Rigali*
Christopher M. Rigali